IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC ) ) ) Plaintiff, ) ) vs. ) ) FOREST RIVER, INC. ) ) Defendant. ) | Case No. 3:08-cv-490 RLM CAN |

**MEMORANDUM IN SUPPORT OF HEARTLAND
RECREATIONAL VEHICLES, LLC'S MOTION TO
DISMISS FOREST RIVER, INC.'S LANHAM ACT COUNTERCLAIM**

This is a patent infringement action in which plaintiff Heartland Recreational Vehicles, LLC ("Heartland") is the patent owner and defendant Forest River, Inc. ("Forest River") is the accused infringer. Heartland filed a Complaint for patent infringement in the Northern District of Indiana, South Bend Division, on October 24, 2008. Heartland alleges that Forest River is infringing Heartland's United States Patent No. 7,278,650 (the "650 patent").[1]

In response to Heartland's infringement allegations, Forest River filed its Answer, Defenses, and Counterclaims on November 17, 2008. Forest River asserts, among other defenses and counterclaims, that Heartland violated Section 1125(a)(1)(A) of the Lanham Act by

---

[1] Heartland is currently analyzing certain prior art documents that Counsel for Forest River provided to Counsel for Heartland after the filing of the Complaint, notwithstanding the fact that Heartland requested that Forest River provide the prior art documents before the lawsuit and Forest River refused to do so. Heartland is currently analyzing whether this prior art invalidates some or all of the asserted claims. If in fact Heartland determines that the asserted claims are invalid, Heartland is prepared to dismiss all of its claims against Forest River. If Heartland dismisses these claims, the only claim that will remain is Forest River's Lanham Act counterclaim against Heartland. However, for all of the reasons stated herein, Forest River's Lanham Act counterclaim fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and should therefore be dismissed as a matter of law.

participating in commercial activity that is wholly unrelated to the '650 patent at issue in this lawsuit. (Answer, Defenses, and Counterclaims, ¶¶ 60 - 71.)

Heartland requests that this court dismiss Forest River's Lanham Act Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted. Despite the fact that Forest River's allegations in support of its Lanham Act claim span 11 paragraphs and five pages, it fails to allege a *prima facie* case of a Lanham Act violation. Specifically, Forest River never alleges that Heartland made any false or misleading statements in connection with Heartland's products or Forest River's products, a clear requirement under 15 U.S.C. § 1125(a)(1)(A). Therefore, Forest River's Lanham Act counterclaim should be dismissed as a matter of law.

I.  **FOREST RIVER'S LANHAM ACT COUNTERCLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

  A.  **Rule 12(b)(6) Standard.**

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if a claim for relief does not state a cause of action upon which relief can be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). The court should confine its inquiry to the pleadings, and a claim for relief "may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). When considering a motion to dismiss, the Court must assume that all factual allegations in the pleadings are true, and must construe the pleadings and all reasonable inferences which derive therefrom in favor of the nonmoving party. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991). However, the court is not required to accept legal conclusions either alleged or inferred from

pleaded facts. *Nelson v. Monroe Regional Medical Ctr.*, 925 F.2d 1555, 1559 (7th Cir.), *cert. denied*, 502 U.S. 903 (1991).

### B. The Alleged Misrepresentations Do Not Violate The Lanham Act.

The Lanham Act prohibits any person from using a false description or representation in advertising. *BASF Corp. v. Old World Training Co., Inc.*, 41 F.3d 1081, 1088 (7th Cir. 1994); *Derby Indus., Inc. v. Chestnut Ridge Foam, Inc.*, 202 F.Supp.2d 818, 821 (N.D. Ind. 2002). Forest River alleges that Heartland violated Section 1125(a)(1)(A) of the Lanham Act. That section states as follows:

> Any person who, **on or in connection with any goods or services**, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which - (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person...shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

(emphasis added).

The following five elements must be established by the plaintiff in order to make out a claim for false or deceptive advertising on the part of the defendant: (1) a false statement of fact by the defendant **in a commercial advertisement about its own or another's product**; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill

3

associated with its products. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999); *Derby Indus., Inc.*, 202 F.Supp.2d at 821.

The bottom line is that the Lanham Act does not prohibit false statements generally. *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2nd Cir. 1995). Rather, the Lanham Act "prohibits only false or misleading descriptions or...representations of fact made about one's own or another's goods or services." *Groden*, 61 F.3d at 1052. Accordingly, Forest River can only state a claim under Section 1125(a)(1)(A) if it alleges that Heartland made material misrepresentations about either its own or Forest River's products.

**Significantly, Forest River does not allege that any the information in the material that was delivered to the recipients contained any false or misleading statements regarding either Heartland's products or Forest River's products.** Rather, Forest River alleges that Heartland made false or misleading statements to hotel staff in an effort to ensure that its advertising material was actually delivered to the intended recipients. (Answer, Defenses, And Counterclaims, ¶¶ 63, 67.) Even if we accept these allegations as true, Forest River does not, and cannot, allege that Heartland made any misrepresentation about either its own products or about Forest River's products. Therefore, its Lanham Act claim should be dismissed as a matter of law.[2]

*Truck Components, Inc. v. K-H Corporation*, 776 F.Supp. 405 (N.D. Ill. 1991) is instructive. In that case, the plaintiff was a seller of brake parts and other wheel components for heavy duty trucks and trailers. *Id.* at 406. Prior to the lawsuit, the plaintiff had been a subsidiary of the defendant. *Id.* The lawsuit arose from the defendant's continued sale of brake parts and wheel components after the plaintiff and the defendant ended their relationship. *Id.* The plaintiff

---

[2] Forest River's Lanham Act counterclaim fails for the additional reason that it lacks any allegation that Heartland made any false or misleading statement to the recipient of the advertising material. Rather, Forest River clearly limits its allegations to false statements made to the hotel staff. (Answer, Defenses, And Counterclaims, § 63.)

alleged that such sales were prohibited by a covenant not to compete. *Id.* The plaintiff brought a Lanham Act claim against the defendant, alleging that the defendant's advertising was false because the covenant not to compete made sales by the defendant unlawful. *Id.* In dismissing the plaintiff's Lanham Act claim, the Court noted that the plaintiff alleged no misrepresentations in defendant's advertising as to the "nature, characteristics, or geographic origin" of either the plaintiff's or the defendant's goods, which is a predicate to liability under the Lanham Act. *Id.* at 410-411. The Court went on to state:

> [t]he complaint does not suggest that the representations in the press releases concerning the production of the heavy truck components are false. Moreover, the plaintiff has not suggested that the quality of the goods has been misrepresented in any way...The Lanham Act is limited to misrepresentations about a product or service.

*Id.*

Just as the *Truck Components* Court found that the plaintiff failed to state a claim for relief under the Lanham Act, this Court should find that Forest River has similarly failed to state a claim for relief.[3] Forest River never alleges that Heartland made any false statement or misrepresentation regarding either its own products or Forest River's products. Nor does Forest River allege that Heartland made any false statement or misrepresentation as to the "nature,

---

[3] The *Truck Components* Court is in good company, as courts consistently refuse to find a Lanham Act violation where the allegedly false statements say nothing about the product itself. *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2nd Cir. 1995) (dismissing Lanham Act claim because advertising statements said nothing false or misleading about plaintiff's or defendant's respective books); *Abernathy & Closther, Ltd. v. E & M Adver., Inc.*, 553 F.Supp. 834, 837-38 (E.D.N.Y. 1982) (denying preliminary injunction because statements that defendant's offer was an "exclusive T.V. offer" and made "for the first time on T.V.," although patently false, were not related to the "inherent quality" of defendant's jewelry); *Monoflo Int'l, Inc. v. Sahm*, 726 F.Supp. 121 (E.D. Va. 1989) (court ruled that the fact that defendant's conduct in misrepresenting itself as an exclusive distributor was not covered by the Lanham Act because the misrepresentation was not made in connection with goods or services); *H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc.*, 879 F.2d 1005, 1022-23 (2d Cir. 1989) (court held that an ex-distributor who made unauthorized sales of a manufacturer's product did not violate the Act where there was no misrepresentation about the product itself and where there was no likelihood that the ex-distributor's customers were deceived about the lack of services provided with the product).

5

characteristics, or geographic origin" of either its or Forest River's goods. Rather, Forest River merely alleges that the contents of the envelopes delivered to the hotel staff were falsely described and represented to the hotel attendants as "important" and "needed for a Forest River dealer meeting the next day." (Answer, Defenses, And Counterclaims, ¶ 63.) These statements, even if taken as true, do not have any connection to either Heartland's or Forest River's products. Moreover, no where in Forest River's description of the content of the material in the envelopes is there any allegation of anything untrue about Heartland's or Forest River's products, or about anything else for that matter.[4] Accordingly, Forest River's Lanham Act claim should be dismissed under F.R.C.P. 12(b)(6) for failure to state a claim for which relief can be granted.

BAKER & DANIELS LLP

By: */s/ David P. Irmscher*
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana 46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

---

[4] Just as the Plaintiff's Lanham Act claim in *Truck Components*, Forest River's Lanham Act claim is untenable and is likely nothing more than a thinly veiled attempt to get a claim that should be brought, if at all, in State Court rather than in Federal Court.

BDDB01 5485987v1

## CERTIFICATE OF SERVICE

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing MEMORANDUM IN SUPPORT OF HEARTLAND RECREATIONAL VEHICLES, LLC'S MOTION TO DISMISS FOREST RIVER'S LANHAM ACT COUNTERCLAIM were served upon the following, this 12th day of December, 2008, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana 46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.

                                      BAKER & DANIELS

                                      */s/ David P. Irmscher*
                                      David P. Irmscher