UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC | Case No. 3:08-cv-490 RLM CAN |
| Plaintiff, | |
| vs. | |
| FOREST RIVER, INC. | |
| Defendant. | |

**REPORT OF PARTIES' PLANNING MEETING**

    1.    In accordance with Fed. R. Civ. P. 26(f), a telephone conference was held on November 25, 2008, and December 10, 2008, and was attended by:

    David P. Irmscher and Abigail M. Butler (11/25/08 conference only) for Plaintiff, Heartland Recreational Vehicles, LLC ("Heartland"); and

    Ryan M. Fountain for Defendant Forest River, Inc. ("Forest River").

    2.    <u>Pre-Discovery Disclosures</u>.  The parties will exchange by January 23, 2009, the information required by Fed. R. Civ. P. 26(a)(1).

    3.    <u>Discovery Plan</u>.  The parties agree that discovery will be needed on the following subjects:

    This is a patent infringement case.  Plaintiff alleges that Defendant infringes, either literally, directly, contributorily, under the doctrine of equivalents, or otherwise, some or all of the claims of U.S. Patent No. 7,278,650 ("Patent at Issue"), by its manufacture, use, sale, or offer for sale of the subject travel trailers.

    Defendant denies that its manufacture, use, sale, or offer for sale of the subject travel trailers infringe any of the claims of the Patent at Issue.  Defendant also alleges that some or all of the claims of the Patent at Issue are invalid and/or unenforceable as a result of prior art and/or conduct by Plaintiff in connection with proceedings before the United States Patent and Trademark Office.  Defendant has also filed a counterclaim under the Lanham Act in connection with a recent private trade show allegedly involving the products accused of patent infringement.

In view of the foregoing, discovery on the issues of alleged infringement, alleged invalidity, alleged unenforceability, the alleged Lanham act violation, and the appropriate measure of damages resulting from any liability will be necessary.

At this time, the parties do not believe bifurcation of any issues is appropriate in this case or that discovery should be conducted in phases.

Disclosure or discovery of electronically stored information should be handled as follows:

The parties have discussed the preservation and disclosure of electronically stored discovery information, and have not reached an agreement as to how the discovery of such information should be handled.

Plaintiff states that it has a litigation hold in place and that the costs of the production of electronically stored documents will be addressed on a case-by-case basis and as the need arises. Plaintiff agrees to search its electronic document management system for information responsive to Defendant's discovery requests, if responsive documents are not available in hard copy. Plaintiff will agree to produce discovery in hard-copy form whenever it is not cost-prohibitive to do so. Defendant has circulated a "Supplemental Scheduling Order" which sets forth a system for searching electronic data and which requires the use of a third party to perform the search and locate responsive information and documents. Defendant contends this third party format is appropriate to preserve the integrity and accuracy of information forensically obtained. Plaintiff disagrees that a third party is necessary or required in this context.

Defendant has served its First Requests for Production to Heartland and has specified therein which information is to be produced in which format. For example, where electronically stored information has certain functionality in sorting and analysis which is lost by paper copies, Forest River has requested that the functionality be preserved and the information be provided electronically, as is permitted under the Federal Rules of Civil Procedure, so that Defendant can review the information with the same functional capabilities as Plaintiff.

The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

The Parties are currently negotiating a proposed protective order to govern the disclosure of confidential documents. The parties anticipate submitting an agreed-upon protective order to the Court. The Parties further agree that inadvertently disclosed privileged and/or trial preparation materials will be handled pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.

The last date for the completion of all discovery is October 30, 2009.

Maximum of thirty-five (35) interrogatories by each party to any other party.

The presumptive number of admissions set forth in the local rules is acceptable to the parties.

The Parties disagree upon the maximum number of depositions to be allowed. Plaintiff requests that the limit be ten (10).

Defendant requests that it be allowed to conduct the following depositions:

1. Each of the five named inventors on the patent;
2. A 30(b)(6) witness of Heartland on all issues in litigation;
3. Heartland's financial expert and engineering expert witnesses (and any other expert witness offered by Heartland);
4. Each of the seven hotel clerks who witnessed the false statements by Heartland(assuming that Heartland does not admit to the false statements and the effect thereof);
5. Four dealers who received the hotel envelopes as a result of false statements by Heartland;
6. The Heartland employees who delivered the hotel envelopes (at least two are known to exist);
7. Four prior art 30(b)(6) witnesses of the companies who created the prior art cited against Heartland by Forest River;
8. A 30(b)(6) Lippert witness;
9. Anyone identified as a potential witness by Heartland who is not a Forest River employee and not otherwise deposed by Forest River; and
10. If it is permitted by the USPTO, the Patent Examiner (primarily on the issues/circumstances of fraud by Heartland in its negotiations with the Patent Examiner).

The filing of reports from retained experts under Rule 26(a)(2) due:

Reports on issues on which each party bears the burden of proof are due by August 3, 2009. All rebuttal reports are due by September 21, 2009. The parties also anticipate the necessity of Markman proceedings. The parties propose that Plaintiff's brief on construction issues be due by April 17, 2009, and Defendant's Reply be due by May 18, 2009. The parties further anticipate that the issues would be ready for hearing in June or July, 2009.

The parties have discussed whether drafts of expert reports should be discoverable. The Plaintiff's position is that the discovery of drafts of expert reports will result in inconvenience to both parties, and therefore believes that such drafts should not be discoverable.

Defendant believes no special exclusion of this evidence is needed. If an expert prepares a report and then later changes his report in some significant way, that change can lead to the discovery of admissible evidence and bring to light certain weaknesses in the expert's analysis. The burden of producing any additional, revised reports is de minimus.

Any motions in limine based upon evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated

testimony, excepting those raised at trial based upon cross examination testimony, shall be filed by December 21, 2009.

Supplementations under Rule 26(e) due within thirty (30) days of receipt of information sufficient to require such supplementation.

Plaintiff seeks an agreement that any attorney-client communications which occur after the date of filing of Plaintiff's complaint are not required to be set forth in a privilege log. Defendant sees no need for exclusion of such evidence from the record, and indeed, sees the need for strict compliance with Rule 26(b)(5) especially based upon an expected "advice of counsel" defense being raised by Plaintiff in response to the charges of misconduct by Plaintiff. While proper attorney-client communications may not be discoverable, facts and evidence given to counsel during those communications are. A privilege log can help separate which communications are privileged and which information is to be disclosed.

4. Other Items.

The last date for Plaintiff to seek leave of court to join additional parties and to amend the pleadings is March 13, 2009.

The last date for Defendant to seek leave of court to join additional parties and to amend the pleadings is April 10, 2009.

The last date for the filing of all potentially dispositive motions is December 21, 2009.

The timing of filing pretrial disclosures under Fed. R. Civ. P. 26(a)(3) shall be governed by separate order.

In the event that the parties are not able to resolve this case without the involvement of a third party, then the parties agree that mediation is appropriate. The parties will work together to identify a mediator should it become necessary. Thirty (30) days before the final pretrial conference counsel will provide a written status report to the ADR administrator regarding the status of mediation. The parties have discussed the possibility of mediation, and Plaintiff has recommended that Mr. Tom Lemon be appointed as the mediator in this case. Defendant has recommended that Mr. Lewis C. Laderer, Jr., be appointed as the mediator in this case.

The case should be ready for jury trial by April 11, 2010.

The Plaintiff believes that the trial can be expected to take approximately five to seven (5-7) days.

The Defendant believes that the trial can be expected to take approximately seven to nine (7 to 9) days if both patent and Lanham Act claims are involved.

Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. Counsel know that this includes an

evidence presentation system, which consists of a document camera, digital projector, and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

DATED: December 29, 2008

COUNSEL FOR PLAINTIFF
COUNSEL FOR DEFENDANT

*/s/ Ryan M. Fountain*
Ryan M. Fountain (#8544-71)
420 Lincoln Way West
Mishawaka, Indiana 46544
Tel: 574.258.9296
Fax: 574.256.5137
RyanFountain@aol.com

*/s/ David P. Irmscher*
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana 46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

-5-

BDDB01 5518746v1