IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC ) ) ) Plaintiff, ) ) vs. ) ) FOREST RIVER, INC. ) ) Defendant. ) | ) ) ) ) ) Case No. 3:08-CV-490 AS CAN ) ) ) ) ) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
HEARTLAND RECREATIONAL VEHICLES, LLC'S MOTION TO
<u>DISMISS FOREST RIVER, INC.'S LANHAM ACT COUNTERCLAIM</u>**

Regardless of whether Forest River, Inc. ("Forest River") intends to plead a "false advertising" violation or a "passing off" violation under the Lanham Act, the counterclaim fails to state a claim for which relief can be granted and should therefore be dismissed as a matter of law.

<u>**ARGUMENT**</u>

**I.    FOREST RIVER'S LANHAM ACT COUNTERCLAIM SHOULD BE DISMISSED
BECAUSE THE ALLEGED MISREPRESENTATION DOES NOT GIVE RISE
TO ANY VIOLATION OF THE LANHAM ACT**

In its Opposition to Heartland Recreational Vehicles, LLC's ("Heartland") Motion to Dismiss, Forest River states that Heartland is "confused" and that contrary to Heartland's assertion that Forest River is pleading a "false advertising" violation, that it is actually pleading a "passing off" violation. After thoroughly reviewing the Complaint again, against this context, Heartland persists in its position that Forest River at least initially intended to plead a "false advertising" violation, and that only after seeing Heartland's arguments as to why no claim was

stated did it change its position and assert that it was actually pleading a "passing off" violation. Moreover, the fact that any confusion exists at this point is just further evidence that no claim has been properly plead. Nonetheless, even if we assume that the counterclaim attempts to state a claim for a "passing off" violation of the Lanham Act, it still fails under Federal Rule of Civil Procedure 12(b)(6).[1]

### A. Any Alleged Misrepresentations Were Not In Connection With Any Goods

Section 1125(a)(1) of the Lanham Act, regardless of whether the claim is one for "passing off" under subsection (A) or "false advertising" under subsection (B), requires that the alleged misrepresentation be made **in connection with goods or services.** The goods in this case are travel trailers - either Heartland's or Forest River's. Forest River attempts to skate around this requirement by alleging that either the envelopes or the advertising material are "the goods." As a threshold matter, interpreting the word "goods" as the envelopes or advertising material perverts the purpose of the statute, which is "to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers. *Dorr-Oliver, Inc. v. Fluid-Quip*, 94 F.3d 376, 379 (7th Cir. 1996) (*quoting Park 'N Fly, Inc. v. Dollar Park & Fly*, 469 U.S. 189, 198 (1995)). Assuming, as we must for the purposes of this motion, that Heartland did misrepresent to someone who the envelopes were from, Forest River never alleges that the misrepresentation caused Forest River's marks or goodwill to be impaired or that it harmed the ability of the dealers (to whom the envelopes were distributed) to distinguish among Heartland and Forest River. The important point, and the one

---

[1] In response to Forest River's statements regarding the disposition of this case in the event that Heartland voluntarily dismisses this case, Heartland, by and through its counsel, continues to analyze the alleged prior art that counsel for Forest River refused to provide to it until after it filed this case. Once the alleged prior art has been thoroughly analyzed, Heartland will determine whether or not it wishes to proceed with its patent infringement allegations.

that prevents Forest River from stating a claim under either 1125(a)(A) **or** (B) is that it **never alleges that there were any false or misleading statements in the advertising material or on the envelopes.**[2]

The goods in this case are travel trailers. Forest River has not, and cannot, allege that Heartland made any false or misleading statements in connection with travel trailers. Forest River's position that a misrepresentation as to the source of the envelope, made not to the potential customer, but to hotel staff, meets the "in connection with goods" requirement is wholly without merit.

### B. Any Misrepresentation As To The Source of the Envelopes Did Not Cause Confusion, Mistake, or Deception That is Actionable Under the Lanham Act

Forest River does not allege that any dealers purchased travel trailers from Heartland because they were confused as to the source of either the envelopes containing the advertising material or the source of the travel trailers themselves. Rather, Forest River alleges that the misrepresentation caused "initial interest confusion." The case it cites for this proposition is inapposite. *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 94 F.3d 376, 382 (7th Cir. 1996) involved similar goods ("claimshell" cornstarch washers) where the issue was whether consumers were likely to be confused as to the origin of the goods. That case is distinguishable from the instant case because Forest River never alleges that Heartland attempted to pass off its travel trailers as Forest River's travel trailers.

The instant case is also distinguishable from the factual scenario discussed in *Pure Imagination, Inc. v. Pure Imagination Studios, Inc.*, 2004 WL 2967446 (N.D. Ill. 2004). In the

---

[2] As set forth in Heartland's opening memorandum, Forest River's Lanham Act counterclaim fails for the additional reason that it lacks any allegation that Heartland made any false or misleading statement to the recipient of the advertising material. Rather, Forest River clearly limits its allegations to false statements made to the hotel staff. (Answer, Defenses, And Counterclaims, § 63.)

3

discussion that Forest River quotes from that case, the Court states that if McDonald's put up a sign at Exit 7 saying "Burger King- Exit 7," but in reality Burger King was located at Exit 8, that could cause the type of initial interest confusion forbidden by the Lanham Act. (Forest River's Opposition, p. 4.) In the Burger King/McDonald's example, McDonald's uses a misrepresentation or false statement in connection with goods - just the type of situation the Lanham Act is meant to address. In the instant case, Forest River does not allege that Heartland made a misrepresentation or false statement in connection with travel trailers - either its own travel trailers or Forest River's travel trailers.

## CONCLUSION

Forest River never alleges that Heartland made any false statement or misrepresentation regarding either its own products or Forest River's products. Nor does Forest River allege that Heartland made any false statement or misrepresentation as to the "nature, characteristics, or geographic origin" of either its or Forest River's goods. Rather, Forest River merely alleges that the contents of the envelopes delivered to the hotel staff were falsely described and represented to the hotel attendants as "important" and "needed for a Forest River dealer meeting the next day." (Answer, Defenses, And Counterclaims, ¶ 63.) These statements, even if taken as true, do not have any connection to either Heartland's or Forest River's products. Moreover, no where in Forest River's description of the content of the material in the envelopes is there any allegation of anything untrue about Heartland's or Forest River's products, or about anything else for that matter. Accordingly, Forest River's Lanham Act claim should be dismissed under F.R.C.P. 12(b)(6) for failure to state a claim for which relief can be granted.

4

BAKER & DANIELS LLP


By: */s/ David P. Irmscher*
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana 46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

# CERTIFICATE OF SERVICE

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF HEARTLAND RECREATIONAL VEHICLES, LLC'S MOTION TO DISMISS FOREST RIVER'S LANHAM ACT COUNTERCLAIM were served upon the following, this 9th day of January, 2009, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana 46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.

 

BAKER & DANIELS

*/s/ David P. Irmscher*
David P. Irmscher