IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 3:08-CV-490 AS CAN |
| FOREST RIVER, INC. ) ) | |
| Defendant. ) | |

**HEARTLAND RECREATIONAL VEHICLES, LLC'S
OPPOSITION TO FOREST RIVER, INC.'S MOTION TO
<u>AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS</u>**

Defendant Heartland Recreational Vehicles, LLC ("Heartland") opposes Forest River, Inc.'s ("Forest River") Motion to Amend its Answer, Defenses, and Counterclaims because, for the same reasons set forth in Heartland's Motion to Dismiss the initial Answer, Defenses, and Counterclaims, such an amendment would be futile. Accordingly, and for the reasons that follow, Heartland respectfully requests that the Court deny Forest River's motion to amend its Answer, Defenses, and Counterclaims, and grant its pending Motion to Dismiss Forest River's Lanham Act Counterclaim.

# ARGUMENT

## I. FOREST RIVER'S PROPOSED AMENDMENT TO ITS LANHAM ACT COUNTERCLAIM IS FUTILE BECAUSE, EVEN IF ALLOWED, IT STILL DOES NOT STATE A CLAIM FOR A VIOLATION OF THE LANHAM ACT

Forest River's Motion to Amend its Answer, Defenses, and Counterclaims is futile because even if all of the allegations in it are considered, it does not cure the deficiencies present in the initial Lanham Act counterclaim against Heartland, and it therefore fails as a matter of law.

Out of the thirteen paragraphs (¶¶ 72 - 84) of the proposed Amended Answer, Defenses, and Counterclaims that relate to Forest River's Lanham Act Counterclaim, Heartland can find only one instance where a material change has been proposed to the allegations against Heartland. Namely, proposed paragraph 79 contains the new statement that "[T]he hotel action of Heartland resulted in some lost sales by Forest River."[1] While that may be relevant to the proposed new counterclaim for Criminal Deception (discussed in II., below), it does nothing to cure the primary deficiency in its Lanham Act Counterclaim.

The issue is simple and straightforward - **Forest River has not ever, in either its initial Answer, Defenses, and Counterclaims, or in its proposed Answer, Defenses, and Counterclaims, alleged that Heartland made any misrepresentation or false statement about any goods.** Accordingly, the proposed Answer, Defenses, and Counterclaims, even if allowed, would be futile because it still does not state a claim for relief under the Lanham Act. Therefore, Forest River's Motion to Amend should be denied.

---

[1] Aside from the proposed change to paragraph 79, the only other proposed change to the allegations pertaining to the alleged Lanham Act violation is found in paragraph 82. That paragraph includes some new language regarding Catterton Partners, but does not appear to be relevant in any way to the issue of whether a claim under the Lanham Act claim has been properly plead.

## II. FOREST RIVER'S PROPOSED CRIMINAL DECEPTION COUNTERCLAIM SHOULD NOT BE ALLOWED BECAUSE IT TOO FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

In Forest River's Proposed Amended Answer, Defenses, and Counterclaims, it seeks to add a counterclaim for Criminal Deception under I.C. § 35-43-5-3 (6). Under the statute, Forest River must plead that Heartland, **with the intent to defraud**, misrepresented the identity of a person or the identity or quality of property. I.C. § 35-43-5-3 (6) (emphasis added).

As a threshold matter, neither Forest River's initial Answer, Defenses, and Counterclaims, nor its proposed Amended Answer, Defenses, and Counterclaims, states a claim for fraud, let alone criminal fraud. No claim for any kind of fraud can lie unless it is based on an alleged misrepresentation. *See* I.C. § 35-43-5-3. Based upon the plain language of the statute, a civil claim for deception under subsection (6) must be based upon a false or misleading affirmative representation.

Heartland did not, and Forest River does not allege, that it made any misrepresentation about goods. The only misrepresentation that Forest River alleges is that Heartland employees told the hotel clerks that they were Forest River employees when they asked the hotel clerks to distribute envelopes containing information about Heartland to the hotel guests. (See ¶ 76, Proposed Amended Answer, Defenses, and Counterclaims). To suggest that such a misrepresentation, even if we assume it to be true, rises to the level of *criminal* fraud would result in a gross misuse of the statute. Forest River's counterclaim is nothing more than an attempt to (1) circumvent the fact that it cannot state a claim under the Lanham Act (its initial theory); and (2) obtain an award of treble damages, attorney's fees, and other costs under I.C. §

34-24-3-1.[2] The bottom line is that I.C. § 35-43-5-3 is a criminal statute, not a broad-based consumer sales statute. Therefore, under the facts of this case, no claim for Criminal Deception has been stated.

## CONCLUSION

Forest River never alleges that Heartland made any false statement or misrepresentation regarding either its own products or Forest River's products. Rather, Forest River merely alleges that the contents of the envelopes delivered to the hotel staff were falsely described and represented to the hotel attendants as "important" and "needed for a Forest River dealer meeting the next day." (¶ 63, Answer, Defenses, And Counterclaims.) These statements, even if taken as true, are not sufficient to state a claim for which relief can be granted, under either the Lanham act or the Criminal Deception statute. Accordingly, Forest River's Motion to Amend should be denied as futile, and Heartland's pending Motion to Dismiss should be granted.

BAKER & DANIELS LLP

By: */s/ David P. Irmscher*
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana 46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

---

[2] Indiana Code § 34-24-3-1 requires an allegation of pecuniary loss as a result of the criminal deception. This is the motivation for adding the allegation regarding lost sales to ¶ 79 of the Amended Answer, Defenses, and Counterclaims.

**CERTIFICATE OF SERVICE**

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing HEARTLAND RECREATIONAL VEHICLES, LLC'S OPPOSITION TO FOREST RIVER, INC.'S MOTION TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS were served upon the following, this 23rd day of January, 2009, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana  46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.

                          BAKER & DANIELS

                          */s/ David P. Irmscher*
                          David P. Irmscher