IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC ) ) ) Plaintiff, ) ) vs. ) ) FOREST RIVER, INC. ) ) Defendant. ) | Case No. 3:08-CV-490 AS CAN |

## HEARTLAND'S OPPOSITION TO FOREST RIVER'S MOTION TO COMPEL ENTRY ONTO LAND

For the reasons set forth both below, Heartland opposes Forest River's Motion to Compel Entry Onto Land.

### I.     APPLICABLE STANDARDS

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler,* 206 F.R.D. 615, 619 (S.D.Ind. 2002) (*quoting Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351(1978)).

However, discovery under Rule 26 is not an invitation to the proverbial fishing expedition. *McClain v. TP Orthodontics*, 2008 WL 2477578 at *2 (N.D. Ind. June, 16, 2008).

The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

This Court has broad discretion when deciding whether to compel discovery and it may deny discovery to protect a party from oppression or undue burden. Fed.R.Civ.P. 26(c); *Sattar v. Motorola, Inc.,* 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). "A district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile,* 95 F.3d at 496.

II.     ARGUMENT

As a threshold matter, Heartland objects to this request because it is simply premature. The Court has not even entered a case management plan yet. The parties prepared and submitted a Rule 26(f) Report of Parties' Planning Meeting on December 29, 2008, and appeared before Magistrate Judge Christopher A. Nuechterlein on January 7, 2009, for the Rule 16 Preliminary Pretrial Conference. However, by agreement, the parties continued the Rule 16 conference until February 12, 2008, and the parties were ordered that if modifications are needed to the Rule 26(f)

report, to submit a modified report to the Court prior to the conference. Therefore, aside from the deadline to submit a modified report, the Court has not entered any deadlines in this case.

Currently pending before the Court is Heartland's Motion to Dismiss Forest River's Lanham Act Counterclaim.[1] As Heartland stated in its Motion to Dismiss, its attorneys are currently analyzing alleged prior art documents produced by Mr. Fountain, counsel for Forest River, in an attempt to determine whether it should even proceed with its patent infringement claims.[2] However, not withstanding the foregoing, Forest River continues to barrage Heartland with discovery requests. For example, Forest River has requested the depositions of at least three of the inventors of the patent at issue, the USPTO examiner assigned to the '650 patent, and several hotel clerks to whom Forest River alleges Heartland employees misrepresented their place of employment (*see* ¶ 76 of Forest River's Amended Answer, Defenses, and Counterclaims). Additionally, Forest River has served several third party subpoenas and propounded numerous document requests upon Heartland. Despite the representations made by Forest River, the only discovery that Heartland has refused to provide is the subject request for entry on Heartland's facilities.[3]

Heartland has objected to and refused to allow Forest River to enter onto its land for the inspection requested in Forest River's motion, not only because it is premature, but also because

---

[1] On January 23, 2009, the Court granted Forest River's motion to amend its Answer, Defenses, and Counterclaims, and accepted the proposed Amended Answer, Defenses, and Counterclaims for filing. Heartland must answer or otherwise response to the Amended Answer by February 12, 2009, and at this time, Heartland anticipates moving to dismiss the Lanham Act Counterclaim in the Amended Answer, Defenses, and Counterclaims on the same grounds it moved to dismiss the initial Answer, Defenses, and Counterclaims.

[2] A significant portion of the alleged prior art that Heartland is currently analyzing was not provided to Heartland until after it filed its lawsuit against Forest River. Heartland requested that Forest River provide it with this alleged prior art before Heartland filed this lawsuit, but Forest River refused to do so.

[3] Heartland is currently working to schedule the depositions of the inventors of the '650 Patent, but the process has been difficult and time consuming, in large part because Forest River insists on scheduling all of the depositions close together and in a particular order.

BDDB01 5553746v1

it is not relevant to any issue in this case. Forest River states that it is relevant to claim interpretation and that it has requested the on-site inspection of Heartland's facilities because it needs to examine Heartland's "travel trailer frames."[4] (Forest River's Memo. in Support of Motion to Compel Entry Onto Land, pp. 1-2.) However, Forest River's Request is not so narrowly tailored, and in fact, does not specifically state that it seeks to examine "travel trailer frames." Rather, the request is as broad as it can be, stating simply that it requests an inspection of "[a]ll manufacturing facilities, equipment, property and business locations of Heartland."

Heartland believes that such a broad request at this very early stage in the litigation will provide Forest River with competitive information that it otherwise would not be entitled to have, and that Forest River is merely using this request to gather competitive and confidential information rather than as a legitimate means of developing the case. Heartland does not allow the public into certain areas of its facilities, in order to maintain the level of confidentiality it desires and feels is necessary to protect its competitive position in the marketplace. Allowing Forest River the unfettered access that it seeks would be patently unfair to Heartland. Accordingly, this broad request for inspection of Heartland's facilities is oppressive and should not be allowed to go forward at this time.

To the extent that Forest River also argues that the on-site inspection is relevant to the measure of damages that Heartland will be seek in this case, Heartland has not even decided which measure of damages it will seek - let alone whether it even wishes to pursue its infringement allegations against Forest River. Therefore, there is no reason that an inspection must take place at this time. Moreover, it is difficult to understand how an inspection of

---

[4] Heartland does not understand how an inspection of its facilities long after the claims of the '650 Patent have issued is at all relevant to the interpretation of those claims.

Heartland's facilities is reasonably calculated to lead to the discovery of admissible evidence of damages. With respect to a reasonable royalty, Heartland's production and facilities and its structure provides virtually no relevant information. With respect to lost profits, in the event Heartland even seeks that measure of damages, Heartland must prove it had the productive capacity to make some or all of Forest River's infringing sales. *See, e.g., Gargoyles, Inc. v. U.S.*, 113 F.3d 1572, 1577-78 (Fed. Cir. 1997). Heartland's actual production is much more relevant to that inquiry, in the event it becomes necessary.

Because Forest River's Request for Entry Onto Land is premature, oppressive, and is brought solely for the purpose of gathering competitive and confidential information that it is not entitled to have, rather than for the purpose of conducting relevant and necessary discovery, Heartland respectfully requests that this Court deny Forest River's Motion to Compel and refuse to require Heartland to permit inspection of any of its facilities at this time.

.
                      BAKER & DANIELS LLP

By:   */s/ David P. Irmscher*
      David P. Irmscher (#15026-02)
      Abigail M. Butler (#22295-02)
      111 East Wayne, Suite 800
      Fort Wayne, Indiana 46802
      Tel: 260.424.8000
      Fax: 260.460.1700
      david.irmscher@bakerd.com
      abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

## CERTIFICATE OF SERVICE

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing HEARTLAND RECREATIONAL VEHICLES, LLC'S OPPOSITION TO FOREST RIVER, INC.'S MOTION TO COMPEL ENTRY ONTO LAND was served upon the following, this 2nd day of February, 2009, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana 46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.

                                          BAKER & DANIELS

                                          */s/ David P. Irmscher*
                                          David P. Irmscher