# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, INC.,      Plaintiff, <br><br> v. <br><br> FOREST RIVER, INC.,      Defendant. | ) <br> ) <br> ) <br> ) CASE NO.:3:08-CV-490 RLM-CAN <br> ) <br> ) <br> ) <br> ) |

### FOREST RIVER'S REPLY TO HEARTLAND'S OPPOSITION TO FOREST RIVER'S MOTION TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS

On January 12, 2009, Forest River filed a motion to amend its Answer, Defenses, and Counterclaims (Docket #21). On January 23, 2009, Hartland filed its Opposition (Docket #23), requesting that the motion to amend be denied and further arguing for granting of its pending motion to dismiss (Docket #12). On January 28, 2009, prior to receiving a Reply to that Opposition from Forest River, this Court granted the motion to amend (Docket #24). Accordingly, the issue of whether or not Forest River shall be allowed to amend is pleadings is now moot, and those pleadings have been entered in this case (Docket #25).

However, on January 30, 2009, this Court ordered oral argument on the still pending motion to dismiss with respect to Forest River's Amended Answer to the Complaint and Counterclaims. The motion to dismiss in regard to the amended pleadings was never specifically briefed. In that regard or in the event that the Court considers the Opposition arguments against the amended pleadings in connection with the motion to dismiss, Forest River provides the following brief reply

1

to those Opposition arguments.

**1. Heartland's interpretation of the federal statute would change the words and meaning of the statute: "About" substituting for "In Connection With" to narrow the scope.**

Once again, Heartland asserts that the flaw in Forest River's pleading is that there is no allegation "that Heartland made any misrepresentation or false statement about any goods (see Opposition, page 2, bold type). However, 15 USC §1125(a)(1)(A) does not say "any person who, on or about any goods or services, . . ." Instead, it says "any person who, on or in connection with any goods or services, . . ." In contrast, it is 15 USC §1125(a)(1)(B) which addresses false statements about the goods, specifically as to misrepresentations of "the nature, characteristics, qualities, or geographic origin." It is axiomatic that each part of the statute must have meaning and we should not read different portions of the statute to be redundant.

Clearly, the false statements made to the hotel clerks were made "in connection with" goods (regardless of whether those "goods" are considered to be envelopes, advertisements, or RVs themselves). Indeed, there is no question but that Heartland made those false statements to aid in the sale of its RVs.[1] Accordingly, by plain meaning, those false statements fall within the literal words of the statute, they were made "in connection with" goods.

Part A of the statute addresses, for example, one result of those false statements: were they likely to cause confusion as to the affiliation, connection or association of such person with another person? Clearly, as pled, they did: the hotel clerks thought the Heartland employees were associated

---

[1]Obviously, if Heartland was not making the false statements "in connection with" its own products it would not have made them at all. Heartland's direct and immediate purpose in making the false statements was just that, to sell its own RVs.

2

with Forest River. Again, the facts set forth in the pleadings are literally within the statutory language.

Part B of the statute addresses another aspect of the false statements <u>as an alternative basis for liability</u>: did they misrepresent the nature, characteristics, qualities, or geographic origin of the goods? Clearly, there is no pleading that they did. Nor does there need to be such a pleading, since Part B is merely an alternative basis which Forest River does not assert.

After reciting those alternative bases, the statute goes on to require that liability in a civil action can be brought only by a "person who believes that he or she is or is likely to be damaged by such act." It is here that the difference between false statements to the dealers themselves and false statements to the hotel clerks (which Heartland asserts is a difference which matters) would come into play, if at all. Specifically, the inquiry would be, were the actions of Heartland the proximate cause or triggering event of the lost sales, such as under the initial interest confusion analysis or some other theory. Again, the pleadings specifically recite that they are, and refer to an admission against interest by Brian Brady's October 28 email as proof of that assertion.

Prior to 1989, when the statute was substantially amended, it could possibly be argued that the scope of the statute was less broad. Indeed, much of the case law support relied upon by Heartland was based upon the old statute (see Footnote 3 of Heartland's Memorandum in Support (Docket #13) of its motion to dismiss). However, comparing the current statute with the pre 1989 statute:

Currently:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or

misleading representation of fact, which—
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Previously:

> Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

Deletion of "affix, apply, or annex" and "including words or other symbols tending falsely to describe" shows that the scope of falsity are not limited now merely to statements "about" goods. Indeed, the new language in Part A stating "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person" makes it quite clear that the passing off may be based upon something entirely different than the character of the goods themselves. There is, again, alternative language in Part A dealing with likely confusion "as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." However, that is clearly an alternative basis, not a conjunctive basis, since the two portions are separate by the word "or."

Indeed, even prior to the 1989 amendments it was widely recognized that the purpose of this

4

statute was remedial and that it was to be broadly construed. *See, e.g., F.E.L. Publications, Ltd., Catholic Bishop of Chicago*, 214 U.S.P.Q. 409, 416 (7th Cir. 1982); *Alfred Dunhill Ltd. v. Interstate Cigar Company, Inc.*, 499 F. 2d 232, 236 (2d Cir. 1974)("Section 43(a) of the Lanham Act was intended to expand the rights of those who were harmed by unfair competition. It was meant both to enlarge the category of activities which are proscribed by federal law and to expand the class of plaintiffs who could assert standing to sue under federal law.") Since 1989, the "in connection with goods and services" language in particular has been broadly construed to encompass "commercial speech" so that conflicts with First Amendment Speech are avoided. *Intern'l Ass'n of Machinists and Aerospace Workers v. Winship*, 914 F. Supp. 651, 653-4 (D. ME 1996), *aff'd*, 103 F. 3d 196 (1st Cir. 1996)(liability under §43(a) not present since, among other things, the parties were not commercially competing).

In short, to read the statute as Heartland suggests, either eliminates the "or" between Parts A and B of the statute and completely changes its meaning, or changes "in connection with" to "about" and renders Part B redundant. Either result is contrary to well established principles of statutory construction. *See, e.g., U.S. v. Loniello*, 2009 WL 212124 (N.D. Ill. 2009) at Fn 4 (when the disjunctive "or" is used within a single subsection, it signals an alternate means of committing the single offense described therein).

**1. Heartland's interpretation of the state statute would delete an entire express category of deception offenses**

IC 35-43-5-3(a)(6)[2] states:

A person who:

(6) with intent to defraud, misrepresents the identity of the person or another person or the identity or quality of property;

commits deception, a Class A misdemeanor.

Clearly then, the offense as literally stated in the statute can be committed by <u>either</u> "misrepresenting the identity of the person" <u>or</u> by "misrepresenting the . . .quality of property." Heartland in its Opposition at page 3 finds fault with the amended pleadings because they do not assert "any misrepresentation about goods." True enough, but so what? Forest River does assert in the pleadings that there was a misrepresentation about the identity of the person (¶s 86-7 of the Amended Answer). Forest River also pleads that such misrepresentation was made for the purpose of defrauding (¶87 of the Amended Answer). Accordingly, that is a permissible alternative basis for the deception claim under the statute even without reference to the goods themselves. *Abn Amro Mortgage Group, Inc., v. Maximum Mortgage, Inc.*, 429 F. Supp. 2d 1031 (N.D. Ind. 2006)(Judge Lee, denying motion to dismiss statutory deception claim and articulating basic principles in pleading of a cause of action for statutory deception under IC 35-43-5-3(a)(6) as well as under IC 35-43-1-2(a)(2)[3]).

Again, the distinction between deception of the hotel clerks and the resulting impact on dealers is really just issue of proximate cause between the deception and the harm to Forest River.

---

[2] The amended pleadings gave this citation as IC 35-43-5-3 (6), but since Heartland has on page 3 of the Opposition recited the applicable statute, that error is considered harmless.

[3] The amended pleadings also support a claim under that other statutory provision, although the remedy available would be the same as under IC 35-43-5-3(a)(6).

That proximate cause issue is more properly raised, if at all, in the context of whether Forest River can show the requisite damage under IC 34-24-3-1 resulting from the deception. However, for purposes of the present motion to dismiss, the facts alleged in the amended pleadings must be taken as true, and Forest River has specifically alleged the causal connection of damage in ¶88 of the Amended Complaint.

To interpret the statute as Heartland suggests would read the word "or" out of that statute and require instead either 1.) that a deception of identity of the person and of quality of the goods occur or 2.) that a deception as to identity of the person is no longer actionable. Again, either result is contrary to well established principles of statutory construction. Each portion of the statute must have its "apparent and obvious meaning," and a statute must not be interpreted to turn its plain meaning on its head. *Liggin v. State*, 655 N.E. 2d 618, 620 (Ind. App. 1996).

**Conclusion:** The pending motion to dismiss as applied to the amended pleadings should be denied.

Dated: February 6, 2009

Respectfully submitted,

s/Ryan M. Fountain

_____
Ryan M. Fountain (8544-71)
 *RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana 46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
ATTORNEY FOR DEFENDANT

**Certificate of Service**

I certify that on February 6, 2009, I electronically filed the foregoing document with the Clerk

of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

    David P. Irmscher    david.irmscher@bakerd.com
    Abigail M. Butler    abidgail.bulter@bakerd.com

                                      s/Ryan M. Fountain
                                      Ryan M. Fountain
                                      Attorney for Defendant Forest River, Inc.