UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 3:08-CV-490 AS ) ) |
| FOREST RIVER INC., | ) ) |
| Defendant. | ) |

## ORDER

On January 18, 2009, Defendant, Forest River Inc. ("Forest River"), filed a motion to compel. On February 2, 2009, Plaintiff, Heartland Recreational Vehicles, LLC ("Heartland"), filed a response in opposition. For the following reasons, Forest River's motion to compel is **DENIED**. [Doc. No. 22].

### I.    RELEVANT BACKGROUND

On October 24, 2009, Heartland filed a complaint alleging patent infringement. On December 14, 2008, Forest River served Heartland a request for entry onto Heartland's facilities. Specifically, Forest River requested opportunity to inspect and photograph "[a]ll manufacturing facilities, equipment, property and business locations of Heartland . . ., which were or could have been used for making, using or selling of products covered by [Forest River's patent]." See Doc. No. 22-3 at 1. After Heartland refused its request, Forest River filed the present motion to compel. This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

### II.    APPLICABLE LAW

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)). Discovery under Rule 26, however, is not an invitation to the proverbial fishing expedition. The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26 (b)(2).

This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

**III.     LEGAL ANALYSIS**

Forest River claims that it needs unfettered access to all of Heartland's facilities in order to gather relevant information regarding the scope of Heartland's claims and damages. Heartland responds that Forest River's motion is premature, as discovery deadlines have not yet been set in this case. In addition, Heartland argues that Forest River's request is overly-broad and would likely reveal confidential information regarding Heartland's products and processes, unrelated to the issues in this case. This Court finds Heartland's arguments persuasive.

As of this date, no discovery deadlines have been set in this case. The scheduling of such deadlines will take place on February 12, 2009, pursuant to a telephonic status conference between the parties and this Court. Once those dates have been established, disclosure of the scope of Heartland's claims and damages, the information sought by Forest River in its motion to compel, can be facilitated in an orderly and efficient manner.

Further, Forest River has failed to establish why such broad access to Heartland's facilities is necessary to assist Forest River in obtaining the information it is seeks. Indeed, instead of limiting its request to the specific product at issue, travel trailer frames, Forest River seeks entry, inspection, and visual recording of all of Heartland's "facilities, equipment, property and business locations." Without greater justification, Forest River's request is clearly overbroad and oppressive, and will not be entertained by this Court.

Consequently, Forest River's motion to compel entry on to land is **DENIED**. [Doc. No. 22].

**SO ORDERED.**

Dated this 11th Day of February, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge