UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) ) |
| v. | ) ) CAUSE NO. 3:08-CV-490-AS-CAN ) |
| FOREST RIVER, INC., | ) ) ) |
| Defendant/Counter-Claimant. | ) |

### MEMORANDUM OPINION & ORDER

This matter is before the Court on Heartland Recreational Vehicles, LLC's ("Heartland") Motion to Dismiss Forest River, Inc.'s ("Forest River") Counterclaim under the Lanham Act (Doc. No. 12). The Motion to Dismiss is considered with respect to Forest River's Amended Answer to the Complaint and Counterclaim filed on January 29, 2009 (Doc. No. 25), as the amendments did not negate the need to consider whether a "passing off" violation under the Lanham Act was properly pled by Forest River. The parties have fully briefed the issues, and the Court heard oral arguments on the motion in South Bend, Indiana on February 11, 2009. For the reasons discussed below, the Motion to Dismiss the Counterclaim (Doc. No. 12) is **DENIED**, thereby allowing the parties time to engage in discovery, appropriately refine their claims, and proceed as necessary under Rule 56.[1]

---

[1] During oral argument, Heartland acknowledged the likelihood of existing 'prior art' which may invalidate some or all of its claims asserted against Forest River. *See also*, Memo. in Support, p. 1, fn. 1. Aside from the merits of Heartland's claims, Forest River defends the merits of its counterclaims by suggesting that having specified the wrong, Forest River can change the legal theory upon which relief should be granted, without changing the complaint. While there are some first-class lawyers of record in this case, first-class lawyers also have to be realists in the best sense of the word. This Court respectfully requests that these able lawyers re-evaluate their claims as soon as discovery permits and engage in what this Court commonly calls deep reality therapy.

## I. Procedural History

On October 24, 2008, Heartland filed a Complaint in federal court alleging infringement of U.S. Patent No. 7,278,650, entitled "Travel Trailer Having Improved Turning Radius," due to Forest River's allegedly making, using, selling, offering for sale, or supplying travel trailers, in violation of 35 U.S.C. § 271.

Defendant Forest River filed its Answer and Counterclaim on November 17, 2008, which was amended on January 29, 2009 (Doc. No. 25). Relevant to the pending motion is Forest River's allegation that Heartland has infringed upon Forest River's Trademark rights under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), by committing a passing off violation. Heartland motions for the dismissal of Forest River's passing off claim,[2] pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim.

## II. Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Challenger v. Local Union No. 1,* 619 F.2d 645, 649 (7th Cir.1980). A complaint must allege facts to state a claim to relief that is plausible on its face. *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550

---

2  To the extent that counsel raised the argument that Forest River ought to be precluded from raising a criminal deception claim under I.C. 34-43-5-3(a)(6), this issue is not properly before the Court, and this order renders no opinion on the same. The request that Forest River be allowed to bring a criminal deception claim was the subject of Forest River's Motion to Amend the Complaint and Reply (Doc. Nos. 21, 28) and Heartland's Opposition thereto (Doc. No. 23). The Motion to Amend was granted on January 29, 2009 by Magistrate Judge Nuechterlein (Doc. No. 24). The subject of Heartland's Motion to Dismiss and Reply (Doc. Nos. 12, 13, 18), the <u>only</u> claim sought to be dismissed by Heartland, and the <u>only</u> claim considered herein, is Forest River's counterclaim under the Lanham Act.

U.S. 544 (2007)). In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7th Cir. 1999). In ruling on a motion to dismiss the counterclaim, a court uses the same standards of review that apply to claims made in the main complaint. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (the court accepts all well-pleaded allegations in the counterclaim as true, and draws all reasonable inferences in favor of the counterclaim plaintiff). But the court admits only allegations of fact, and is not required to accept legal conclusions. *Fries v. Helsper,* 146 F.3d 452, 456 (7th Cir. 1998); *Challenger*, 619 F.2d at 649. The court's inquiry is not whether plaintiff will ultimately prevail in a trial on the merits, but whether the plaintiff should be afforded an opportunity to offer evidence in support of the claims. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*).

Furthermore, a complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). Under federal pleading rules, a plaintiff is not limited to or bound by the legal characterizations of his claims contained in the complaint. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Although the complaint itself need not specifically or correctly identify the legal basis for any claim, in response to a motion to dismiss that raises issues as to a claim, the plaintiff must identify the legal basis for the claim and make adequate legal arguments in support of it. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041-42 (7th Cir. 1999).

## III. Factual Background

On October 22 and 23, 2008, Forest River hosted a private (by invitation only) trade show and more than 700 guests were invited to attend, representing approximately 350 RV dealerships from across North America and as far away as Australia. A theme of this trade show was "Pick Your Partner," referring to the business relationships that can develop between an RV manufacturer and an RV dealer. One of the purposes of this event was to encourage sales of various Forest River products to new and existing RV dealers. To provide overnight accommodations for its guests, Forest River reserved several hotels in Mishawaka, Indiana, including the Hyatt Place, Country Inn & Suites, Residence Inn, Courtyard Marriott, Springhill Suites, Holiday Inn Express, Hampton Inn, and Varsity Club. Forest River created an internal business document, called a "Master List," identifying each guest who would be attending the private trade show and identifying the hotel where each guest would be staying. Forest River paid for its guests' accommodations at these hotels.

On Wednesday, October 22, at approximately 3:30 p.m., while most of Forest River's guests were in attendance at the private trade show, several of Heartland's employees ("Heartland employees") entered the hotels reserved by Forest River. The Heartland employees were carrying stacks of envelopes, each labeled with the name of a Forest River guest and an identification of which hotel that guest was staying. The Heartland employees went to the front desks of the hotels and then falsely stated and represented to the hotel attendants that they were "from Forest River" and that they had "important" envelopes which needed to be delivered to the Forest River guests "for a Forest River dealer meeting the next day." Amended Counterclaim, ¶ 76. The Heartland employees induced the hotel attendants to immediately deliver the envelopes to the rooms of each named guest in their respective hotels, such as by slipping the envelopes under the guests' room doors. Security

4

video cameras monitoring the front desks in at least two of these hotels recorded this event and the Heartland employees doing it.

The envelopes contained documents advertising Heartland's travel trailers and documents comparing several Flagstaff models of Forest River products with certain North Trail models of Heartland products. The envelopes also contained a specific invitation to visit Heartland's place of business in Elkhart that same week, while the guests were in the area attending Forest River's private trade show, including a map showing how to get there. Several of Forest River's guests, who were RV dealers, were induced by the contents of those envelopes to visit Heartland's place of business that same week and placed orders for Heartland travel trailers, causing lost sales by Forest River, a direct competitor of Heartland. Those actions (hereinafter referred to as "the hotel action"), resulted in "disruption and confusion among several of Forest River's guests because of the incongruity and surprising manner in which the envelopes were delivered…[and] adversely affect[ed] Forest River's good will with its dealers and adversely affected Forest River's sales of its products." Amended Counterclaim, ¶¶ 80, 81.

### IV. Discussion

Under 15 U.S.C. § 1125(a)(1), "any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-- (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . . shall be liable in a civil action by any person who believes that he

5

or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(A). Therefore, Section 1125(a)(1) of the Lanham Act, requires that the alleged misrepresentation or false designation be made on or in connection with goods or services, or any container for goods.

Heartland argues that Forest River fails to allege that Heartland made any misrepresentation or false statement about any goods— the goods in this case being travel trailers (either Heartland or Forest River's travel trailers). Even assuming that Heartland misrepresented who the envelopes were from, Forest River never alleges that there were any false or misleading statements made in the advertising material or on the envelopes in connection with travel trailers. In other words, a misrepresentation as to the source of the envelope, made not to the potential customer but to hotel staff, does not meet the "in connection with goods" requirement. Heartland's position is that the passing off claim fails, because Forest River never alleges that Heartland attempted to pass off its travel trailers as Forest River's travel trailers.

Forest River claims that it adequately pleads a passing off claim against Heartland, as follows:

> 1. Envelopes, which were falsely designated as being from Forest River, were given to Forest River's invited dealers by deceiving the hotel attendants. Instead, the envelopes were from Heartland, were intended to disrupt Forest River's sales efforts to market RV's at a private trade show event, and were intended to increase Heartland's sales of RV's.
> 2. Heartland provided Forest River's invited dealers with advertisements in envelope "containers," which were falsely designated as originating with Forest River, at a time intended to disrupt Forest River's sales efforts and increase Heartland's sales of RV's.
> 3. Heartland employees acted as Forest River employees in connection with the sales of RV's, so as to induce third parties to take actions which increased sales of Heartland RV's by direct

> interference with Forest River's sales efforts to market RV's at a private trade show event.

*See*, Forest River's Memo. in Opposition, p. 10-11. Forest River argues that Heartland palmed off the envelopes as those of Forest River, and that those envelopes led to the dealers' "initial interest confusion," thereby leading some dealers to sign up with Heartland and place orders. According to Forest River, the Lanham Act prohibits the misrepresentation of the origin of goods or services, and such a violation may arise when a party's employees misrepresent themselves as a competitor's employees in order to convince third parties to provide a benefit which can increase sales of the deceiver's products. *See U.S. News & World Report, Inc. v. Campaigner Publications, Inc.*, 222 U.S.P.Q. 123, 124 (D.D.C. 1982) (issuing a preliminary injunction based in part on the "false designation or misrepresentation of origin" section of the statute, pre-1989).

In general, passing off, or palming off, arises when a producer misrepresents his own goods or services as someone else's goods or services. *See Dastar Corp. v. Twentieth Centruy Fox Film Corp.*, 539 U.S. 23, 27 n. 1 (2003). As best stated by Forest River's counsel during oral argument, the hotel action may have occurred in connection with goods, in that Heartland would not have been in the hotels if it was not for the purpose of selling RV's for a commercial purpose and possibly confusing people in connection with those goods. While this Court questions, and indeed doubts, whether Forest River has adequately pled a passing off violation under the Lanham Act, that doubt, combined with our standards for federal pleading under Rule 8(a) and for dismissal under Rule 12(b)(6), does not permit dismissal of Forest River's counterclaim at this time where relief is plausible.

This Court is required to consider whether Forest River could prevail under any legal theory,

7

*County of McHenry v. Insurance Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006), and as Forest River proposes, it plausibly alleges a claim for unfair competition. *See, County Beverage Co., Inc. v. Barco Beverage Corp., Inc.,* 524 N.E.2d 353, 358 (Ind.App. 1988) (reasoning that although the law of unfair competition has been defined as the palming off of ones goods or services as that of some one else, and the attempt thereof, the tort of unfair competition is much broader and also includes actions for the interference with a contract or business relationship) (internal citation omitted); *Felsher v. University of Evansville,* 755 N.E.2d 589, 598 (Ind. 2001) ("Unfair competition ... does not describe a single course of conduct or a tort with a specific number of elements; it instead describes a general category into which a number of new torts may be placed when recognized by the courts. The category is open-ended, and nameless forms of unfair competition may be recognized at any time for the protection of commercial values.") (quoting W. Page Keeton, PROSSER AND KEETON ON THE LAW OF TORTS 1015 (5th ed. 1984)).

As pled, Heartland's intentionally deceptive conduct in the hotel action plausibly had the natural and probable tendency and effect of which was to deceive the public so as to pass off its goods or business as for that of Forest River. Moreover, the Court will not condone Heartland's actions as simply healthy competition. "Though trade warfare may be waged ruthlessly to the bitter end, there are certain rules of combat which must be observed. The trader has not a free lance. Fight he may, but as a soldier, not as a guerilla." *Felsher,* 755 N.E.2d at 598-99 (quoting William L. Prosser, *Prosser, Law of Torts* 956 (4th ed.1971)). Forest River, having identified a plausible legal basis for its counterclaim, precludes the finding that no viable cause of action exists upon which relief can be granted.

## V. Conclusion

Based on the foregoing, the Court **DENIES** Heartland Recreational Vehicles, LLC's Motion to Dismiss Forest River, Inc.'s Counterclaim (Doc. No. 12). Each party to bear its own costs.

**SO ORDERED.**

**DATED: February 18, 2009**

               /s/ ALLEN SHARP
               **ALLEN SHARP, JUDGE**
               **UNITED STATES DISTRICT COURT**