IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC | ) ) ) |
| Plaintiff, | ) ) ) Case No. 3:08-cv-490 RLM CAN |
| vs. | ) ) ) |
| FOREST RIVER, INC. | ) ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF HEARTLAND
RECREATIONAL VEHICLES, LLC'S MOTION TO
DISMISS FOREST RIVER, INC.'S CRIMINAL DECEPTION COUNTERCLAIM**

This is a patent infringement action in which plaintiff Heartland Recreational Vehicles, LLC ("Heartland") is the patent owner and defendant Forest River, Inc. ("Forest River") is the accused infringer. Heartland filed a Complaint for patent infringement in the Northern District of Indiana, South Bend Division, on October 24, 2008, and Forest River filed its Answer, Defenses, and Counterclaims on November 17, 2008. Heartland moved to dismiss Forest River's Lanham Act Counterclaim on December 12, 2008. Significantly, Forest River's initial Answer, Defenses, and Counterclaims did not contain a counterclaim for criminal deception.

On January 12, 2009, Forest River moved to amend its Answer, Defenses, and Counterclaims, and the proposed Amended Answer, Defenses, and Counterclaims included, for the first time, a counterclaim based upon Criminal Deception. Also on January 12, 2009, the Court set an oral argument on Heartland's motion to dismiss. The argument was set for February 6, 2009, and it did in fact go forward on that day. However, between the time oral argument was

set and actually heard, the Court granted Forest River's motion to amend its Answer, Defenses, and Counterclaims, and accepted its Amended Answer, Defenses, and Counterclaims for filing.

In the Court's Memorandum Order denying Heartland's motion to dismiss Forest River's Lanham Act Counterclaim, Judge Sharp noted that although counsel argued whether the Criminal Deception counterclaim should be dismissed, that issue was not properly before the Court because Heartland's motion to dismiss did not address the Criminal Deception Counterclaim. (*See* fn 2, p. 2 in Court's Memorandum Order, dated February 18, 2009). Heartland acknowledges that it did not address this issue in its Motion to Dismiss, but submits that it did raise the issue in its Opposition to Forest River's Motion to Amend its Answer, Defenses, and Counterclaims, which it filed on January 23, 2009. In that Opposition, Heartland argued that Forest River's Motion to Amend should be denied because it was futile, in part because its Criminal Deception counterclaim failed to state a claim for which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

When the Court did not reset or strike the oral argument on Heartland's motion to dismiss, Heartland believed that the Court was hearing arguments on why the Amended Answer, Defenses, and Counterclaims should or should not be dismissed, including those arguments raised in the briefing on Forest River's Motion to Amend its Answer, Defenses, and Counterclaims. Otherwise, the hearing on February 6, 2009, would proceed on arguments pertaining to a pleading that was no longer before the Court. Heartland apologizes for any faulty assumption on its part, and respectfully requests that the Court consider and rule upon this Motion to Dismiss Forest River's Criminal Deception Counterclaim.

I.  **FOREST RIVER'S PROPOSED CRIMINAL DECEPTION COUNTERCLAIM SHOULD NOT BE ALLOWED BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if a claim for relief does not state a cause of action upon which relief can be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). The court should confine its inquiry to the pleadings, and a claim for relief "may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). When considering a motion to dismiss, the Court must assume that all factual allegations in the pleadings are true, and must construe the pleadings and all reasonable inferences which derive therefrom in favor of the nonmoving party. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991). However, the court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Nelson v. Monroe Regional Medical Ctr.*, 925 F.2d 1555, 1559 (7th Cir.), *cert. denied*, 502 U.S. 903 (1991).

Forest River's Amended Answer, Defenses, and Counterclaims contains a counterclaim for Criminal Deception under I.C. § 35-43-5-3 (6). Under the statute, Forest River must plead that Heartland, **with the intent to defraud**, misrepresented the identity of a person or the identity or quality of property. I.C. § 35-43-5-3 (6) (emphasis added).

As a threshold matter, Forest River's Amended Answer, Defenses, and Counterclaims does not state a claim for fraud, let alone criminal fraud. No claim for any kind of fraud can lie unless it is based on an alleged misrepresentation. *See* I.C. § 35-43-5-3. Based upon the plain language of the statute, a civil claim for deception under subsection (6) must be based upon a

3

false or misleading affirmative representation. Moreover, claims made under this section of the statute sound in fraud, and therefore are subject to the specificity requirements of Fed. R. Civ. P. 9(b). *See ABN AMRO Mortgage Group, Inc. v. Maximum Mortgage, Inc., et al.,* 429 F.Supp.2d 1031, 1042 (N.D. Ind. 2006).

Heartland did not, and Forest River does not allege, that it made any misrepresentation about goods. The only misrepresentation that Forest River alleges is that Heartland employees told the hotel clerks that they were Forest River employees when they asked the hotel clerks to distribute envelopes containing information about Heartland to the hotel guests. (See ¶ 76, Amended Answer, Defenses, and Counterclaims). To suggest that such a misrepresentation, even if we assume it to be true, rises to the level of *criminal* fraud would result in a gross misuse of the statute. Forest River's counterclaim is nothing more than an attempt to obtain an award of treble damages, attorney's fees, and other costs under I.C. § 34-24-3-1.[1] The bottom line is that I.C. § 35-43-5-3 is a criminal statute, not a broad-based consumer sales statute. Therefore, under the facts of this case, no claim for Criminal Deception has been stated.

---

[1] Indiana Code § 34-24-3-1 requires an allegation of pecuniary loss as a result of the criminal deception. This is the motivation for adding the allegation regarding lost sales to ¶ 79 of the Amended Answer, Defenses, and Counterclaims.

4

BAKER & DANIELS LLP


By: */s/ David P. Irmscher*
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana 46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

**CERTIFICATE OF SERVICE**

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing MEMORANDUM IN SUPPORT OF HEARTLAND RECREATIONAL VEHICLES, LLC'S MOTION TO DISMISS FOREST RIVER'S CRIMINAL DECEPTION COUNTERCLAIM were served upon the following, this 23rd day of February, 2009, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana 46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.

                                        BAKER & DANIELS

                                        */s/ David P. Irmscher*
                                        David P. Irmscher