# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, <br>　　　Plaintiff, <br><br>v. <br><br>FOREST RIVER, INC., <br>　　　Defendant. | ) <br> ) <br> ) <br> ) CASE NO.:3:08-cv-490 AS- CAN <br> ) <br> ) <br> ) 　　JURY DEMAND |

**FOREST RIVER'S MEMORANDUM IN OPPOSITION TO HEARTLAND'S "MOTION TO DISMISS FOREST RIVER, INC.'S CRIMINAL DECEPTION COUNTERCLAIM"**

Summary of the Argument:

　　Heartland again asserts that if the deception was not made directly to Forest River, there can be no liability for the consequences of the deception, even if the clear intent and result of the deception was to injure Forest River. However, IC 34-24-3-1 expressly applies to all persons who suffer a pecuniary loss as a result of criminal deception, and the case law makes it clear that the deception under IC 35-43-5-3 and IC 35-43-1-2 need not be made directly to all persons suffering the loss in order for there to be a violation. In this case, the pleadings are sufficient if specifying that the deception was fraudulent, intended to injure Forest River and that the loss was proximately caused by the deception.

Procedural Background:

　　On February 18, 2009, this Court denied Heartland's first Motion to Dismiss (docket #12) wherein Heartland alleged that since the false representations were not made "about any goods,"

1

there could be no liability under the Lanham Act. The Court rejected that argument, noting that while passing off may or may not ultimately be a suitable claim for such actions, it was at least plausible, and that since the elements of unfair competition were more clearly alleged and the Court was required to consider whether Forest River could prevail under any legal theory, the motion to dismiss must be denied. In doing so, the Court also suggested to the parties that they promptly engage in discovery and bring the appropriate motions to expedite closure of this case.

Since then, however, Heartland has effectively blocked discovery at both of the status conferences of February 19 and March 19, requesting extensions of time prior to discovery by first asserting as it has for months that it was going to "do something" at the United States Patent Office ("USPTO") to end the patent issues and then by promising that it was going to propose a settlement with a covenant not to sue to Forest River that would likely end the case. Heartland has in fact done neither. On February 5, 2009, the USPTO published the Notice of Allowance and Issue Fee Notice for the second Heartland patent, this one having another set of claims clearly targeted for Forest River's products. See Exhibit A hereto. The issuance of that patent will come as soon as Heartland now pays the fee, due no later than May 5. That new patent has the same disclosure as the patent in suit and is clearly a "submarine" patent wherein all of the prior art in this lawsuit was delivered to the USPTO and considered on an ex parte basis on February 24, 2009. See Exhibits B and C hereto. Contrary to its representations to Forest River and this Court, Heartland has done nothing to withdraw those claims in the new patent even as of this late date.

As for settlement, Forest River has yet to receive the "covenant not to sue" which Heartland mentioned to the Magistrate on March 19. However, on Wednesday of this week the undersigned counsel inquired of Heartland's counsel what the content of that covenant would be and was

2

informed that it ONLY would be offered with respect to the patent in suit and not as to the continuation patents. Therefore, the inequitable conduct claim against Heartland would remain in this case along with virtually all of the patent discovery issues anyway, since Forest River then must seek to bar enforcement of any "fruit of the poisonous tree."

In the meantime, on February 23, Heartland filed the present Motion to Dismiss, revisiting virtually the same claims in made in the previously denied motion.

Standard of Review:

As pointed out in this Court's Order of February 18, 2009, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Challenger v. Local Union No. 1*, 619 F. 2d 645, 649 (7th Cir. 1980). A complaint must allege facts to state a claim to relief that is plausible on its face. *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F. 3d 797, 803 (7th Cir. 2008)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *Jackson v. E.J. Brach Corp.*, 176 F. 3d 971, 977 (7th Cir. 2001). In ruling on a motion to dismiss the counterclaim, a court uses the same standards of review that apply to claims made in the main complaint. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F. 3d 570, 574 (7th Cir. 2001)(the court accepts all well-pleaded allegations in the counterclaim as true, and draws all reasonable inferences in favor of the counterclaim plaintiff). But the court admits only allegations of fact, and is not required to accept legal conclusions. *Fries*

*v. Helsper*, 146 F. 3d 452, 456 (7th Cir. 1998); *Challenger*, 619 F. 2d at 649. The court's inquiry is not whether the counterclaimant will ultimately prevail in a trial on the merits, but whether the counterclaimant should be afforded an opportunity to offer evidence in support of the claims. *Cole v. U.S. Capital, Inc.*, 389 F. 3d 719,724 (7th Cir. 2004)(citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*).

Furthermore, a complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); *Doherty v. City of Chicago*, 75 F. 3d 318, 322 (7th Cir. 1996). Under the federal pleading rules, a plaintiff is not limited to or bound by the legal characterizations of his claims contained in the complaint. *Forseth v. Village of Sussex*, 199 F. 3d 363, 368 (7th Cir. 2000). Although the complaint itself need not specifically or correctly identify the legal basis for any claim, in response to a motion to dismiss that raises issues as to a claim, the plaintiff must identify the legal basis for the claim and make adequate legal arguments in support of it. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F. 3d 1039, 1041-42 (7th Cir. 1999).

Factual Background Set forth in the Pleadings:

As also noted in this Court's Order of February 18, 2009, on October 22 and 23, 2008, Forest River hosted a private (by invitation only) trade show, and more than 700 guests were invited to attend, representing approximately 350 RV dealerships from across North America and as far away as Australia. A theme of this trade show was "Pick Your Partner," referring to the business relationships that can develop between an RV manufacturer and an RV dealer. One of the purposes of this event was to encourage sales of various Forest River products to new and existing RV dealers.

4

To provide overnight accommodations for its guests, Forest River reserved several hotels in Mishawaka, Indiana, including the Hyatt Place, Country Inn & Suites, Residence Inn, Courtyard Marriott, Springhill Suites, Holiday Inn Express, Hampton Inn, and Varsity Club. Forest River created an internal business document, called a "Master List," identifying each guest who would be attending the private trade show and identifying the hotel where each guest would be staying. Forest River paid for its guests' accommodations at these hotels.

On Wednesday, October 22, at approximately 3:30 p.m., while most of Forest River's guests were in attendance at the private trade show, several of Heartland's employees ("Heartland employees") entered the hotels reserved by Forest River. The Heartland employees were carrying stacks of envelopes, each labeled with the name of a Forest River guests and an identification of which hotel that guest was staying at. The Heartland employees went to the front desks of the hotels and then falsely stated and represented to the hotel attendants that they were "from Forest River" and that they had "important" envelopes which needed to be delivered to the Forest River guests "for a Forest River dealer meeting the next day." Amended Counterclaim, ¶76. The Heartland employees induced the hotel attendants to immediately deliver the envelopes to the rooms of each named guest in their respective hotels, such as by slipping the envelopes under the guests' room doors. Security video cameras monitoring the front desks in at least two of these hotels recorded this event and the Heartland employees doing it.

The envelopes contained documents advertising Heartland's travel trailers and documents comparing several Flagstaff models of Forest River products with certain North Trail models of Heartland products. The envelopes also contained a specific invitation to visit Heartland's place of business in Elkhart that same week, while the guests were in the area attending Forest River's private

5

trade show, including a map showing how to get there. Several of Forest River's guests, who were RV dealers, were induced by the contents of those envelopes to visit Heartland's place of business that same week and placed orders for Heartland travel trailers, causing lost sales by Forest River, a direct competitor of Heartland. Those actions (hereinafter referred to as "the hotel action"), also resulted in "disruption and confusion among several of Forest River's guests because of the incongruity and surprising manner in which the envelopes were delivered . . . [and] adversely affect[ed] Forest River's good will with its dealers and adversely affected Forest River's sales of its products." Amended Counterclaim, ¶¶80, 81.

In addition and particularly relevant to the present motion, Forest River has specifically alleged that "the false statements and representations made to the hotel attendants . . . <u>deceived</u> those attendants" into doing what Heartland employees requested. Amended Counterclaim, ¶80 (emphasis added). Further, the Amended Counterclaim at ¶87 specifically alleges that "Heartland's employees intentionally misrepresented both their identities and the identity of the envelope property given to the hotel attendants. Heartland <u>intended that misrepresentation to occur so as to defraud</u> the hotel attendants into delivering Heartland advertisements to a select group of Forest River dealers. Heartland intended the delivery would also deprive Forest River of sales from those dealers receiving the envelopes," (emphasis added). In addition, the Amended Counterclaim at ¶88 specifically alleged that "Forest River has and will suffer <u>pecuniary loss</u> resulting from this deception by Heartland, including lost sales to its dealers and also at least some of the losses listed in IC 34-24-3-1," (emphasis added).

Forest River has brought this counterclaim under the heading "Civil Action under Criminal Deception" in the Amended Counterclaim, and has specifically asserted that this "is an action under

6

IC 34-24-3-1 on account of pecuniary losses suffered by Forest River as a result of criminal deception by or resulting from Heartland's acts in violation of IC 35-43-5-3 (6)." Amended Counterclaim, ¶85.

Analysis of the Motion:

The relevant portion of IC 34-24-3-1 states:

"If a person suffers a pecuniary loss as a result of a violation of IC 35-43, . . . the person may bring a civil action again the person who caused the loss . . ."

IC 35-43-5-3(a) states in relevant part:

"A person who . . . with intent to defraud, misrepresents the identity of the person . . . or the identity . . . of property . . . commits deception, a Class A misdemeanor."

IC 35-43-1-2(a)(2) states in relevant part:

"A person who . . . knowingly or intentionally causes another to suffer pecuniary loss by deception . . . commits criminal mischief, a Class B misdemeanor" [if the loss is less than $250] ". . . a Class D felony if the pecuniary loss is at least" [$2,500].

Clearly, on its face, Forest River has actually pled that Heartland's employees "intended . . . to defraud," misrepresenting both their identity and the identity of the envelope property they were trying to get the hotel attendants to deliver. Thus, a literal violation of IC 35-43-5-3 is set forth. Clearly, on its face, Forest River has actually pled that it has suffered pecuniary loss as a result of Heartland's deception of the hotel attendants. Thus, a literal violation of IC 35-43-1-2 is literally set forth. There is no question but that Heartland intended Forest River to be pecuniarily injured by

7

Heartland's deception of the hotel attendants. As a result, Forest River literally falls within the class of persons intended to be protected by IC 34-24-3-1.

The gist of Heartland's attack is, once again, that its deception and misrepresentation was not made "about goods" or directly to Forest River. As to the former issue, it is a "so what;" the Indiana statutes explicitly do not require merely that the nature of the goods alone be misrepresented.

As to the second issue, the statutes on their face cover deception in general (as long as it was knowingly or intentionally made and caused a pecuniary loss, IC 35-43 -1-2) and misrepresentations about identity of the person and the products (as long as they were made with intent to defraud someone, IC 35-43-5-3). Here there is an alleged violation of each criminal statute by recitation of facts about what Heartland did. Since either of those violations caused pecuniary loss to Forest River, the civil cause of action is literally triggered.

If one seeks to interpret the statutes from other cases, there is not a tremendous volume of Indiana case law dealing with a civil cause of action for criminal deception based upon misrepresentations and this kind of deception. (And perhaps this speaks rather well of the normal business environment of our state) Interestingly enough, however, the case of *ABN AMRO Mortgage Group, Inc., v. Maximum Mortgage, Inc.*, 429 F. Supp. 2d 1031 (N.D. Ind. 2006), cited by Heartland in support of the present motion, does offer some assistance. That case dealt with a motion to dismiss IC 34-24-3-1 claims based upon deception under IC 35-43 because the misrepresentations/fraud were not made directly to the injured party. The specific fact pattern is not identical to the Forest River/Heartland situation, but in that case the court did note "[t]he alleged scheme in this case is somewhat complex, in that it involves several steps and several parties. Nonetheless, looking at the scheme as a whole, there is a thread of communication that flows from

8

Wells Defendants to ABN, with the alleged intent and result of defrauding ABN." 429 F. Supp. 2d at 1037. The Court recognized that "the deception statute criminalizes a wide variety of behavior." *Id*, at 1042. Moreover, the Court noted that IC 34-24-3-1 provides a right of action to those who suffer a pecuniary loss resulting from a violation, even if they are not the only victims of the fraud, but where the claimant is clearly the target of the fraud and was "victimized" by the fraudulent conduct. *Id*, at 1045.

Similarly, *Blakley Corp. v. Klain*, 538 N.E. 2d 304 (Ind. App. 1989) illustrates that a civil action under IC 34 will lie for claims based upon IC 35-43-5-3 even when the misrepresentations are made to third parties as long as there is a proximate cause to the injury (dismissals of certain claims in that case were based upon other grounds). Also, even cases denying claims under IC 34 based upon criminal mischief deception under IC 35-43-1-2 have stressed that the key issues are whether the misrepresenting party knew or intended that its actions would cause a third party claimant pecuniary harm and whether in fact there was proximate causation. *See Lafayette Production Credit Ass'n v. Wilson Foods Corp.*, 687 F. Supp. 1267, 1279-80 (N.D. Ind. 1987).

As further pointed out in this Court's February 18, 2009 Order, as pled, Heartland's intentionally deceptive conduct in the hotel action plausibly had the natural and probable tendency and effect of which was to deceive and was not simply healthy competition. Accordingly, Heartland should be held accountable for its actions to the full extent that Forest River has been damaged by those actions.

Conclusions:

Forest River has identified a plausible legal basis for its criminal deception counterclaim.

The motion to dismiss that counterclaim must be denied.


Dated: March 27, 2009  Respectfully submitted,

s/Ryan M. Fountain

_____
Ryan M. Fountain (#8544-71)
    *RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana  46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
Attorney for Defendant Forest River, Inc.


**Certificate of Service**

I certify that on March 27, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

David P. Irmscher     david.irmscher@bakerd.com
Abigail M. Butler     abidgail.bulter@bakerd.com

                                              s/Ryan M. Fountain

                                              _____
                                              Ryan M. Fountain
                                              Attorney for Defendant Forest River, Inc.