IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:08-cv-490 RLM CAN ) ) |
| FOREST RIVER, INC. | ) ) |
| Defendant. | ) ) |

**REPLY MEMORANDUM IN SUPPORT
OF HEARTLAND'S MOTION TO DISMISS
<u>FOREST RIVER'S CRIMINAL DECEPTION COUNTERCLAIM</u>**

Forest River's Opposition to Heartland's Motion to Dismiss fails to cure any of the pleading deficiencies in Forest River's Amended Complaint. Accordingly, Heartland renews its request that Forest River's Criminal Deception claim be dismissed as a matter of law.

**I.    FOREST RIVER'S CRIMINAL DECEPTION
COUNTERCLAIM SHOULD NOT BE ALLOWED BECAUSE
IT FAILS TO STATE A CLAIM FOR WHICH RELIEF
CAN BE GRANTED**

In opposition to Heartland's motion to dismiss Forest River's criminal deception counterclaim, Forest River makes much about the fact that the alleged misrepresentation may be made to a third party, or to a party that is not directly injured. As support for this proposition, Forest River cites *ABN AMRO Mortgage Group, Inc., v. Maximum Mortgage, Inc.*, 429 F.Supp.2d 1031 (N.D. Ind. 2006) and *Blakley Corp. v. Klain*, 538 N.E.2d 304 (Ind. App. 1989). However, in each of these cases, the alleged misrepresentation actually reached the plaintiff. Moreover, the "defrauded" third party actually had some connection to the parties to the

litigation. For example, the very language in *ABN AMRO* cited by Forest River in its Opposition makes this point: "[t]he alleged scheme in this case is somewhat complex, in that it involves several steps and several parties. Nonetheless, looking at the scheme as a whole, **there is a thread of communication that flows from Wells Defendants to ABN**, with the alleged intent and result of defrauding ABN." 429 F.Supp.2d at 1037 (emphasis added).

Likewise, in *Blakley*, the alleged misrepresentations came in the form of a vendor's affidavit from a building contractor that was executed at or near the time of closing on the affected real estate, which the subcontractor argued had the effect of extinguishing his ability to assert liens against the real estate. Again, as in *ABN AMRO*, the misrepresentation actually reached the plaintiff, and therefore the "thread of communication" present in *ABN AMRO* was also present in *Blakley*.

As pled, there is no "thread of communication" between Forest River and Heartland. Forest River alleges that Heartland employees misrepresented their identity to hotel clerks. (See ¶ 76, Amended Answer, Defenses, and Counterclaims). Even if the allegation is true, it stops there. No misrepresentation ever reached Forest River or Forest River's guests because there was nothing untruthful in the envelopes that were slipped under those hotel room doors. To suggest that some sort of fraud induced the guests of Forest River's trade show to visit Heartland's facilities or to purchase Heartland's goods is absurd. The envelopes contained truthful advertising literature about Heartland's goods, and there is no connection between any misrepresentation of the identify of Heartland's employees and any sales between Forest River's guests and Heartland.

Although I.C. § 35-43-5-3 may be used to criminalize a wide variety of behavior, to suggest that Heartland's alleged misrepresentation rises to the level of *criminal* fraud results in a

2

gross misuse of the statute and stretches its application far in excess of its intended reaches. *See e.g., Sanderson v. Brugman*, 2002 WL 31255470 *5 (S.D.Ind., April 26, 2006) (attached as Exhibit A). In *Sanderson*, the plaintiff alleged that the defendant, a competitor, committed criminal mischief and deception in violation of I.C. § 35-43-5-3 by making various misrepresentations about plaintiff's products to potential customers. The Court found that Sanderson had failed to state a claim for relief under the statute, and in so holding, stated as follows:

> Sanderson was not the target of any alleged fraud, however. **He has not identified any instance in which the Indiana courts have allowed a company to sue a commercial competitor sue for [sic] treble damages under this statute on the theory that the competitor used deception to secure a sale from a customer. Recognizing such a claim would seem to stretch the civil remedy statute well beyond its purpose and to open the door to a broad vista of new commercial litigation between competitors.** Without much clearer signals that the Indiana legislature intended such results, the court finds that Sanderson has failed to state a claim for relief under I.C. § 34-24-3-1.

*Id.* (emphasis added).

Even in *Sanderson*, where the alleged misrepresentations had to do with the products themselves, the Court refused to allow the claim to proceed where the plaintiff was not the target of the alleged fraud. The *ABN AMRO* Court cited *Sanderson* in its opinion, which also quite clearly requires the same connection or "thread of communication" that the Court required in *ABN AMRO*.

For all of the foregoing reasons, Heartland respectfully renews its request that Forest River's claim for Criminal Deception be dismissed as a matter of law.
<span>3</span>

BAKER & DANIELS LLP

By: /s/ David P. Irmscher
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana 46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

# CERTIFICATE OF SERVICE

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF HEARTLAND RECREATIONAL VEHICLES, LLC'S MOTION TO DISMISS FOREST RIVER'S CRIMINAL DECEPTION COUNTERCLAIM were served upon the following, this 7th day of April, 2009, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana 46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.

BAKER & DANIELS

/s/ David P. Irmscher
David P. Irmscher