UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| HEARTLAND RECREATIONAL | ) |
| VEHICLES, LLC, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) CAUSE NO. 3:08-CV-490-AS-CAN |
| | ) |
| FOREST RIVER, INC., | ) |
| | ) |
| Defendant/Counter-Claimant. | ) |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Heartland Recreational Vehicles, LLC's ("Heartland") Motion to Dismiss (Doc. No. 33) Forest River, Inc.'s ("Forest River") counterclaim alleging criminal deception under Indiana law. The Motion to Dismiss the criminal deception counterclaim is now properly before the Court[1] and is considered with respect to Forest River's Amended Answer to the Complaint and Counterclaim filed on January 29, 2009 (Doc. No. 25). For the reasons discussed below, the Motion to Dismiss is **DENIED**.

The Court incorporates herein, the procedural history, the standard of review applicable to a Rule 12(b)(6) motion to dismiss, and the factual background detailed in its recent February 18, 2009 order (Doc. No. 32, Sections I, II, and III), except to add the following changes and additions.

First, with respect to the standard of review, instead of requiring only a short and plain statement showing entitlement to relief under Fed. R. Civ. P. 8(a), the heightened pleading standards of Fed. R. Civ. P. 9(b) govern Forest River's claim of deception. *See, ABN Amro Mortg. Group, Inc.*

---

[1]The Court's February 18, 2009 order only considered the Lanham Act counterclaim (Doc. No. 32), as explicitly indicated in advance by the Court's January 30, 2009 order (Doc. No. 27).

*v. Maximum Mortg., Inc*., 429 F.Supp.2d 1031, 1041 (N.D.Ind. 2006). While Rule 9(b) allows scienter elements to be pled generally, this Court finds that the claim of deception, requiring proof of intent to defraud "sounds in fraud" or is "ground in fraud" because Forest River alleges that Heartland intentionally misrepresented information. *See McKinney v. State,* 693 N.E.2d 65 (Ind. 1998) (noting that Indiana Trial Rule 9(b) is the same as the federal rule). *See also*, *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 470 (7th Cir. 1999) (stating that Rule 9(b) requires heightened pleading of fraud claims in all civil cases brought in the federal courts, whether or not the applicable state or federal law requires a higher standard of proving fraud) (citing *Herman & McLean v. Huddleston*, 459 U.S. 375, 387-89 (1983)).

Therefore, under Rule 9(b), a plaintiff must state with particularity "all averments of fraud or mistake." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc*., 536 F.3d 663, 668 (7th Cir. 2008) (citing Fed. R. Civ. P. 9(b); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1078 (7th Cir.1997)). The circumstances of fraud or mistake include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal,* 536 F.3d at 668 (citing *Gen. Elec. Capital,* 128 F.3d at 1078; *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990) (describing Rule 9(b)'s particularity requirement as "the who, what, when, where, and how: the first paragraph of any newspaper story")).

Second, with respect to the criminal deception counterclaim, Forest River contends that the hotel action, which is the subject of this lawsuit, serves as the factual basis for its claim that Heartland engaged in criminal deception under I.C. 35-43-5-3(a)(6). Amended Counterclaim, ¶¶ 85-89. Heartland's criminal deception allegedly caused Forest River to incur pecuniary losses, thereby

2

entitling it to damages under Indiana's Crime Victim's Relief Act, I.C. § 34-24-3-1. *Id*. Specifically, Forest River asserts that Heartland intentionally caused its employees to enter hotels reserved by Forest River on Wednesday, October 22, and misrepresent their identities and the identity of the envelopes, with the intention that the misrepresentation would defraud the hotel attendants into immediately delivering the envelopes to the guests' rooms. *Id*. Forest River claims that Heartland intended the delivery of the envelopes to deprive Forest River of sales from the dealers receiving the envelopes, and engaged in this conduct for personal financial gain and to maliciously embarrass Forest River. *Id*. Furthermore, Forest River states that it "has and will suffer pecuniary loss resulting from this deception by Heartland, including lost sales to its dealers and also at least some of the types of losses listed in I.C. 34-24-3-1." *Id*. at ¶ 88.

## Discussion

Heartland motions for the dismissal of Forest River's counterclaim of criminal deception under I.C. 35-43-5-3, and resulting damages and trebling thereof under the Crime Victim's Relief Act, I.C. 34-24-3-1 ("the Act"). Heartland argues that Forest River fails to state a claim, because their employees' misrepresentation to hotel clerks as to their identity (as opposed to misrepresentations made directly to Forest River about goods) is not the type of misrepresentation that rises to the level of criminal fraud under the Act. Heartland specifically asserts "[t]o suggest that some sort of fraud induced the guest of Forest River's trade show to visit Heartland's facilities or to purchase Hartland's goods is absurd . . .there is no connection between any misrepresentation of the [identity] of Heartland's employees and any sales between Forest River's guests and Heartland." Reply Memo., Doc. No. 39, p. 2.

In support of its argument, Heartland contends that *ABN Amro Mortg. Group, Inc. v.*

3

*Maximum Mortg., Inc.*, 429 F.Supp.2d 1031 (N.D.Ind. 2006) requires Forest River to show that a misrepresentation actually reached Forest River in order to satisfy the needed "thread of communication" between Heartland and Forest River. *ABN Amro*, 429 F.Supp.2d at 1037.

Further, Heartland suggests that the case *Sanderson v. Brugman*, 2002 WL 31255470 (S.D.Ind. Sept. 20, 2002) is instructive. In *Sanderson*, the plaintiff alleged that the defendant, a competitor of the plaintiff, had made fraudulent statements regarding the plaintiff's product to customers in an attempt to procure the customers' business. *Id*. The plaintiff claimed that the defendant's conduct amounted to criminal mischief and deception, and sought the treble damages remedy provided by I.C. 34-24-3-1. Without addressing whether the conduct constituted the criminal offenses defined by the underlying statutes, the court concluded that the plaintiff had no cause of action under I.C. 34-24-3-1, emphasizing that the plaintiff "was not the target of any alleged fraud." *Sanderson* at *5; *but see, ABN Amro,* 429 F.Supp.2d at 1043-44 (distinguishing the *Sanderson* case, and finding that the plaintiff *was* the target of the alleged fraud and adequately alleged facts sufficient enough that it suffered pecuniary loss as a result of defendant's deceptive acts). The *Sanderson* Court concluded that to recognize "such a claim would seem to stretch the civil remedy statute well beyond its purpose and to open a door to a broad vista of new commercial litigation between competitors. Without much clearer signals that the Indiana legislature intended such results, the court finds that Sanderson has failed to state a claim for relief" under I.C. 34-24-3-1. *Sanderson* at *5.

In opposition, Forest River states that on the complaint's face, Forest River has actually pled that it suffered pecuniary loss as a result of Heartland's intentional misrepresentation to the hotel attendants regarding the employees' identity and the identity of the envelope property. Thus, a literal

4

violation of IC 35-43-5-3 is actually set forth. Forest River relies on *ABN Amro*, for the proposition that I.C. 34-24-3-1 provides a right of action to those who suffer a pecuniary loss resulting from a violation, even if they are not the only victims of the fraud, but where the claimant is clearly the target of the fraud and was victimized by the fraudulent conduct. *See, ABN Amro,* 429 F.Supp.2d at 1045.

I.C. 35-43-5-3(a) provides in relevant part:

> A person who. . . (6) with intent to defraud, misrepresents the identity of the person or another person or the identity or quality of property. . . commits deception, a Class A misdemeanor.

The Crime Victim's Relief Act, I.C. 34-24-3-1, provides in part:

> If a person suffers a pecuniary loss as a result of a violation of I.C. 35-43…the person may bring a civil action against the person who caused the loss for the following:
> (1) An amount not to exceed three (3) times the actual damages of the person suffering the loss.
> (2) The costs of the action.
> (3) A reasonable attorney's fee . . . .

Here, the Court agrees with Forest River, that it has adequately pled a criminal deception claim, as explicitly set forth in the statute, by claiming that Heartland "intentionally misrepresented both their identities and the identity of the envelope property . . .so as to defraud the hotel attendants" and thus, deprive Forest River of sales. Although Heartland argues that: (1) no fraud induced Forest River's trade show guests to visit Heartland's facilities or to purchase Heartland's goods, and (2) there is no connection between the misidentified employees/envelopes and any sales between Forest River's guests— so holding would completely reject this Court's obligation to accept allegations in the counterclaim as true and to draw reasonable inferences in favor of the counterclaim plaintiff, Forest River.

5

This case is distinguishable from *Sanderson*. Unlike in *Sanderson*, where the plaintiff did not allege that the defendant made "literally false" statements, and where the plaintiff was not the target of any alleged fraud, *Sanderson* at *4-5; here, Heartland employees made literal false statements about their identity and about the envelopes, and clearly Forest River was the intended victim of the alleged fraud where Heartland's lies were made in order to provoke Forest River guests, attending a Forest River's sales event, to visit Heartland and purchase Heartland products, resulting in financial gain to Heartland and loss to Forest River. *See, ABN Amro,* 429 F.Supp.2d at 1045 (misrepresentations made to third parties amounted to a violation of I.C. 35-43-5-3, where plaintiff was the intended recipient of the misrepresentations and allegedly suffered pecuniary loss as a result of defendants' deceptive acts). In addition, Forest River has specifically alleged lost sales as a result of the intentional misrepresentations made by Heartland to defraud Forest River. *See Americar Leasing, Inc. v. Maple*, 406 N.E.2d 333, 335 (Ind.App. 1980) (stating that "[a] pecuniary loss has been described as a 'loss of money, or of something by which money, or something of money value may be acquired.'"); *see also, Veach v. Cheeks*, 316 F.3d 690, 694 (7th Cir. 2003) (citing *Americar* in holding that the "pecuniary loss" required under the Act must be financial).

Finally, Forest River meets the Rule 9(b) pleading with particularity requirement, by pleading the averments of fraud— the who [Heartland employees], the what [misrepresentation of identity to hotel attendants], the when [October 22, 2008], the where [hotels in Mishawaka, Indiana where in Forest River guests were staying], and the how [verbally]. *See, Hemenway v. Peabody Coal Co.,* 159 F.3d 255, 261 (7th Cir. 1998).

As pled, Heartland's intentionally deceptive conduct in the hotel action with the alleged intent to defraud, precludes a finding at this stage that no viable cause of action exists upon which

6

relief can be granted.

## Conclusion

Based on the foregoing, the Court **DENIES** Heartland Recreational Vehicles, LLC's Motion to Dismiss Forest River, Inc.'s Counterclaim of criminal deception (Doc. No. 33). Each party to bear its own costs.

**SO ORDERED.**

**DATED: April 22, 2009**

                                            /s/ ALLEN SHARP
                                  **ALLEN SHARP, JUDGE**
                                  **UNITED STATES DISTRICT COURT**