IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC ) ) ) Plaintiff, ) ) vs. ) ) FOREST RIVER, INC. ) ) Defendant. ) | Case No. 3:08-CV-490 AS CAN |

**MEMORANDUM IN SUPPORT OF HEARTLAND'S
MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT
<u>MATTER JURISDICTION IN LIGHT OF COVENANT NOT TO SUE</u>**

This is a patent infringement action in which plaintiff Heartland Recreational Vehicles, LLC ("Heartland") is the patent owner and defendant Forest River, Inc. ("Forest River") is the accused infringer. Heartland filed a Complaint for patent infringement in the Northern District of Indiana, South Bend Division, on October 24, 2008. Heartland alleged that Forest River infringed Heartland's United States Patent No. 7,278,650 (the "650 patent"). However, during the time this litigation has been pending, Heartland decided that it no longer wishes to pursue its infringement claims against Forest River. Therefore, Heartland elected to moot the controversy with respect to the infringement, validity, and enforceability of any claim of the '650 Patent by covenanting not to sue Forest River for infringement of the '650 Patent.

Because Heartland is dismissing all of its infringement claims against Forest River, and has covenanted not to sue Forest River for infringement of the '650 Patent in the future, the Court no longer has subject matter jurisdiction over Forest River's declaratory judgment counterclaims of non-infringement, invalidity, and unenforceability. *Super Sack Mfg. v. Chase Packaging*

BDDB01 5627671v2

*Corp.*, 57 F.3d 1054 (Fed. Cir. 1995); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294 (Fed. Cir. 2009); *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F.Supp.2d 645 (M.D.Pa. 2008). Therefore, all of Forest River's counterclaims involving validity, infringement, and enforceability should be dismissed along with Heartland's claims.

## ARGUMENT

An actual case or controversy is an absolute requirement for a declaratory judgment action under 28 U.S.C. § 2201. This requirement precludes a court from entering a declaration regarding the validity and/or infringement of patent claims unless the declaratory judgment plaintiff establishes that, "under all the circumstances ...there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief." *MedImmune, Inc. v. Genetech, Inc. et al.*, 549 U.S. 118, 119 (2007). Moreover, an actual controversy must be present at all stages of review, not merely at the time the complaint was filed. *See, e.g., Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007).

Heartland unconditionally promised not to sue Forest River for infringement of any claim of the '650 Patent based upon any product currently manufactured and sold by Forest River. A copy of the Covenant Not To Sue is attached to Heartland's Motion to Dismiss Certain Claims For Lack of Subject Matter Jurisdiction in Light of Covenant Not to Sue, filed concurrently herewith. (Attached as Exhibit A). A covenant not to sue in the future for products made, used, or sold in the past removes actual controversy in the present. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). In *MedImmune*, the Court explained that in order for there to be an actual controversy in a patent case, there must exist a threat or other action by the patentee sufficient to create a reasonable apprehension of an infringement suit, **and**

present activity that could constitute infringement or concrete steps taken with the intent to conduct such activity. 549 U.S. at 118-119; *see also Revolution Eyewear*, 556 F.3d at 1297. Heartland's Covenant Not To Sue completely eliminates any actual controversy between the parties because it forecloses any threat of litigation involving the '650 Patent and any of the products Forest River currently manufactures and sells. This promise eviscerates both requirements set forth in *MedImmune* and its progeny.

In light of Heartland's Covenant Not To Sue, the Court lacks subject matter jurisdiction to hear either Heartland's or Forest River's claims regarding the infringement, validity, and unenforceability of the '650 Patent. *Super Sack Mfg. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294 (Fed. Cir. 2009); *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F.Supp.2d 645 (M.D.Pa. 2008). Accordingly, this Court should dismiss all claims involving the infringement, validity, and unenforceability of the '650 Patent.[1,2]  *Id.*

---

[1] If the Court grants the instant motion, the only claims left in this action are Forest River's Lanham Act and Criminal Deception Counterclaims.

[2] Heartland believes that a dismissal without prejudice is appropriate given the procedural posture of this case. Prior to filing the instant lawsuit against Forest River, counsel for Heartland asked counsel for Forest River to give it any and all prior art Forest River claims invalidates the '650 Patent. Counsel for Forest River refused to provide this prior art, and Heartland saw it for the first time in Forest River's Answer, Defenses, and Declaratory Judgment Counterclaims. Since that time, counsel for Heartland evaluated the prior art and decided that it no longer wishes to pursue its infringement allegations against Forest River in light of that prior art. Virtually no discovery has taken place, and in view of the above facts, the Court did not enter case management deadlines until the status conference held on May 4, 2009. In light of the fact that this case has been pending for such a short period of time, with little activity, and given that Heartland has promised not to sue Forest River (as set forth in Heartland's Covenant Not To Sue), Heartland requests that the Court dismiss the subject claims without prejudice.

BDDB01 5627671v2

BAKER & DANIELS LLP

By: */s/ David P. Irmscher*
    David P. Irmscher (#15026-02)
    Abigail M. Butler (#22295-02)
    111 East Wayne, Suite 800
    Fort Wayne, Indiana  46802
    Tel: 260.424.8000
    Fax: 260.460.1700
    david.irmscher@bakerd.com
    abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

# CERTIFICATE OF SERVICE

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing MEMORANDUM IN SUPPORT OF HEARTLAND'S MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION IN LIGHT OF COVENANT NOT TO SUE was served upon the following, this 11th day of May, 2009, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana  46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.

                                                BAKER & DANIELS

                                                */s/ David P. Irmscher*
                                                David P. Irmscher