# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, <br>     Plaintiff, <br><br> v. <br><br> FOREST RIVER, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) CASE NO.:3:08-cv-490 AS- CAN <br> ) <br> ) <br> )     JURY DEMAND |

## FOREST RIVER'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO "HEARTLAND'S MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION IN LIGHT OF COVENANT NOT TO SUE," MADE UNDER LOCAL RULE 6.1(b)

**Summary of Motion:**

Forest River opposes this third motion to dismiss by Heartland primarily on five grounds. Three of those grounds warrant jurisdictional discovery in light of actions taken by Heartland to attempt to create a "factual challenge" to subject matter jurisdiction from changed circumstances after the lawsuit began. The discovery sought may be readily obtained within the depositions of the three employee inventors and of the Plaintiff itself, as well as from related document production, all of which were noticed and served previously and which have been scheduled to take place starting prior to June 16. Thus, there would be minimal delay in resolution of this motion. This discovery is expected to resolve ambiguity in the so-called covenant not to sue and/or demonstrate that a case in controversy still exists between the parties as to the '650 patent. Further, Heartland has offered to correct an obvious flaw in its motion, but has not yet done so. Accordingly, in the interests of providing one comprehensive response to the motion, an extension of time is warranted.

1

**Relevant Factual Background:**

This lawsuit started as a patent infringement case brought by Heartland asserting that the '650 patent was infringed by Forest River. At no time did Heartland identify all of the Forest River products which were considered to infringe the '650 patent. No evidence of infringement was given by Heartland through Rule 26(a) Initial Disclosures, since (unlike Forest River) even though this lawsuit was filed back in October, 2008, Heartland has served no Initial Disclosures yet. The best Heartland was willing to do is state, in Parag. 11 of the Complaint that "Forest River is infringing . . . by making, using, selling, offering for sale, or supplying travel trailers, including Forest River's Silverback product." At no time has Heartland stated that the "Silverback product" was the only product accused of infringement, and indeed there are actually several different Silverback brand products made and sold by Forest River, as shown in Exhibit A, page 6. Heartland has not stated which or if all of those products are intended to be accused of infringement.

Furthermore, Heartland has accused at least two of Forest River's suppliers, Lippert Components and Global Composites, of also infringing upon the '650 patent and threatened to sue those suppliers on account of sales of components to Forest River. See Exhibits B and C. At least one of those suppliers, Lippert Components, has sought indemnification and "hold harmless" documentation from Forest River as a condition of continued sales to Forest River. See Exhibit D (the addressor, Jason Lippert, is the President of Lippert Components). Thus, Forest River's continued sales of products using the components of those suppliers has been threatened by Heartland's actions under the '650 patent against those suppliers. See Exhibit F, pages 2 - 3.

Heartland attached to its subject motion a "Covenant Not to Sue." Heartland argues that this covenant moots Forest River's counterclaims relating to the '650 patent (see Heartland's

Memorandum, Docket #43, at page 1). However, on its face, the covenant says nothing about Forest River's suppliers or customers. The undersigned counsel has conferred with Mike Leasor, the attorney for Lippert Components in this matter, and has been informed that Heartland has given no covenant not to sue to Lippert. The undersigned counsel is also the counsel for Global Composites in this matter and in that capacity has received no covenant not to sue from Heartland for Global.

Also, the covenant does not unconditionally agree not to sue Forest River for infringement under the '650 patent. Instead, in merely states coverage as to "Forest River, Inc's currently existing products, whether such products are currently existing or manufactured in the future." The covenant does not identify what specifically those "products" are. Accordingly, Forest River is reluctant to expand its product lines to include new floor plans even using the same type of trailer frame, as it would in the normal course of business, in view of the previous infringement charges by Heartland.

In addition, as has been raised on several previous occasions before this Court, Forest River has vigorously defended against the '650 patent from the outset based in part upon invalidity of the claims in that patent in light of various prior art references. Exhibits E, F, and G. Prior to this litigation, some of those references were disclosed to Heartland in an effort to discourage unnecessary litigation, but other references were not disclosed to Heartland because Heartland expressly stated it intent to use those references in ex parte proceedings before the United States Patent and Trademark Office ("USPTO") to obtain additional patents by which Heartland again could threaten Forest River and its suppliers with litigation at a later date. Exhibit F, page 2 and Exhibit G. These related patent applications have been referred to as the "submarine" patents in this litigation. As it turns out, Heartland has done exactly as Forest River suspected with the prior art evidence of this lawsuit: taken it to the USPTO and argued about its relevance secretly, without

Forest River having an opportunity to participate (see, e.g., Exhibits H and I) and without having to even admit that any of the evidence was in fact prior art (see Exhibit J, parag. 2), as it would have been required to so admit in District Court (and, indeed, as Heartland has admitted verbally to this Court in various hearings).

The result is that on February 3, 2009, the USPTO issued a Notice of Allowance for the first submarine patent, Exhibit K, with an issue fee due on May 4, 2009, resulting in another patent which could have been in existence even as early as now. However, on April 30, 2009, Heartland filed a request with the USPTO to have that patent application re-examined through the Continued Examination procedure of 37 CFR 1.114, Exhibit L, based upon third party evidence concerning certain of the Roadmaster prior art asserted by Forest River, Exhibit M. However, the independent claims (Nos. 34 and 50) asserted by Heartland in that patent application have not changed since the Notice of Allowance. See Exhibits N and O. In fact, these new claims are substantially the same in scope as the invention disclosed in the '650 patent and were obviously drafted to literally read on Forest River's frames used in at least some of the Silverback model travel trailers.

In the meantime, Forest River has sought to conduct discovery in this lawsuit and has been stalled by Heartland every step of the way. Subpoenas and Notices of Depositions were issued for the three inventors of the '650 patent who remain Heartland employees on December 12, 2008. See, e.g., Exhibit P. Heartland refused to produce those employees as requested and even now has only given dates of availability for June 16 and 17 for Mr. Rhymer and Mr. Hoffman. A deposition date for Mr. Brady has been "promised" in the near future. Also, Forest River requested documents from Heartland on December 14, 2008. Exhibit Q. To date, not one single document has been provided, although they have been "promised" prior to June 16. Finally, Forest River sought to depose

4

Heartland itself under Fed. R. Civ. P. 30(b)(6) as to the litigation issues on May 18, 2009. Exhibit R. However, Heartland refused to provide any witness for such a deposition prior to June 16.

**Expected Grounds for Opposing Dismissal:**

At present, Forest River expects to oppose this third motion of Heartland for dismissal for the following reasons:

1. While Heartland seeks to have Forest River's counterclaims for non-infringement, invalidity and unenforceability dismissed as moot because of the covenant not to sue, Heartland itself has not dismissed its own claims for infringement which are based upon validity and enforceability. Heartland cannot eat its cake and still have it too.

2. Forest River has not merely asserted those counterclaims for declaratory judgment purposes, but also for damage compensation purposes, such as under the "exceptional case" doctrine of 35 U.S.C. §285. Accordingly, even with a voluntary dismissal of the patent holder's claims against an accused infringer, the Court retains subject matter jurisdiction. *Knauf Fiber Glass, GmbH, v. Certainteed Corp.,* 204 WL 771257 (S.D. Ind. 2004)(distinguishing the *Super Sack* doctrine relied upon by Heartland).[1]

3. The covenant not to sue provided by Heartland does not end the actual dispute and preclude an already existing case in controversy because it does not release Forest River's suppliers

---

[1]It should also be noted that there is a public interest factor to consider with respect to maintaining patent invalidity claim jurisdiction, especially where there is more than one potential defendant. *See, e.g., Invisible Fence, Inc., v. Perimeter Technologies, Inc.,* 2007 WL 922232 (N.D. Ind. 2007)(citing in FN 2 *Messerschmidt v. United Sates,* 29 Fed. Cl. 1,17 (Fed. Cl. 1993) for the proposition that validity and infringement issues may or may not be separable due to the public interest factor in validity)

5

from the already threatened liability which Forest River may be required to indemnify and hold harmless. Forest River is still the real party in interest.

4. The covenant not to sue does not render those issues moot when Heartland has only called off the controversy, but still maintains the threat of a lawsuit, because of the similarity of the claims of the submarine cases being examined again by the USPTO and its refusal to accept a judgment of non-infringement.[2] *Implant Innovations, Inc. v. Nobelpharma AB,* 1994 WL 68498 at *2 (N.D. Ill. 1994)(patent undergoing re-examination still presents a reasonable apprehension of litigation under certain circumstances despite withdrawal of lawsuit - "reasonable apprehension does not require absolute certainty").

5. The covenant not to sue does not clarify the exemption from litigation to cover the trailer frame that is actually covered by the '650 patent. Heartland knows perfectly well that Forest River routinely changes its products to some degree every year. Indeed, that is the normal practice of the RV industry every July. To exempt only "currently existing products" rather than claims under the '650 patent itself does not remove the apprehension of litigation especially when Heartland tells the Court orally that the prior art Forest River cited probably renders the '650 patent invalid, but then asserts to he USPTO that the same prior art may not even be "prior art." *See, e.g., Fenton Golf Trust v. Cobra Golf, Inc.*, 48 USPQ 2d 1198, 1203 (N.D. Ill 1998)(generalized claim of infringement supports continued jurisdiction even though specific claims dismissed); *Petersen Mfg. Co., Inc., v. Adjustable Clamp Co., Inc.,* 30 USPQ 2d 1193, 1199-1200 (N.D. Ill. 1993)(reluctance to expand

---

[2] At the second teleconference between counsel today concerning this motion, commencing at approximately 1:15 P.M., Forest River's counsel raised the issue of a consent judgement again and asked Heartland give that as a way of resolving some of the issues seen in with Heartland's motion to dismiss. At that time, Heartland refused to give such a consent.

product line creates reasonable apprehension sufficient to retain jurisdiction).

**Analysis of the Request for Jurisdictional Discovery:**

This is not a case where Heartland is arguing that the pleadings are facially defective as to subject matter jurisdiction. Clearly, jurisdiction did exist when this case was filed and continued at least until the existence of the covenant not to sue nearly six months later. Instead, this is a case where Heartland has unilaterally decided at last that it wants to end the proceedings in this Court, at least for now, and offers not settlement, not an admission that the '650 patent is invalid, not a consent to judgment of non-infringement, but instead merely a promise that it will not assert the '650 patent against currently existing products, all the while that Heartland is busily undermining the litigation evidence at the USPTO in order to spring to life "new" patents on the same invention against the presently existing products at a later date. Accordingly, Forest River seeks this Court's permission to obtain evidence that the '650 patent remains a "scarecrow patent" even with the covenant not to sue.

Had Heartland responded diligently to the discovery requests previously, this extension of time may not have been needed. However, since it appears that Heartland will at least produce witnesses and documents starting no later than June 16, 2009, the delay is a small one. Given that over six months have been lost waiting for Heartland to run through its other motions to dismiss, Forest River asserts that Heartland is not prejudiced by this additional delay of a few weeks.

Turning more specifically to the grounds for opposing Heartland's motion, #1 is obviously an easy attack against a blatant flaw in Heartland's case. When that flaw was brought to the attention of Heartland's counsel today by the undersigned counsel, Heartland indicated, in effect, "oops, we

will fix that." That is fine as far as it goes, but when amended, the motion to dismiss would require an amended response. Presumably, for example, Heartland would seek a voluntary dismissal under Fed. Civ. P. 41(a)(2). However, such a motion may only be granted "on terms that the court considers proper." *Id.* Forest River has no idea as yet what "terms" Heartland would be offering or what terms the Court would be considering. Heartland could offer a dismissal with prejudice or the court on its own may do so, since it has the authority to make the dismissal "with prejudice" even though "without prejudice" is requested. *LeBlang Motors, Ltd., v. Subaru of America, Inc.,* 148 F. 3d 680, 687 (7th Cir. 1998). Indeed, a dismissal with prejudice may be entirely appropriate given Heartland's admissions in open Court as to the invalidity effect of the prior art cited by Forest River. Naturally, such a dismissal would resolve many of the ambiguities raised by the current form of covenant not to sue and substantially alter the nature of Forest River's objections. Furthermore, Heartland may also offer (or the Court may impose) a dismissal with reimbursement of Forest River's litigation expenses as part of the "terms." *Hinfin Realty Corp. v. The Pittston Co.,* 212 F.R.D. 461,462 (E.D. N.Y. 2002)(courts often grant fee awards when a plaintiff dismisses without prejudice under Rule 41(a)(2)). Obviously, such reimbursement could very well moot the need for Forest River to seek that reimbursement under the exceptional case doctrine and truly eliminate the counterclaims Heartland now seeks to have dismissed.

Since Heartland said it would correct this flaw, certainly it will do so in short order. From the standpoint of judicial efficiency and cost savings to the parties, Forest River should be permitted to consolidate its response to this motion to a single opposition memorandum (assuming even that opposition is needed after the amendment) and to defer filing that response to this motion until at least one week after Heartland has so amended this motion.

As to ground #2, if that still remains after the terms of dismissal are seen, of course no jurisdictional discovery is requested. Forest River presently has what it needs to respond. However, piecemeal responses to this motion should be avoided, and the argument presented in its entirety in a comprehensive memorandum.

As to ground #3, it is axiomatic that a covenant not to sue is not a "release" such that all accused joint tortfeasors, Forest River and its suppliers and customers, would be free from risk of litigation under even the '650 patent and for even the presently existing products. Obviously, this defect in the covenant not to sue means that the potential for litigation remains since Forest River is possibly the indemnitor by operation of law (the U.C.C. with respect to customers under any applicable warranty of merchantability) or by agreement with its suppliers.

However, Heartland's counsel stated today that it was Heartland's intent that the covenant be interpreted so as to remove jurisdiction from this Court. Accordingly, Forest River seeks to question at his deposition Brian Brady, the signator of the covenant and President of Heartland to obtain binding and clear evidence on the record of what the scope of the covenant really is. If Mr. Brady confirms that it was Heartland's intent for Forest River's suppliers and customers to also be beneficiaries of this covenant, another blatant defect in the covenant may be cured and one less issue presented by Forest River in opposition.

As to ground #4, the only substantive difference between the literal terms of the independent claim of the '650 patent and those of pending application being reconsidered by the USPTO are the addition of a "brace" in claim 34 and the "terminus" connections of claim 50. Are those a distinction without a difference to a "person of ordinary skill in the art" under 35 U.S.C. §112? Were those truly invented by Heartland or inspired by Forest River's products after the fact? Was the purpose

of adding that claim language to facilitate a literal infringement claim against Forest River? Why was the Roadmaster declaration, Exhibit M, submitted to the USPTO with such blatant factual errors unless to support a stall tactic to keep the patent from issuing and block temporary dismissal of this lawsuit? Does Heartland intend to assert the new claims against Forest River or its customers or suppliers? Forest River intends to ask these clarifying questions at the depositions of the patent inventors and the Rule 30(b)(6) deposition of Heartland itself. The answers to such questions may clarify as to whether Forest River has a reasonable apprehension of litigation concerning the subject matter of the '650 patent even in light of the covenant not to sue. Further, the answers to such questions may help the Court to determine the most equitable "terms" to impose upon Heartland's soon to be added amendment of this motion to dismiss its own claims under Rule 41(a)(2).

As to ground #5, again the covenant in its current form is unclear. As seen, for example, in Exhibit A, at page 6, Forest River offers for sale several versions of the Silverback model travel trailers. However, not all of those actual product offerings are "presently existing." They may not actually exist until a few weeks after an order is placed. It is well known, for example, that at this time of year with the new model year approaching in July, that very few products are actually in inventory and "presently existing." Thus, as stated, does the covenant exempt only reproduction of products presently existing in inventory? Furthermore, Forest River (and virtually all RV manufacturers) will routinely customize its trailers to purchaser specs. Does the covenant mean then that only "stock" Silverback models are exempt? Next, floorplan changes within given models happen almost every new model year, but the frame design may not change. Since it is the frame design in travel trailers which is covered expressly by the '650 patent, is a new floorplan on the old frame design a "presently existing product?" If not, then Forest River would have an immediate

apprehension of continued litigation even under the '650 patent since it is presently creating the 2010 model year products for release to dealers within a few short weeks.

Heartland could have given a simple covenant not to sue under the '650 patent. After all, it virtually admitted that patent was invalid in open court, so why not make a clean break with it? Instead, Heartland chose to qualify the covenant with a "presently existing" limitation which, in the present context of the RV business, is ambiguous at the very least. The '650 patent may remain as a scarecrow patent, or it may not. To find out this and remove as much ambiguity as possible, Forest River seeks to depose Brian Brady as to Heartland's intent on these issues as well. Forest River did not draft the covenant and was not even consulted about its content prior to the filing of Heartland's motion. The covenant was, rather, sprung on Forest River as a *fait accompli.* Accordingly, the answers needed are not at all in Forest River's possession without discovery. In contrast, Mr. Brady, as the President and signator of the covenant, is probably in the best position to know what he meant when he signed the covenant.

**Conclusions:**

Postponement of response is warranted until Heartland amends the motion to correct blatant defects. Postponement of response is warranted until relevant discovery is obtained from Heartland via the pre-existing discovery requests. Piecemeal response to Heartland's motion should be avoided. Accordingly, Forest River's motion should be granted.

**Heartland's Response and L.R. 6.1(b) Recitation:**

In accordance with Local Rule 6.1, the undersigned counsel contacted David Irmscher,

counsel for Heartland, on this date via telephone and attempted to obtain Heartland's consent to the extension of time, explaining some of the issues involved in detail. At that time, Mr. Irmscher indicated that Heartland would not agree to that request because it did not believe additional discovery was needed, but that he would like to see that motion in writing before making a final decision.

**L.R. 6.1(c) Computation:**

The response to Heartland's motion to dismiss would be due today, May 29, 2009, but for this motion. If this motion is granted, that response would be due 10 days after the later of: completion of the currently outstanding discovery or Heartland's filing of the amendments to its motion to dismiss.

Dated: May 29, 2009  Respectfully submitted,

s/Ryan M. Fountain

_____
Ryan M. Fountain (#8544-71)
  *RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana  46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
Attorney for Defendant Forest River, Inc.

**Certificate of Service**

I certify that on May 29, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

| David P. Irmscher | david.irmscher@bakerd.com |
| Abigail M. Butler | abidgail.bulter@bakerd.com |

                                                                            s/Ryan M. Fountain
                                                                            _____
                                                                            Ryan M. Fountain
                                                                            Attorney for Defendant Forest River, Inc.

**INDEX OF EXHIBITS**

Exhibit A	Current Silverback product brochure - different model types shown on page 6 thereof

Exhibit B	Oct. 2 and Sept. 28, 2007 letters from Heartland to Lippert threatening lawsuit

Exhibit C	Oct. 4, 2007 response of Global to Heartland re threat of patent lawsuit

Exhibit D	April 3, 2008 email from Lippert to Forest River re hold harmless agreement

Exhibit E	Feb. 12, 2007 letter from Forest River to Heartland

Exhibit F	Aug. 29, 2008 letter from Forest River to Heartland

Exhibit G	Oct. 2, 2208 letter from Forest River to Heartland

Exhibit H	Dec. 5, 2008 IDS form submitted by Heartland to USPTO

Exhibit I	Dec. 4, 2008 Interview Summary of Heartland meeting with USPTO Examiner

Exhibit J	Dec. 5, 2008 IDS cover sheet from Heartland to USPTO

Exhibit K	Feb. 3, 2009 Notice of Allowance issued by USPTO

Exhibit L	April 30, 2009 RCE form filed by Heartland with USPTO

Exhibit M	Supplemental IDS form filed by Heartland with USPTO

Exhibit N	Current claims listing in previously allowed Heartland patent application - page 1

Exhibit O	Current claims listing in previously allowed Heartland patent application - page 2

Exhibit P	Dec. 12, 2008 Notice of Deposition for Brian Brady

Exhibit Q	Dec. 14, 2008 Request for Production to Heartland

Exhibit R	May 4, 2009 Notice of Deposition of Heartland