UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | | |
|---|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO.: 3:08-cv-490 TLS-CAN |
| FOREST RIVER, INC., | ) ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF HEARTLAND'S
MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT
MATTER JURISDICTION IN LIGHT OF COVENANT NOT TO SUE**

Plaintiff Heartland Recreational Vehicles, LLC ("Heartland") has executed the attached Covenant Not to Sue ("Covenant") (Attached as Exhibit A.) The text of the Covenant reads as follows:

> Heartland Recreational Vehicles, LLC, the owner and assignee of U.S. Patent No. 7,278,650 hereby covenants not to sue Forest River, Inc., now or in the future for liability for infringement of any claim of U.S. Patent No. 7,278,650 with respect to Forest River, Inc.'s currently existing products, whether such products are currently existing or manufactured in the future.

In conjunction with executing this Covenant, Heartland filed the subject Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction in Light of Covenant Not to Sue. Despite Forest River's arguments to the contrary, Heartland believes that the Covenant deprives this Court of subject matter jurisdiction to hear any claims of infringement or invalidity with regard to U.S. Patent No. 7,278,650 (the "'650 Patent.") For all of the reasons that follow, Forest River's arguments that subject matter jurisdiction continues to exist for its invalidity counterclaim are simply not supported by either the facts of this case or the relevant case law.

1

# ARGUMENT

As a threshold matter, two areas of perceived controversy between the parties can be eliminated. First, Forest River takes issue with the fact that Heartland failed to file a Motion for dismissal pursuant to Fed.R.Civ.Pro. 41(a)(2). Heartland submits that its moving papers and the Covenant make it abundantly clear that its intention is to dismiss its infringement claims against Forest River. Nonetheless, Heartland files concurrently herewith, a Motion to Dismiss, without prejudice, pursuant to Fed.R. Civ. P. 41(a)(2) (Attached as Exhibit B.) This filing should eliminate any question regarding Heartland's intentions to dismiss its infringement claims in this action. Second, Heartland argues that if the Court grants the instant motion, that the Court retains subject matter jurisdiction to hear a 35 U.S.C. § 285 motion for attorney's fees. Heartland does not disagree. However, such a motion is not presently before the Court.

Aside from these two discrete areas of controversy that have now been eliminated, many other areas of controversy remain. First, Forest River contends that the "totality of the circumstances" weighs in favor of the Court retaining subject matter jurisdiction to hear Forest River's invalidity counterclaim. Forest River asserts that this is so because of the possibility that Heartland may, at some unspecified time in the future, assert the '650 Patent against one of Forest River's suppliers. Forest River attempts to distinguish this factual scenario from the one set forth in *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F.Supp.2d 645 (M.D.PA. 2008).

In *Dodge-Regupol*, the plaintiff covenanted not to sue the defendant "in the future for infringement of any claim of the '723 Patent with respect to any of [defendant's] currently existing products or activities." *Id.* at 649. In conjunction with giving the aforementioned covenant, the plaintiff moved to dismiss its claims of infringement and the defendant's

2

counterclaims seeking declaratory judgments of invalidity, unenforceability, and non-infringement. *Id.* The defendant advanced many arguments that the covenant and motion to dismiss did not extinguish the Court's subject matter jurisdiction to hear defendant's declaratory judgment counterclaims, including the same argument that Forest River advances now – that the covenant was ineffective because it did not extend to "customers, installers, suppliers, or others in the chain of commerce." *Id.* at 653. The Court rejected this argument in full, finding that "potential future infringement suits are simply too speculative to provide the immediate controversy necessary to satisfy a declaratory judgment." *Id.* at 654.

Although Forest River has not argued that *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) is instructive, it is worthy of discussion because the *Dodge-Regupol* Court used it as an example of when fear of third party supplier lawsuits <u>could</u> supply the requisite controversy to allow the continuation of declaratory judgment jurisdiction. In *SanDisk*, ST's vice president of intellectual property and licensing orally stated at a meeting with *SanDisk's* intellectual property counsel that it had "absolutely no plan whatsoever to sue [SanDisk]." *Id*. at 1376. At the same meeting, however, ST brought two licensing attorneys and three experts it had retained to perform infringement analyses of SanDisk's products, and made a four to five hour presentation discussing ST's patents and SanDisk's "unlicensed activities" and "infringing" products. *Id.* Additionally, ST continued to press for a licensing agreement between the two companies and implied that infringement litigation was possible absent such an agreement. *Id.* Under these particular facts, the Federal Circuit held that the ST's actions had vitiated the effect of its oral covenant, and therefore subject matter jurisdiction remained over SanDisk's declaratory judgment claims. *Id.* at 1383. In its later decision in *Benitec v. Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007), the Federal Circuit interpreted its

3

*SanDisk* decision as making a distinction between intentions and promises, noting that ST "only stated that it did not intend to sue SanDisk; it did not say it would not sue SanDisk in the future for its alleged infringement." *Benitec*, 495 F.3d at 1347 (emphasis in original).

The instant case is distinguishable on precisely the same grounds. Heartland has given a Covenant not to sue in the future for alleged infringement. This ends any reasonable apprehension of suit. In fact, even a currently pending suit between Heartland and a supplier would not constitute a substantial controversy between Heartland and Forest River to warrant a declaration of the rights of those two parties. *Dodge-Regupol*, 585 F.Supp.2d at 654 (citing *Teva Pharm. Indus. Ltd. v. Dr. Reddy's Lab., Ltd.*, 2008 WL 630050, at *4 (D.N.J. Mar. 5, 2008)) (holding that suit between declaratory judgment defendant and customer of declaratory judgment plaintiff did not provide sufficient grounds for declaratory judgment jurisdiction). In sum, any fear, real or imagined, that Forest River has that Heartland may sue one of its suppliers on the '650 Patent is not enough to provide the "reasonable apprehension" of suit required for the Court to retain declaratory judgment jurisdiction over Forest River's invalidity counterclaim.

Forest River's next argument is equally unavailing. Forest River asserts that Heartland's continuation application that was recently allowed by the United States Patent and Trademark Office could be asserted against Forest River. (Forest River's Memorandum in Opposition to Heartland's Motion to Dismiss, p. 7.) ("Forest River's Mem.") That is true. However, that is not a proper reason for the Court to retain subject matter jurisdiction over Forest River's declaratory judgment counterclaims. Forest River takes this argument one step further, and states that rather than asserting the new patent in new litigation, Heartland is "even more likely" to use the '650 Patent "for renewed litigation with the new patent acting in a support rule." *Id.* This argument can be refuted by simply looking at the Covenant. Heartland cannot sue Forest River for

4

infringement of the '650 Patent with respect to Forest River's currently existing products, whether such products are currently existing or manufactured in the future. (*See* Covenant.) How could Heartland "renew litigation" of the '650 Patent and use the new patent "in a support role?"[1] Accordingly, the future issuance of a new patent to Heartland, no matter how similar the claims are to the '650 Patent, is not sufficient grounds for the Court to retain subject matter jurisdiction over Forest River's declaratory judgment claims.

Lastly, Forest River argues that its reluctance to expand its product line is sufficient apprehension of suit to allow the Court to retain subject matter jurisdiction over its declaratory judgment counterclaims (Forest River's Mem., p. 8.) This argument fares no better than the other two. While in some factual scenarios, reluctance to expand product lines may provide the basis for jurisdiction, the facts in the instant case do not. For example, the case cited by Forest River for this proposition is *Petersen Mfg. Co., Inc. v. Adjustable Clamp Co., Inc.*, 30 U.S.P.Q.2d 1193, 1199-1200 (N.D. Ill.1993). However, *Petersen* is easily distinguishable from the instant case. In *Peterson*, the parties had engaged in extensive discovery and pretrial preparation, and the plaintiff advised the Court in its pre-trial order that it was not "presently" asserting a number of claims against the defendant. *Id.* at 1199. The court had heard evidence concerning the invalidity of all of the claims. *Id.* In that case, the Court found that the facts provided a justiciable controversy with respect to the presently unasserted claims. *Id.* In the instant case, unlike *Petersen*, the parties are in the beginning stages of discovery, and the Court has heard no

---

[1] This argument is akin to an argument that a reissue or reexamination of the subject patent could provide a basis for declaratory judgment jurisdiction. *See, e.g., Dodge-Regupol*, 585 F.Supp.2d at 654-655 (holding that the Court is without subject matter jurisdiction to make a finding of inequitable conduct, even where the Court's ruling may have preclusive effect elsewhere); *Benitec*, 495 F.3d at 1342 (holding covenant not to sue eliminated declaratory judgment jurisdiction despite pending reexamination of patent); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 856 (Fed. Cir. 1999) (rejecting argument that covenant subjected declaratory judgment plaintiff to risk of further litigation because of the potential grant of a reissue patent and stating "the future existence of a reissue patent is wholly speculative and, therefore, cannot create a present controversy").

5

evidence regarding validity. There is no justification for the Court to retain declaratory judgment jurisdiction on these grounds.

## CONCLUSION

Heartland has done everything it needs to do to divest this Court of declaratory judgment jurisdiction to hear Forest River's counterclaims. Forest River's arguments to the contrary are based on nothing more than "what ifs." The case law is clear that fear of litigation in the future is not sufficient to allow the Court to retain jurisdiction. Moreover, Heartland's Covenant dispels any rational and reasonable fears with regard to the '650 Patent and any product that Heartland currently manufactures and sells. Accordingly, Heartland renews its request that this Court dismiss all claims involving the infringement, validity, and unenforceability of the '650 Patent.[2]

.                        BAKER & DANIELS LLP

By:   */s/ David P. Irmscher*
       David P. Irmscher (#15026-02)
       Abigail M. Butler (#22295-02)
       111 East Wayne, Suite 800
       Fort Wayne, Indiana 46802
       Tel: 260.424.8000
       Fax: 260.460.1700
       david.irmscher@bakerd.com
       abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

---

[2] Forest River suggests that it would be proper for this Court to condition dismissal upon Heartland's acceptance of a consent order that the '650 Patent is invalid. In essence, this would allow the Court to make a ruling that it has no jurisdiction to make. Rather, Heartland continues to believe that a dismissal without prejudice is appropriate given the procedural posture of this case.

**CERTIFICATE OF SERVICE**

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing HEARTLAND'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION IN LIGHT OF COVENANT NOT TO SUE was served, via U.S. Mail, upon the following, this 10th day of August, 2009:

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana 46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.

                                BAKER & DANIELS

                                */s/ David P. Irmscher*
                                David P. Irmscher