UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, <br>     Plaintiff, <br><br> v. <br><br> FOREST RIVER, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) CASE NO.:3:08-cv-490 AS- CAN <br> ) <br> ) <br> ) JURY DEMAND <br> ) |

**FOREST RIVER'S RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(2)**

Summary of Response:

    Forest River objects to a dismissal without prejudice at this stage in proceedings. Heartland has admitted its patent is invalid and is simply trying to avoid an adverse decision on the merits. Further, Heartland has unduly waited in bringing this motion and caused Forest River to incur expenses that could have been avoided by a timely motion. Further, the Covenant Not to Sue Heartland asserts is a sham and does not resolve the case in controversy such that the declaratory judgment counterclaim must remain in this case. Forest River requests that the Court not allow Heartland's claims to be dismissed voluntarily, or at the very least order those claims dismissed with prejudice or by adverse judgement and with payment of Forest River's fees and costs related to the defense of those claims.

Relevant Background Facts:

    This lawsuit was filed on October 24, 2008. On November 17, 2008, Forest River filed a

1

detailed Answer to the Complaint, setting forth specific "prior art" which in contended invalidated the patent in this lawsuit. Ever since then Heartland has repeatedly informed the Court that it was "currently analyzing whether this prior art invalidates some or all of the asserted claims. If in fact Heartland determines that the asserted claims are invalid, Heartland is prepared to dismiss all of its claims against Forest River." See, for example, footnote 1 of Heartland's Memorandum of December 12, 2008, docket #13 in this case. On May 5, 2008, without having the need for any inter-party discovery as part of that analysis, Hartland executed the Covenant Not to Sue because, as admitted by Brian Brady, Heartland's president, Heartland's attorneys contacted him last Winter and concluded that prior art did indeed invalidate the patent in suit. See Exhibit A, excerpt from Brady Deposition.

On May 11, 2009, Heartland filed a third motion to dismiss (docket #43), this time alleging a lack of jurisdiction based upon the Covenant Not to Sue. Prior and incident to filing a motion for extension of time to respond to that third dismissal attempt, Forest River contacted Heartland and pointed out the obvious defect in its motion, namely that while Heartland had sought to dismiss Forest River's claims against the patent, Heartland itself had not dismissed its own claims for patent infringement. See, for example, ¶1 of page 5 of docket #43. Still, Heartland has waited an additional three months to correct that deficiency. In the meantime, Forest River has conducted three depositions, produced large numbers of documents to Heartland and responded to numerous interrogatories of Heartland. Some of that work would have to have been done anyway to deal with the remaining issues in this case. Some of it, however, clearly could have been avoided.

In the meantime, Heartland has played it safe, not filing the present motion to dismiss its own claims until after the United States Patent and Trademark Office ("USPTO") announced, on July 29,

2

2009, the issuance of the next Heartland patent, No. 7,575,251. See Exhibit B, USPTO Notice. The significance of this new patent has been discussed in detail in Forest River's Memorandum in Opposition, docket #48. Briefly, however, Heartland took the prior art information provided by Forest River in this lawsuit back to the USPTO and, in an ex parte proceeding that Forest River was not permitted to participate in, was able to convince the USPTO to allow a second patent to issue on the same invention as the patent in this lawsuit. Nominally, at least, that action has the practical effect of shifting the burden of proof for invalidity of the second patent based upon that prior art to a higher standard and provides Heartland with a substantial strategic advantage in enforcement of both patents.[1]

Moreover, the Covenant Not to Sue applies only to the first patent and not the second patent. Thus, Heartland is now free to drop its claims under the first patent and renew litigation under the second patent, having upped the legal burden on Forest River by tactical use of this lawsuit. That is how the "submarine patent" game is played.

Applicable Legal Standards:

Fed. R. Civ. P. 41(a)(2) permits the Court to dismiss a plaintiff's claims "on terms that the court considers proper." Further, "if a defendant has pleaded a counterclaim before being served with plaintiff's motion to dismiss, the action may be dismissed over defendant's objection only if the counterclaim can remain pending for independent adjudication." The purpose of this rule is to

---

[1] Forest River asserts that the second patent was obtained by fraud and inequitable conduct in proceedings before the USPTO, particularly in connection with the personal meeting with the Patent Examiner which took place on December 5, 2008 and was "off the record." If that is proven, then the burden of proof against the second patent does not so shift, but that defense is itself subject to a higher than normal burden of proof.

preserve a plaintiff's right to take a voluntary nonsuit, but only if the defendant is not prejudiced. *Marlow v. Winston & Strawn,* 19 F. 3d 300, 303 (7th Cir. 1994).

In ruling on a motion for voluntary dismissal, the Court must make three determinations: whether to allow the dismissal at all, whether to allow it with or without prejudice, and what terms and conditions are appropriate. *Bernette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993); Moore's Federal Practice 3d, §41.40[1], pages 41-131-133. Whether a motion of this type is to be granted at all is within the discretion of the court, but dismissal should not be allowed if the defendant will suffer plain legal prejudice. *H.H. v. Ind. Bd. of Special Educ. Appeals*, 2008 W. L. 1776406, at *3 (N.D. Ind. 2008). The motion should be denied where the plaintiff was merely seeking to avoid adverse determination on the merits. *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F. 3d 1380, 1383 (7th Cir. 1993). There are several other factors that can merit denying the motion, including excessive delay and lack of diligence in bringing the motion and the timing of the motion. *Rattkovich v. Kline*, 951 F. 2d 155, 157-8 (7th Cir. 1991).

The court may include terms and conditions in its order of dismissal to prevent prejudice to the defendant. *McCall-Bey v. Franzen*, 777 F. 2d 1178, 1183-1184 (7th Cir. 1985). If the dismissal is to be made without prejudice, the court typically conditions dismissal upon payment of defendant's attorneys fees and costs. *Marlow*, 19 F. 3d., at 303. The Court can also condition dismissal on it being "with prejudice." *Id.*, at 305.

Analysis of the Present Motion:

Clearly, the motion to dismiss was filed to avoid an adverse decision on the merits. Brian Brady, the first named inventor on the patent as well as the president of Heartland admitted that he

signed the covenant not to sue because he believed that the prior art which was cited by Forest River last November invalidated his patent. That deposition evidence clearly presages a defeat on the merits for Heartland. Heartland knew that last winter that the patent was invalid. Six months later, at Mr. Brady's eventual deposition (originally Noticed for January 6, 2009, but postponed at his request until June15, 2009) he admits defeat and that he knew defeat was coming way back then. Eight months, several motions, three depositions, numerous interrogatory answers and document production requests after Heartland knew the patent was invalid, it files a motion to dismiss. That action is clearly bad faith and seeks to deny Forest River its declaratory judgement of invalidity.

The delay in filing this motion was intentional and for the sole purpose of making sure that second patent would be allowed by the USPTO and issued with the higher burden of proof imposed upon anyone attacking its validity. See, e.g., *Abbott Laboratories v. Syntron Bioresearch, Inc.*, 334 F. 3d 1343, 1357 (Fed. Cir. 2003)(the fact that patent examiner already saw the prior art and allowed the patent anyway is a factor adverse to meeting the burden of proof of invalidity). Heartland played this lawsuit, taking up the time of the Court and of Forest River, in an attempt to make its patents more "bullet proof" in the future. Whether it sues Forest River, Global, or Lippert (parties Heartland has already accused of infringement of its invention rights) for infringement of the second patent or not, Heartland has obtained a tangible legal benefit against anyone desiring to use the claimed invention. And now, Heartland wants to walk away Scott-free.

The impact of this motion on the counterclaims in this case is presented in detail in Forest River's Memorandum in opposition to the co-pending motion to dismiss, docket #48, and need not be repeated herein.

Therefore, this Court should deny the present motion. The issue of patent validity is nearly

5

ripe for a decision on the merits anyway. Forest River has obtained the critical admission in discovery and should not be cut off from ending the dispute with a decision on the merits. Heartland should not be allowed to play the submarine patent game on this Court and Forest River and then create a legal prejudice against everyone else.

At the very least, the claims should be dismissed with prejudice so that Forest River has the benefit it would otherwise have on the merits: the first patent is invalid and cannot be used against it again. Alternatively, if Heartland wants the right to sue Forest River under that patent again, Forest River should be reimbursed for all of its expenses and costs associated with defending against the patent claims in this lawsuit.

Dated: August 28, 2009

Respectfully submitted,

s/Ryan M. Fountain

_____
Ryan M. Fountain (#8544-71)
    *RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana 46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
Attorney for Defendant Forest River, Inc.

**Certificate of Service**

I certify that on August 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

David P. Irmscher    david.irmscher@bakerd.com
Abigail M. Butler    abidgail.bulter@bakerd.com

s/Ryan M. Fountain

_____
Ryan M. Fountain
Attorney for Defendant Forest River, Inc.