# UNITED STATES DISTRICT COURT
## Northern District of Indiana
## South Bend Division

| | | |
|---|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:08-cv-490 TLS-CAN |
| | ) | |
| FOREST RIVER, INC., | ) | |
| Defendant. | ) | |

## REPLY MEMORANDUM IN SUPPORT OF
## HEARTLAND'S RULE 41(a)(2) MOTION FOR VOLUNTARY DISMISSAL

Heartland Recreational Vehicles, LLC ("Heartland") wishes to voluntarily dismiss its

patent infringement claims against Forest River, Inc. ("Forest River").  To that end, Heartland

filed its Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction in Light of

Covenant Not to Sue (Document No. 42) on May 11, 2009.  On May 9, 2009, Heartland also

executed the attached Covenant Not to Sue ("Covenant") (Attached as Exhibit A.)  The text of

the Covenant reads as follows:

> Heartland Recreational Vehicles, LLC, the owner and assignee of
> U.S. Patent No. 7,278,650 hereby **covenants not to sue Forest
> River, Inc., now or in the future for liability for infringement
> of any claim of U.S. Patent No. 7,278,650** with respect to Forest
> River, Inc.'s currently existing products, whether such products are
> currently existing or manufactured in the future.

(emphasis added).  Finally, on August 10, 2009, Heartland filed the instant Motion for Voluntary

Dismissal Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  (Document No.

54.)[1]  Since May 2009, when it filed its Motion to Dismiss Certain Claims for Lack of Subject

Matter Jurisdiction and executed the Covenant Not To Sue, it has been Heartland's intent to

dismiss its patent infringement claims against Forest River.

Forest River opposed Heartland's Motion to Dismiss Certain Claims for Lack of Subject

Matter Jurisdiction, in large part because it claimed that it did not divest the Court of subject

matter jurisdiction to make a determination relating to invalidity and inequitable conduct.  To the

extent Forest River continues to assert that the Court has subject matter jurisdiction over its

invalidity and inequitable conduct counterclaims, Heartland disagrees and relies upon its

arguments as set forth in both of its Memoranda in Support of its Motion to Dismiss Certain

Claims for Lack of Subject Matter Jurisdiction (Document Nos. 42 and 53).

## ARGUMENT

Forest River now argues that Heartland should not be entitled to dismiss its own

infringement claims, and should also be required to defend the validity and enforceability of a

patent that it has clearly said it will not assert against Forest River.  Forest River also argues that

should the Court allow Heartland to dismiss its patent infringement claims, such a dismissal

should be **with** prejudice, as opposed to **without** prejudice.

In support of its position, Forest River first argues that it has been prejudiced by the fact

that it has continued to take discovery during the time that Heartland's motions to dismiss have

been pending.  This argument is wholly without merit.  As an initial matter, Forest River would

not be in this litigation were it not for its refusal to provide Heartland with the prior art that

Forest River asserted invalidated the patent in suit.  Despite Heartland's repeated requests, Forest

---

[1]  Through inadvertence and mistake, Heartland filed its motion to dismiss under F.R.C.P. 12(h)(3), rather than F.R.C.P. 41(a)(2).  However, Heartland submits that even a cursory review of both of its Motions to Dismiss and its Covenant Not To Sue should have put Forest River on notice that Heartland no longer intended to pursue its infringement claims based upon U.S. Patent No. 7,278,650 (the "patent in suit").

BDDB01 5834219v1

River continued to withhold the prior art, and Heartland was forced to file this lawsuit in order to get it. Once Heartland provided the prior art to Heartland, counsel for Heartland analyzed it and made the strategic decision to give Forest River a Covenant Not To Sue and to move for the dismissal of the claims regarding the infringement, validity, and unenforceability of the patent in suit. From at least as early as May 2009, Forest River has known that Heartland no longer intended to assert the patent in suit against Forest River. Nonetheless, Forest River has continued to take discovery it knows will be largely irrelevant, including taking 6 depositions, serving 6 third party subpoenas, and propounding a second set of document requests. Forest River has needlessly and wastefully expended time and money on irrelevant discovery, and now asks that Heartland pay the price for all of this unnecessary activity.

Forest River also argues that Heartland should not entitled to dismiss its patent infringement claims because Heartland has recently been granted a new patent from the United States Patent and Trademark Office, on the basis that Heartland may therefore attempt to "renew" this litigation by asserting its new patent against Forest River. **Heartland has given a Covenant not to sue in the future for alleged infringement of the patent in suit.** Heartland cannot assert any claim of the patent in suit against Forest River. Whether Heartland chooses to assert a claim of infringement relating to a new patent in an entirely separate inquiry, and has nothing to do with the instant litigation. No litigation can continue with respect to the patent in suit, so how could Heartland use a new patent to "renew litigation" of the patent in suit? Accordingly, the future issuance of a new patent to Heartland, no matter how similar the claims are to the patent in suit, is not sufficient grounds for the Court to retain subject matter jurisdiction over Forest River's currently pending declaratory judgment claims.

BDDB01 5834219v1

Forest River also argues that if the Court grants Heartland's motion to dismiss, it should do so with prejudice. Heartland does not disagree that the Court has the discretion to grant a voluntary dismissal with our without prejudice, and it also agrees that several factors may be considered when making this determination:

> [F]actors to be considered in examining motions to dismiss may properly include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting this action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant."

*Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). However, Heartland believes that none of these factors are present here, and that therefore, Heartland's voluntary dismissal should be granted without prejudice.[2]

As Heartland argued in its briefing in support of its Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction, Heartland believes that a dismissal without prejudice is appropriate given the procedural posture of this case. As discussed above, prior to filing the instant lawsuit, counsel for Heartland asked counsel for Forest River to give it any and all prior art Forest River claims invalidates the patent in suit. Counsel for Forest River refused to provide this prior art, and Heartland saw it for the first time in Forest River's Answer, Defenses, and Declaratory Judgment Counterclaims. Contrary to Forest River's contentions, the time this case has been pending is minimal, and does not dictate against a dismissal without prejudice. This lawsuit was filed on October 24, 2008, and since that time, the parties have been embroiled in litigation over several motions to dismiss. Heartland first moved to dismiss its patent infringement claims against Forest River on May 11, 2009, less than 8 months after the lawsuit

---

[2]   Forest River also suggests that it would be proper for this Court to condition dismissal upon Heartland's acceptance of a consent order that the '650 Patent is invalid. In essence, this would allow the Court to make a ruling that it has no jurisdiction to make. Rather, Heartland continues to believe that a dismissal without prejudice is appropriate given the procedural posture of this case.

BDDB01 5834219v1

was filed.[3]  Any delay and expense that Forest River has incurred since May, 2009 is attributable to Forest River's behavior in this litigation.  Aside from engaging in voluminous unnecessary discovery, Forest River also moved for an extension to respond to Heartland's Motion to Dismiss, and thereby delayed the disposition of the issue by at least 30 days.  Taken together, the procedural posture of this case dictates that dismissal be granted, and that the dismissal be without prejudice.

### CONCLUSION

Heartland's Motions to Dismiss and Covenant Not To Sue dispel any rational and reasonable fears with regard to the patent in suit.  Accordingly, Heartland renews its request that this Court grant the instant motion, and further that the dismissal be without prejudice.

.                                                       BAKER & DANIELS LLP


By:    */s/ David P. Irmscher*
          David P. Irmscher (#15026-02)
          Abigail M. Butler (#22295-02)
          111 East Wayne, Suite 800
          Fort Wayne, Indiana  46802
          Tel: 260.424.8000
          Fax: 260.460.1700
          david.irmscher@bakerd.com
          abigail.butler@bakerd.com

          ATTORNEYS FOR PLAINTIFF,
          HEARTLAND RECREATIONAL
          VEHICLES, LLC

---

[3]   After Forest River disclosed the prior art in its Answer, Heartland immediately took steps to verify its status as prior art and to analyze it in conjunction with the claims of the patent in suit, including getting additional documents and engaging in interviews with those knowledgeable about the reference.

BDDB01 5834219v1

## CERTIFICATE OF SERVICE

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF HEARTLAND'S RULE 41(a)(2) MOTION FOR VOLUNTARY DISMISSAL was served upon the following, this 9th day of September, 2009, by operation of the Court's ECF system:

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana 46544-1902

ATTORNEY FOR DEFENDANT
FOREST RIVER, INC.


BAKER & DANIELS


/s/ David P. Irmscher
David P. Irmscher

BDDB01 5834219v1