# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | | |
|---|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO.: 3:08-cv-490 TLS-CAN |
| FOREST RIVER, INC., | ) ) | |
| Defendant. | ) | |

## HEARTLAND'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS TO NON-PARTIES

Pursuant to Rules 26(c) and 45(c)(3) of the Federal Rules of Civil Procedure, Plaintiff Heartland Recreational Vehicles, LLC ("Heartland") respectfully moves this Court for a protective order quashing the subpoenas duces tecum issued by Forest River, Inc. ("Forest River") to non-parties RSM McGladrey, Inc., Fifth Third Bank, and Crowe Horwath, LLC (the "Non-Parties"). In support of this Motion, Heartland states the following:

1. On August 28, 2009, Forest River issued subpoenas duces tecum to each of the Non-Parties. True and accurate copies of these subpoenas are attached as Exhibits A, B, and C.

2. The requests seek financial information pertaining to the '650 patent and any continuation, divisional, and continuation in part patent applications arising out of the '650 patent, including, but not limited to, documents and things relating to the following: (a) licenses or assignments of rights in the '650 patent; (b) security agreements involving the '650 patent; (c) valuations of the '650 patent and any continuation, divisional, or continuation in part patents arising from the '650 patent; and (d) any agreement between Fifth Third Bank and another party in which the '650 patent was a factor in the decision to enter that agreement. The subpoenas also

contain the exceedingly broad request for documents and things related to "[t]he above-identified litigation between Forest River, Inc., and Heartland Recreational Vehicles, LLC."

3. Federal Rule of Civil Procedure 26(c)(1) permits the Court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In accordance with this Rule, the Court may "[forbid] the disclosure or discovery]" of information. *Id.*

4. Federal Rule of Civil Procedure 45(c)(3)(B)(i) permits the Court to quash or modify a subpoena if it requires the disclosure of "a trade secret or other confidential research, development, or commercial information." Moreover, "[w]hen confidential information is being sought, 'the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information.'" *Concord Boat Corp.*, 1996 WL 705260, at *2 (quoting *Stanley Works v. Newell Co.*, 1992 WL 229652 at *2 (N.D. Ill. 1992)).

5. In determining whether to preclude or limit the discovery of confidential information sought by a subpoena, courts consider the following five factors:

  (a) the relevance of the requested information to the underlying litigation;

  (b) the seeking party's need for the information;

  (c) whether the requests are burdensome;

  (d) the fact that the party from whom discovery is being requested is a non-party to the underlying case; and

  (e) the fact that the disclosure would be made to competitors. *Id*.

6. The above factors weigh overwhelmingly in favor of quashing the subpoenas. First, the information requested by Forest River has little or no relevance to the underlying

litigation and is not reasonably calculated to lead to the discovery of relevant evidence. *See McGrath v. Everest Nat'l Ins. Co.*, 2008 WL 2557444, at *1 (N.D. Ind. June 23, 2008) (recognizing that the reach of a subpoena is subject to this relevance standard). These requests apparently seek information pertaining to Forest River's allegation of inequitable conduct. However, none of the requests are likely to yield evidence relevant to the question of whether Heartland intended to deceive the United States Patent and Trademark Office or whether it withheld material prior art during its prosecution of the '650 patent. **Heartland has already produced information regarding the value of the '650 patent at the time the patent issued.** The instant requests seeks information and documents that are (1) well beyond the time period relevant to Forest River's inequitable conduct claim, and (2) completely unrelated to the prosecution of the '650 patent. The requests also seek information regarding intangible assets with no relevance to this case. Thus, the requests are overly broad, unduly burdensome, and not reasonably calculated to lead to relevant information, as required by Federal Rule 26(b)(1), and represent nothing more than an attempt to conduct an impermissible fishing expedition.

7. Second, the vast majority of the discovery sought contains information that is not generally known and which Heartland does not make publically available. This information constitutes confidential "commercial information" subject to protection from discovery under Rule 45(c)(3)(B)(i). *See Concord Boat Corp. v. Brunswick Corp.*, 1996 WL 705260, at *2 (N.D. Ill. Dec. 4, 1996). Heartland and Forest River are fervent, contentious competitors in the RV industry. The production of this comprehensive, confidential commercial information would have severe detrimental effects on Heartland and could provide a competitive advantage to Forest River.

8. Specifically, the documents responsive to these requests contain **<u>comprehensive appraisals of Heartland's entire business, including valuations of all of Heartland's intangible assets</u>**. The production of this information would provide Forest River, Heartland's competitor, substantial insight into Heartland's operations, its assets, its profitability, and its past, present, and future business strategy. This information has only been provided to the accountants, appraisers, and financial service providers of the Non-Parties in order to complete necessary assessments of the value of Heartland's business, and Heartland expects the Non-Parties to maintain its confidentiality in accordance with their professional and fiduciary duties. Because of the value Heartland enjoys from its secrecy and the competitive value Forest River could derive through its acquisition, such information meets the threshold necessary to establish it as protectable "commercial information" pursuant to Rule 45(c)(3)(B)(i). *See Nat'l Claims Mgmt. Corp. v. Mercedes-Benz of N. Am., Inc.*, 1998 WL 27136, at *1 (N.D. Ill. Jan. 15, 1998) (quashing subpoena seeking information regarding the profitability and operations of party's competitor because it could cause "undue harm through adverse economic consequences").

9. The facts set forth above weigh overwhelmingly in favor of quashing the subpoenas. First, as already noted, the information requested by Forest River has little or no relevance to the underlying litigation and is not reasonably calculated to lead to the discovery of relevant evidence. Second, due to the limited probative value of the information to Forest River's claims, Forest River cannot claim a need sufficient to outweigh Heartland's interest in protecting the confidentiality of the information. Finally, as this litigation has demonstrated, Heartland and Forest River are fervent, contentious competitors in the RV industry. The production of this comprehensive, confidential commercial information would have severe detrimental effects on Heartland and could provide a competitive advantage to Forest River.

WHEREFORE, Heartland respectfully requests that the Court enter an Order quashing, in their entirety, the subpoenas issued to Non-Parties RSM McGladrey, Inc., Fifth Third Bank, and Crowe Horwath, LLC and awarding Heartland all other just and proper relief.

BAKER & DANIELS LLP

By: */s/ David P. Irmscher*
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana 46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

**CERTIFICATE OF SERVICE**

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing HEARTLAND'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS TO NON-PARTIES was served upon the following, this 28th day of September, 2009, by operation of the Court's ECF system:

>Ryan M. Fountain
>420 Lincoln Way West
>Mishawaka, Indiana 46544-1902

>*/s/ David P. Irmscher*
>David P. Irmscher