IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC | ) ) ) |
| Plaintiff, | ) |
| vs. | ) CASE No. 3:08cv490 RLM |
| FOREST RIVER, INC. | ) ) |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

The Court, pursuant to Fed. R. Civ. P. 26(c) and for good cause shown, hereby enters the following Protective Order:

1. A party may designate, in good faith, in whole or in part, any document, thing, or information (collectively "material") as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if such party believes that such material is confidential, or trade secret information. Such material is properly designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if it falls into at least one of the following categories:

(a) products or descriptions of products that the parties have not yet made available to customers;

(b) design and development information;

(c) costs of production or marketing related to any product;

(d) corporate revenue or earnings, or value of or purchase of corporate assets;

(e) financial plans;

(f) the organizational structure of or financing for either party;

(g) licenses, contracts or other agreements subject to confidentiality between or among the parties to the agreement;

(h) accounting records, tax records, and banking statements;

(i) stock holdings, stock sales, or stock prices that have not been made publicly available; and

(j) information related to the valuation of intellectual property.

2. Notwithstanding any designation under paragraph 1, information or material will not be considered "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if it (a) was lawfully in the receiving party's possession, with no obligation of confidentiality, prior to the inspection or production of the information or material produced in this action; (b) is in the public domain at the time of the disclosure; (c)becomes a part of the public domain through no fault of the party receiving information under this Protective Order, but only after the information is published or comes into the public domain; or (d) was or shall be lawfully obtained from a source or sources not under an obligation of confidentiality.

3. Unless otherwise ordered by the Court, access to material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or reveals the substance of material so designated, shall be limited to:

(a) outside counsel of record in this litigation and employees of those counsel who are legally obligated to not disclose the information they come in contact with as employees of those counsel;

(b) third persons not employed by either of the parties, such as expert witnesses and consultants, who first sign the confidentiality agreement attached hereto as Exhibit A, provided that:

(i) The party desiring to disclose "CONFIDENTIAL –ATTORNEYS' EYES ONLY" information received from the disclosing party first notifies the disclosing party in writing of its intent to disclose "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information to that third person and provides a curriculum vitae of

that third person to the disclosing party, and

(ii) the disclosing party does not object to the disclosure to that third

person within ten days of receiving that written notice, that objection being subject to

judicial review if unreasonable.

(c) the Court and its staff, including court reporters engaged in this litigation,

subject to submission according to the local filing rules for protecting confidential

information and trade secrets.

5. Material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be

maintained and kept at all times in a secure place.

6. If a party receiving "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or

any member of the public desires to disclose that information to someone other than those permitted

disclosure under this Order or to have the designation removed, it shall first request permission in

writing for such from the disclosing party. The disclosing party shall respond to that request in

writing within ten days either granting the request or, if refusing the request, stating the reasons for

the refusal. If the request is not granted, the requesting party may thereafter seek relief from the

Court.

4. Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall

only be used for purposes of this litigation, unless otherwise agreed by the parties. The obligations

under this Order survive termination of this litigation. This Order may be altered by further Order of

this Court.

Dated this 19th day of October, 2009.

**BY THE COURT:**

S/Christopher A. Nuechterlein
United States Magistrate Judge

AGREED AND STIPULATED:

**Dated:** October 16, 2009

By: _/s/ David P. Irmscher_
David P. Irmscher
Abigail M. Butler
BAKER & DANIELS LLP
111 East Wayne Street, Suite 800
Fort Wayne, IN 46802
Tel. (260) 424-8000
Fax. (260) 460-1700
ATTORNEYS FOR HEARTLAND
RECREATIONAL VEHICLES, LLC

**Dated:** October 16, 2009

By: _/s/ Ryan M. Fountain_Ryan M. Fountain
420 Lincoln Way West
Mishawaka, IN 46544
Tel. (574) 258-9296
Fax. (574) 256-5137
ATTORNEY FOR FOREST RIVER, INC