# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC,     Plaintiff, | ) ) ) ) CASE NO.:3:08-cv-490 |
| v. | ) ) |
| FOREST RIVER, INC.,     Defendant. | ) JURY DEMAND ) |

**FOREST RIVER'S SUR-REPLY IN OPPOSITION TO HEARTLAND'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS TO NON-PARTIES [DOCKET#57]**

In its Reply in Support of its Motion for Protective Order (Docket Entry 71), Heartland asserts for the first time that Forest River "already has evidence clearly identifying who owns the '650 patent," attaches a copy of the 2005 assignment of the patent, and presents the deposition testimony of Catterton Partners asserting that Heartland Recreational Vehicles, LLC is the owner of the patent (Reply at pages 2-3). However, since receiving that Reply, Forest River has discovered the attached Patent Collateral Agreement, executed by Heartland in 2008, which refers to a Security Agreement which contains another, later "assignment, mortgage, pledge and security interest in the patents" including the patent in this lawsuit (see the last paragraph of page 1 and Schedule A on the last page thereof). Therefore, we know some form of additional assignment does exist, in addition to a security interest, which came after the assignment to Heartland RV and prior to this lawsuit. We do not yet know what that recent assignment specifies. It is well established that assignment of patent rights may make the assignee an indispensable party to litigation. *E.g., Minco, Inc. v. Combustion Engineering, Inc.,* 95 F. 3d 1109, 1116-17 (Fed. Cir. 1996)(assignee holds title to

1

patent; general rule that the right to sue depends upon the intent manifested in the assignment agreement). Accordingly, more information is needed about the assignment to Fifth Third itself and what the intent of that assignment was.

In addition, that same Patent Collateral Agreement shows that a security interest exists in Fifth Third Bank as to the proceeds of any infringement litigation, "together with the right to use and collect for said damages" (see subparagraph ii of page 1 therein). Therefore, if Heartland is in default of the loan, then Fifth Third has the right to sue for infringement as a party because of those security interest rights. In this case, since Mr. Brady has already admitted that the patent is ineffective in light of the evidence found by Forest River and there are no infringement proceeds owed by Forest River, so much so that he executed a covenant not to sue (see Docket Entry 43, Exhibit A), the patent and infringement proceeds of this lawsuit appear to now have zero value, making Heartland in default of the loan if the value of the patent was a substantial portion of the collateral given for the loan by Fifth Third. Accordingly, Fifth Third may now have the right to exercise that security interest and sue for any infringement. Since the covenant not to sue was not a "release" and was personal to Heartland, Fifth Third may not be bound by that agreement. Therefore, Forest River may be subject to multiple litigation and, thereby, Fifth Third may be an indispensable party to this lawsuit. *See, Tracfone Wireless, Inc. v. US/Intelicom, Inc.*, 202 F.R.D. 321, 324 (S.D. FL 2001)("Court finds that [security interest in the patent] gives him a stake" in the litigation and can make party indispensable under Fed. R. Civ. P. 19). Accordingly, more information is needed to determine the relative value of the patent and litigation proceeds to the total collateral value given for the loan.

The discovery requested from the third parties which is the subject of this motion is

reasonably calculated to lead to obtaining the information needed here. Since the matter of proper joinder of parties is obviously one of jurisdiction and jurisdictional issues can be raised at any time during the litigation once discovered, this discovery is timely and necessary. Therefore, the motion by Heartland to block this discovery should be denied.

Dated: November 12, 2009

Respectfully submitted,

s/Ryan M. Fountain

_____

Ryan M. Fountain (8544-71)
     *RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana 46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
ATTORNEY FOR DEFENDANT

Certificate of Service:

I certify that a copy of the foregoing document was served upon the Plaintiff in this case by depositing that copy with the United States Postal Service for delivery via First Class mail, postage pre-paid, on November 12, 2009, addressed for delivery to the following counsel for that party:

    David P. Irmscher
    Baker & Daniels
    111 East Wayne, Suite 800
    Fort Wayne, IN 46802

s/Ryan M. Fountain

_____

Ryan M. Fountain