```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

| | |
|---|---|
| HEARTLAND RECREATIONAL ) | |
| VEHICLES, LLC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:08-CV-490 TLS |
| v. ) | |
| ) | |
| FOREST RIVER INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

On September 28, 2009, Plaintiff, Heartland Recreational Vehicles, LLC ("Heartland") filed a motion for protective order to quash subpoenas on non-parties. On October 26, 2009, Defendant, Forest River Inc. ("Forest River"), filed a response in opposition. On November 4, 2009, Heartland filed a reply. Heartland argues that the information that Forest River seeks from Heartland's bank and accountants is highly confidential, is not relevant and will not reasonably lead to relevant evidence. Forest River argues otherwise. Finally, on November 12, 2009, Forest River filed a motion for leave to file a sur-reply. For the following reasons, Heartland's motion to quash subpoenas is **GRANTED**, [Doc. No. 57], and Forest River's motion for leave to file sur-reply is **DENIED AS MOOT**. [Doc. No. 72].

### I.     RELEVANT BACKGROUND

On October 24, 2008, Heartland filed a complaint alleging patent infringement. On November 17, 2008, Forest River filed its answer and asserted two counterclaims against Heartland. In addition to arguing trademark infringement, Forest River alleged that a disputed patent design, the "'650 patent," was invalidly issued to Heartland and is, therefore, unenforceable by Heartland. While it is not entirely clear why Forest River believes the '650

patent was improvidently issued, it seems that Forest River hypothesizes that, pursuant to the '650 patent application, Heartland mislead the US Patent and Trademark Office ("USPTO") regarding the extent of the particular, product-design's use in the Recreational Vehicle industry and that Heartland "illegally" minimized the "prior art" status of the to-be patented design.

On August 28, 2009, Forest River served three subpoenas *duces tecum* on non-parties, Fifth Third Bank, RSM McGladrey Inc. ("McGladrey"), and Crowe Horwath, LLP ("Crowe"). The subpoenas seek financial information pertaining to the '650 patent, including: licenses or assignments of rights in the '650 patent; (b) security agreements involving the '650 patent; (c) valuations of the '650 patent and any continuation, divisional, or continuation in part patents arising from the '650 patent; and (d) any agreement between Fifth Third Bank and Heartland or any other third party in which the '650 patent was a factor in the decision to enter that agreement. In addition, the subpoenas seek any documents relating to communications between Heartland's attorneys, the subpoenaed non-parties and the USPTO, to which the non-parties may have been privy.

On September 28, 2009, Heartland filed a motion for protective order to quash the subpoenas. Heartland contends that Forest River's subpoenas do not seek relevant information but are rather attempts by Forest River, an opponent in this litigation and a commercial competitor, to impermissibly obtain Heartland's confidential financial information. Heartland chiefly responds that Forest River's assertions of relevance are based entirely upon "conspiracy theories" and are insufficient to justify such broad intrusion into Heartland's confidential information.

This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.   ANALYSIS**

A court must modify or quash the subpoena if it subjects a person to an undue burden or requires the disclosure of privileged or other protected matter and no exception or waiver applies. Fed. R. Civ. P. 45(3)(A)(iii), (iv); Bonutti v. Lehman Bros., Inc., 2005 WL 2848441 at 2 (N.D. Ill. 2005). A party seeking to quash a subpoena bears the burden of proving that it is unduly burdensome. See LaSalle Nat. Assoc. v. Nomura Asset Capital Corp., 2003 WL 21688225 at *1 (N.D. Ill. 2003).

Further, under Fed. R. Civ. P. 45(3)(B)(i), a court may quash a subpoena if it discloses trade secrets or other confidential research, development, or commercial information. Additionally, "[w]hen confidential information is being sought, 'the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information.'" Concord Boat Corp. v. Brunswick Corp., 1996 WL 705260 at *2 (N.D. Ill. 1996) (quoting Stanley Works v. Newell Co., 1992 WL 229652 at *3 (N.D. Ill. 1992)). This Court has substantial discretion to decide which information is protected and how it is protected. See Ball Mem'l Hosp., Inc. v. Mutual Hosp. Ins., Inc., 784 F.2d 1325, 1346 (7th Cir. 1986).

Heartland contends that the information Forest River, a "fervent, contentious competitor" seeks is confidential commercial information which, if disclosed, would have "severe detrimental effects on Heartland and could provide a competitive advantage to Forest River."

3

In determining whether to preclude or limit the discovery of confidential information sought by a subpoena, courts consider the following factors:

(a) the relevance of the requested information to the underlying litigation;

(b) the seeking party's need for the information;

(c) whether the requests are burdensome;

(d) the fact that the party from whom discovery is being requested is a nonparty to the underlying case; and

(e) the fact that the disclosure would be made to competitors.

Concord Boat Corp., 1996 WL 705260 at *2 (N.D. Ill. 1996) (quoting Stanley Works, 1992 WL 229652 at *3).

With respect to the relevance of the requested information, Heartland argues that the information Forest River seeks has little or no relevance to the present lawsuit and is not reasonably calculated to lead to the discovery of relevant evidence.

Forest River, not surprisingly, argues opposite. According to Forest River, each of these three non-parties has, at some point, evaluated the value of the '650 Patent, either directly or indirectly. For instance, in 2007, McGladrey conducted a valuation of the patent application for Heartland, prior to the patent's final approval by the USPTO. Thereafter, Fifth Third Bank held the '650 Patent as collateral, in some form, in exchange for a $7 million loan to Heartland. Finally, in 2008, Crowe conducted an audit of all of Heartland's operations and, Forest River believes that Crowe was provided information regarding the value of the '650 Patent by Heartland pursuant to the company audit.

As such, Forest River contends that any documents addressing a prior valuation of the '650 patent, that may be in the possession of these non-parties, may be relevant to evidence: (1) whether Heartland may have deliberately mislead the USPTO regarding the actual status of the

4

prior art of the to-be patented design; or (2) whether Heartland may have used the subsequently issued, and "illegally-obtained" '650 patent to create unfair competition against Forest River. For example, Forest River asserts that, following the first McGladrey valuation of the patent in 2007, there may have been a subsequent valuation by McGladrey because the valuation amounts are different between McGladrey's 2007 valuation and the valuation of the patent at the time Heartland was restructured, shortly thereafter. Forest River speculates that this sudden change in the valuation may have been the result of pressure by Heartland to cover up Heartland's knowledge that the '650 patent was not legally sustainable and therefore potentially valueless. In a similar vein, Forest River contends that Heartland may have given information regarding the potential legal weakness of the '650 patent to Crowe as part of Crowe's overall audit of Heartland in 2008, potentially evidencing Heartland's knowledge of the fraud that Forest River alleges was committed when Heartland secured the '650 patent. Finally, Forest River argues that Heartland may have also artificially inflated the value of the '650 patent in order to secure a loan from First Source bank during a period of financial crisis, allegedly for the purpose of artificially propping up Heartland's business while its competitors, including Forest River, were struggling. Pursuant to each of these theories, Forest River contends that it is entitled to full disclosure of every communication and document associated with each of these financial events and held by the three subpoenaed non-parties.

Heartland responds that the documents sought are not relevant for the reasons stated, contending that Forest River's hypotheses are merely unsupported "conspiracy theories" and "groundless assumptions," asserted to justify access to confidential commercial information that would otherwise be undiscoverable in this suit. Heartland also asserts that Forest River has already undertaken substantial discovery regarding ownership and value of the '650 patent, including taking numerous depositions of Heartland employees and receiving extensive

5

document disclosures addressing the ownership of the '650 patent and the results of the first McGladrey valuation. Finally, Heartland contends that Forest River's subpoena requests are both vague and over broad, seeking every document and communication relating to several, significant financial events in Heartland's history, that are not limited solely to evidence of speculated concealment of an alleged fraud but, rather, touch on every part of Heartland's financial condition.

This Court agrees with Heartland that Forest River's claims of relevance strain the admittedly expansive nature of appropriate discovery beyond the legally permissible limits. Throughout Forest River's response to Heartland's motion, Forest River peppers its argument on relevance with hypothetical and rhetorical questions. But merely crafting questions of what might or may be revealed in the requested materials does not fully address the issue of whether the requested information is relevant to the issues of this lawsuit or will reasonably lead to relevant evidence. Much of what Forest River seeks is either tangential to the issues or unrelated in time to be of any relevance in any meaningful way.

By way of example, Forest River claims it needs the information from Heartland's bank and accountants to determine the ownership of the '650 patent. Yet as Heartland points out, Forest River learned in a deposition on September 10, 2009, who owns the '650 patent.

In another example, Forest River argues it needs the requested information to show "Heartland's Motive" yet Heartland's motive is not an element of any of Forest River's claims. Willfulness may be an element. But whether Heartland is a willful infringer under the Lanham Act, is a question of whether its conduct was "malicious, fraudulent, deliberate or willful." JCW Investments, Inc. v. Novelty, Inc., 509 F.3d 339, 342 (7th Cir. 2007) (quoting BASF Corp. v. Old World Trading Co., Inc., 41 F.3d 1081, 1099 (7th Cir. 1994). Motive is not the same as intent. "[M]otive does not equal intent; fraud, larceny, embezzlement, and the other financial

crimes and their tort equivalents are actionable even when the motive for the wrongful conduct is benign." Eastern Trading Co. v. Refco, Inc., 229 F.3d 617, 623 (7th Cir. 2000).

Additionally, it is not disputed that Heartland and Forest River are "fervent, contentious" competitors in the recreational vehicle industry. This lawsuit and this motion are further evidence of that fact. With that in mind, it simply asks too much to have this Court to conclude that Heartland's bank and accountants must give up highly confidential business information to its business competitor. Particularly when this Court has determined that the requested information is not relevant to the issues of this litigation. This is precisely the type of information the law allows the court to protect under Fed. R. Civ. P. 45(c)(3)(B)(i).

### III. CONCLUSION

Because River Forest has not established the relevancy of the information it seeks and because Heartland has shown the information is confidential and should be protected from disclosure pursuant to Rule 45(c)(3)(B)(i), the Court now **GRANTS** Heartland's motion to quash subpoenas served upon the three non-parties. [Doc. No. 57]. In addition, this Court now **DENIES AS MOOT** Forest River's motion for leave to file sur-reply. [Doc. No. 72].

**SO ORDERED.**

Dated this 19th Day of November, 2009.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge