UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:08-cv-490 TLS-CAN |
| | ) |
| FOREST RIVER, INC., | ) |
| Defendant. | ) |

**HEARTLAND RECREATIONAL VEHICLES, LLC'S RESPONSE TO FOREST RIVER'S OBJECTIONS TO MAGISTRATE'S ORDER OF NOVEMBER 19, 2009 (DOCKET ENTRY 73)**

Forest River, Inc. ("Forest River") seeks to overturn the Magistrate Judge's Order of November 19, 2009 ("Order") granting Heartland Recreational Vehicles, LLC's ("Heartland") Motion to Quash Subpoenas issued by Forest River on nonparties ("Forest River's Objections"). Forest River's Objections to the Order are little more than a regurgitation of the arguments it made in response to the Motion to Quash, which this Court rejected in granting Heartland's Motion to Quash. The Magistrate Judge saw Forest River's efforts for what they are, an attempt by a "contentious" competitor to obtain irrelevant confidential information from its competitor's banks and accountants. Order p. 7. Forest River failed to demonstrate that the Court's well-reasoned Order was an abuse of discretion. Therefore, Forest River's Objections should be overruled.

## ANALYSIS

I.  **Standard of Review**

"[W]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Kounelis v. Sherrer*, 529 F.Supp.2d. 503, 518

(D.N.J. 2008) (citation omitted). *See also* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp. 2d. 1348, 1350 (M.D. Ala. 2007). Moreover, unless the Court is "left with the definite and firm conviction that a mistake has been committed," a Magistrate Judge's finding is not clearly erroneous. *Kounelis*, 529 F. Supp. 2d at 518 (citation/quotation omitted). Forest River bears the burden to show that the ruling is "clearly erroneous or contrary to law…." *Id.* (citation/quotation omitted) Here, Forest River failed to carry its burden.

Forest River contends that the Magistrate Judge "misunderst[ood] . . . the legal issues . . . and misapprehend[ed] the scope of relevance to be afforded in discovery." And, that the Order "contains erroneous interpretations of the law of evidence and the law of discovery." Forest River's Objections p. 1.

II.     Standard Applied by the Court in Granting the Motion to Quash

The Court properly applied Fed. R. Civ. P. 45 which permits the Court to modify or quash a subpoena if it subjects a person to an undue burden or requires the disclosure of privileged or other protected matter. *See* Order, p. 3. The Court also properly determined that it may quash a subpoena if it discloses trade secrets or other confidential information. *Id*. The Court further noted that it has "substantial discretion to decide which information is protected and how it is protected." *Id*. Moreover, the Magistrate Judge properly applied a five factor analysis when determining whether the discovery of confidential information should be permitted. *Id*. at 4. Finally, the Court properly placed the burden on Heartland to prove that the subpoenas were unduly burdensome. *Id*. at 3. Notably, Forest River does not contend these legal standards applied by the Magistrate Judge were erroneous.

Instead, Forest River quibbles with the Magistrate Judge's factual findings. But, the Court found "that Forest River's claims of relevance strain the admittedly expansive nature of

2

appropriate discovery beyond the legally permissible limits." *Id*. at 6. The Court did not buy Forest River's fishing expedition attempts and even criticized Forest River for "pepper[ing] its argument on relevance with hypothetical and rhetorical questions…. Much of what Forest River seeks is either tangential to the issues or unrelated in time to be of any relevance in any meaningful way." *Id*. Finally, the Court noted that Heartland and Forest River are "fervent, contentious" competitors and that Heartland's bank and accountants should not be required to "give up highly confidential business information…when this Court has determined that the requested information is not relevant to the issues of this litigation. This is precisely the type of information the law allows the court to protect under Fed. R. Civ. P. 45(c)(3)(B)(i)." *Id*. at 7.

### III. Forest River's Continued Hypothetical and Rhetorical Questions Do Not Prove An Abuse of Discretion

In briefing the motion to quash, Heartland addressed and responded to the factual arguments Forest River repeats in its Objections. *See* Heartland's Motion for Protective Order Quashing Subpoenas to Non-Parties (Dkt. no. 57) ("Heartland's Motion") and Heartland's Reply in Support of Its Motion for Protective Order Quashing Subpoenas to Non-Parties (Dkt. no. 71). For instance, Forest River places great emphasis on documents relating to the valuations of the patent-in-suit. However, Heartland already produced information regarding the value of the patent at the time the patent issued. Heartland's Motion, at 3. And, documents related to purported valuations of the '650 Patent created after the '650 Patent issued have no relevance to the claim of inequitable conduct. Moreover, Heartland's financial "motives" regarding the '650 Patent are "not an element of any of Forest River's claims." Order, p. 6. While intent may be an issue, the Court, citing controlling authority, found that motive is not the same as intent. Order,

3

pp. 6-7, *citing Eastern Trading Co. v. Refco, Inc.*, 229 F.2d 617, 623 (7th Cir. 2000).[1] The Court found that information related to Heartland's motive for pursuing the '650 patent was not relevant to the counterclaim.

Moreover, Forest River attempts to make an issue out of a simple security agreement. However, as the Court found, "Forest River learned in a deposition on September 10, 2009, who owns the '650 Patent." Order, p. 6. In any event, "[o]nly a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit[.]" *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008), recall of the mandate, 557 F.3d 1377 (on issue of interest on judgment). "[T]he grant of a security interest is not a conveyance of a present ownership right in the patent…." *In re Transp. Design and Tech., Inc.*, 48 B.R. 635, 639 [226 USPQ 424] (Bkrtcy. S.D. Cal. 1985).[2]

WHEREFORE, Heartland Recreational Vehicles, LLC respectfully requests that the Court uphold the Magistrate Judge's Order and overrule Forest River's Objections.

---

[1] Even the Seventh Circuit case Forest River cites states that motive and intent "are two different concepts." Objections, p. 6, *citing United States v. Snow*, 670 F.2d 749, n. 9 (7th Cir. 1982). And, Forest River cites a Southern District of Indiana opinion and includes a parenthetical, but the parenthetical is pulled from a paranthetical to a case out of the Northern Distinct of Alabama. *Id.*, *citing Wiggins v. Citizens Gas & Coke Utility*, 2008 WL 4530679, *2 (S.D. Ind. 2008).

[2] *See also In re Roman Cleanser Co.*, 43 B.R. 940 [225 USPQ 140] (Bkrtcy. E.D. Mich. 1984) aff'd, 802 F.2d 207 (6th Cir. 1986) ("An 'assignment' of a trademark is an absolute transfer of the entire right, title and interest of the trademark . . . The grant of a security interest is not such a transfer. It is merely what the term suggests - a device to secure an indebtedness. It is a mere agreement to assign in the event of a default by the debtor. . . ."). *See also Li'l Red Barn, Inc. v. Red Barn Sys., Inc.*, 322 F.Supp. 98 (N.D. Ind. 1970,) aff'd per curiam, 174 U.S.P.Q. 193 (7th Cir. 1972).

BAKER & DANIELS LLP

By: */s/ David P. Irmscher*
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana 46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

**CERTIFICATE OF SERVICE**

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing HEARTLAND RECREATIONAL VEHICLES, LLC'S RESPONSE TO FOREST RIVER'S OBJECTIONS TO MAGISTRATE'S ORDER OF NOVEMBER 19, 2009 (DOCKET ENTRY 73) was served upon the following, this 17th day of December, 2009, by operation of the Court's ECF system:

>Ryan M. Fountain
>420 Lincoln Way West
>Mishawaka, Indiana 46544-1902

>*/s/ David P. Irmscher*
>David P. Irmscher