# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOREST RIVER, INC., )<br>Defendant. | CASE NO.: 3:08-cv-490 AS- CAN<br><br>JURY DEMAND |

## FOREST RIVER'S NOMINAL OBJECTION TO EXPERT AND MOTION FOR AMENDMENT OF SCHEDULING ORDER

Forest River requests that this Court's Scheduling Order of May 4, 2009, Docket Entry ("DE") 41, be modified so as to extend the time period for filing objections to Heartland's expert. The date the objections were initially due was today, December 21, 2009, and the earliest date the objections would be due if this motion is granted is February 1, 2010. Heartland opposes this extension despite the extension of time agreed to by Forest River for Heartland to conduct late discovery and serve its expert reports which occasioned this present extension request. Heartland informed Forest River of that opposition in a telephone call this morning, shortly after 9:00 a.m., between the undersigned counsel and David P. Irmscher, Heartland's counsel of record, in which this extension was requested and the reasons discussed by Forest River.

Summary of Grounds for the Motion:

The Scheduling Order specified expert reports to be served on August 3, 2009, all discovery

1

to close on October 30, 2009, and objections to the expert to be filed four and one half months after the reports, on December 21, 2009.  Heartland asked Forest River to agree to an extension of the time for Heartland to conduct third party discovery in support of its expert report after October 30 and for serving its expert report until November 20.  Forest River agreed to that extension.  However, after promptly deposing Heartland's expert on November 30, it has become evident that Forest River needs to receive certain previously subpoenaed and requested discovery in order to complete its objections to that expert.  One of the third parties from whom that discovery was sought has requested from Forest River an extension of time until January 8, 2010 to provide that discovery.  Finding the grounds for that extension reasonable, Forest River also granted that request.  The other discovery sought has both been objected to by another third party and not provided by Heartland.  It is expected that additional negotiations and/or ruling on two motions to compel may be required in that regard.  As a result, Forest River can only complete part of its objections filings at this time.

Specifically, Forest River has sought production of business records concerning a preliminary Search Report describing prior art known to Heartland and/or its attorneys during prosecution of the patent in suit, the time diaries of the prosecution attorneys for events which they testified they cannot remember during their depositions, and the patent prosecution policy manuals in place during prosecution of the patent application which would describe more accurately the business practices testified to by those attorneys during their depositions.  Heartland's expert testified that he was relying upon the deposition testimony of those attorneys in forming his opinion and testimony.  Those depositions were not completed because the attorneys did not provide the documents Heartland required of them by subpoena.

The additional information and completed depositions sought are needed still since Forest

River plans to object to Heartland's expert on several grounds, including that:

    1. his testimony is based upon insufficient facts, as would be shown by the pertinent additional testimony in the completed depositions with the sought-after documents as exhibits thereto,

    2. his testimony methodology of relying upon incomplete depositions was flawed, since the completed depositions and missing business records contain addition evidence which compel different conclusions, and

    3. his general methodology was not reliably applied to the facts of the case, as would be shown by the Search Report, additional Heartland business records, and completed attorney depositions.

The additional information and completed depositions are expected to assist in demonstrating these flaws in the expert opinion testimony. The delay in getting this done was not caused by the actions of Forest River, other than agreeing to allow Heartland and third party witnesses more time to comply with discovery rather than forcing those parties to seek relief from the Court. However, it seems that no good deed goes unpunished, as now it is Forest River who must seek relief from the Court.

Substantive and Procedural Background of the Case:

This lawsuit began as an action for patent infringement by Heartland against Forest River. Since then, the case has evolved substantially and now includes various patent, trademark, and unfair competition claims. In the present motion, however, the only substantive issues that are particularly relevant are those relating to Forest River's claims that the patent in suit was procured by Heartland's

3

fraud upon the U.S. Patent Office and/or inequitable conduct in violation of 37 CFR §1.56. The primary bases for those claims are set forth in Forest River's Answer to Interrogatory No. 3, a copy of which is set forth as Exhibit A. Briefly, Forest River asserts that relevant and material information was intentionally withheld from the Patent Examiner concerning:

       1.) identification of the true inventors,

       2.) the scope and content of the prior art known to some or all of the inventors,

       3.) the level of ordinary skill in the art, and

       4.) the true nature of the claimed invention,

as a result of calculated recklessness and/or "cultivated ignorance" by or on behalf of Heartland. Such conduct can render a patent unenforceable. *FMC Corp. v. Hennessy Ind., Inc.*, 836 F. 2d 521, 526 (Fed. Cir. 1987)("As a general rule, there is no duty to conduct a prior art search ... However, one should not be able to cultivate ignorance . . . merely to avoid actual knowledge of that information or prior art.").

    The only expert testimony in issue by this motion is the testimony expected from Mr. Jay Taylor, a former patent attorney in Indianapolis. According to his "Expert Report" served upon Forest River on November 20, he has agreed to testify on behalf of Heartland that he found "no evidentiary and/or legal basis for the claims of inequitable conduct made by Forest River in this case." He testified in his deposition of November 30 that the primary factual bases for his opinion were the depositions of the inventors, the unfinished depositions of the two patent attorneys (Greg Cooper and Gerry Gallagher), and the documents he received from Heartland's attorneys. Mr. Cooper and Mr. Gallagher are both partners at the firm of Barnes & Thornburg, and Mr. Gallagher was previously a partner at the firm of Baker Daniels, Heartland's trial counsel in this case, while

working on Heartland's patent applicaton.  Mr. Taylor has once previously testified as an expert witness in the field of patent inequitable conduct.  On that occasion, he found that attorneys in the firm of Barnes & Thornburg had committed inequitable conduct as a result of circumstantial evidence from which an intent to deceive could be inferred.  See Exhibit B.

Due to the filing of four motions to dismiss by Heartland (the first two of which were denied by the Court, see DE#s 30 and 40, and two more of which are still pending, see DE#s 42 and 54[1]), Heartland has not even yet answered the pleadings.  Thus, the "framing" of discovery may not be complete.  Nonetheless, on May 4, 2009, this Court entered a scheduling Order (DE# 41) which required that:

1. All discovery was to be completed by October 30, 2009,

2. Expert reports were due on August 3, 2009, and

3. Objections to expert witnesses were to be filed four and a half months later, on December 21, 2009.

Forest River proceeded with its discovery and completed all of its expected witnesses depositions and discovery requests on time, by October 30, 2009, leaving only certain as yet unresolved discovery disputes over information Forest River had timely requested but Heartland has not produced.[2]

---

[1]Since the Court's opinions on those motions are not yet known, it is also not known what effect those opinions would have on the need for additional expert testimony in this case.  It is possible, although not presently expected, that some additional accommodation in the Scheduling Order would be needed as a result for additional expert reports and/or objections thereto.

[2]In an effort to comply with Fed. R. Civ. P. 37, Forest River has conducted numerous discussions with Heartland to attempt to resolve those disputes without Court intervention.  It is not yet clear to Forest River that the last of the disputes cannot be resolved in some way without a motion to compel.  For example, Forest River is currently waiting for a response from

Heartland, however, sought repeated extensions of time from Forest River in which to depose two of attorney witnesses on its behalf, Mr. Gallagher and Mr. Cooper, and to submit the report of its only expert witness, Mr. Taylor after those attorney depositions. Forest River agreed to those extensions of time in good faith so as to allow completion of this litigation with a minimum of judicial involvement. Forest River was in no way at all responsible for the delay by Heartland in conducting that discovery.

In the end, Mr. Cooper's deposition began on October 22, and Mr. Gallagher's deposition began on November 3. Those depositions were explicitly left unfinished because neither attorney fully complied with the subpoenas served upon them by Heartland for the depositions. See, for example, Exhibit C: page 9, line 16 to page 10, line 11; page 90, line 18 to page 92, line 5; page 180, lines 13 - 21. At the request of Mr. Cooper's and Mr. Gallagher's counsel, John LaDue, another set of subpoenas (Exhibits D, for example) were served upon the law firms for those attorneys, specifically identifying the documents that were revealed in the deposition to be missing. See, for example, Exhibit C: page 180, line 23 to page 181, line 6.

Primarily, there were three types of documents which the attorneys failed to provide:

    1. Those relating to the Search Report given to Heartland and/or its attorneys by a professional searcher who was tasked with finding prior art relevant to the invention of the patent in suit. This search took place prior to Mr. Cooper's involvement and appears to have been done at the instance of Scott Troeger, another partner at Barnes & Thornburg who was

---

Heartland's counsel regarding disclosure of certain financial records, but that counsel was, as of a telephone call today, too pre-occupied with a summary judgement motion to deal with that matter at this time. Also, an open discovery issue exists at the present time pending resolution of a discovery motion, DE#74.

the actual "billing attorney" for Heartland. However, for reasons as yet unknown, neither that search report, nor the request made to the professional searcher which specified the nature of the invention to be investigated and the scope of the investigation, nor correspondence to Heartland accompanying the search report were found in Mr. Cooper's own files. See, for example, Exhibit E. Search reports of this type have expressly supported a judicial finding of inequitable conduct before the U.S. Patent Office since they can show what was or should have been known to the patent applicant and/or its attorneys during patent prosecution. *Elk. Corp. of Dallas v. GAF Building Materials Corp.*, 168 F. 3d 28, 32, (Fed. Cir. 1999), *cert. Denied,* 120 S. Ct. 178 (1999)(search report showed both that withheld prior art was material and that the withholding was intentional).

    2. The time diaries and billings of the two attorneys for the activities in question, specifically showing if they actually discussed or explained the prior art, level of ordinary skill in the art, and identification of inventorship issues with any of the named inventors or Heartland representatives. The attorneys repeated testified that they did not recall any such discussions. See, for example, Exhibit F. Mr. Tuttle and Mr. Lantz testified in their depositions that such discussions did not take place. See, for example, Exhibit G. However, Mr. Taylor concluded from circumstantial evidence that in his expert opinion Mr. Tuttle was mistaken and such discussions did take place. Exhibit H. The time diaries are "contemporaneous business records" which are likely to show what the attorney witnesses actually did or did not do in that regard. This is also relevant to the issues of inequitable conduct. Concealing true inventorship, for example, can be inequitable conduct, especially if the named inventors knew true inventorship had to be disclosed. *Frank's Casing Crew &*

7

*Rental Tools, Inc. v. PMR Technologies, Ltd.*, 292 F. 3d 1363, 1376-77 (Fed. Cir. 2002).

      3. Policy and procedural manuals/memos given to the attorneys by their law firms to explain what should be done in connection with the regular practices of the firm in connection with prior art investigations and counseling of inventors. The attorney witnesses testified that although they did not recall specific discussions with the Heartland inventors, they were sure they followed their standard practices. See, for example, Exhibit I. Mr. Taylor concluded that they probably did as well. Such documents are likely to show what the standard practices really were and if they were followed in this case.

In addition, it should be noted that the documents produced by Heartland to Mr. Taylor concerning the prosecution of the patent were only the records of Heartland's attorneys and not of Heartland itself. Mr. Taylor never sought Heartland's own records. Exhibit J. There is some issue in this case about whether Heartland actually received certain instructions and/or documents by its attorneys, including the mysteriously missing search report. In its "First Requests for Production," served over a year ago on December 14, 2008, Forest River required that from Heartland as part of Request No. 9. Exhibit K. So that there could be no misunderstanding by Heartland, promptly after the attorney witnesses identified the existence of that search report, Forest River again demanded that report and the other missing Heartland documents directly from Heartland. Exhibit L.

      Without waiting for the completion of the attorney depositions and without waiting to see the missing documents, Mr. Taylor formed his opinion and Heartland served his report on Forest River on November 20. Promptly thereafter, especially given the intervening Thanksgiving holiday, Forest River deposed Mr. Taylor to examine the details of his opinion, the facts he relied upon, his

8

methodology for forming the opinion, and his application of the facts to that methodology.[3] Thereafter, Forest River also sought copies documents explaining Mr. Taylor's prior inequitable conduct analysis and methodology as an expert witness. Exhibit M.

None of the missing documents have been received as yet. However, John LaDue, the attorney representing Barnes & Thornburg has indicated that he will be producing the documents requested, although he needs until January 8, 2010 to do so. Exhibit N. Mr. Taylor's prior publications as an inequitable conduct expert appear to exist, but Forest River is waiting for Heartland's counsel to arrange production of that per a telephonic request. Baker & Daniels has refused to provide the requested documents, and an attempt was made today to have a Rule 37 conference with its attorney in that regard, David Irmscher, but, as previously mentioned, Mr. Irmscher was tied up with other matters. No formal response has been received from Heartland as to the documents once again requested from it, although it is expected that Heartland is for some reason objecting to that request. Once the missing documents are received the attorney depositions can be completed.

Analysis of the Present Motion:

*Nominal Objection to Expert*

---

[3] Shortly before his deposition, Heartland also designated Mr. Taylor as its Rule 30(b)(6) witness for patent prosecution issues in response to Forest River's Notice for such a witness deposition, served on May 4, 2009. Previously, Heartland had refused to provide such a witness, despite Forest River's repeated requests, before the close of discovery. Accordingly, Forest River examined Mr. Taylor in that capacity immediately prior to examining him in his capacity as Heartland's expert witness. However, Mr. Taylor's lack of preparation for fact testimony is considered to violate the requirements of Fed. R. Civ. P. 30(b)(6). His status as a potential trial witness under Rule 30(b)(6) is expected to be contested in a motion in limine.

The deadline for serving expert reports came and went on August 3 without any motion by Heartland for modification of the Scheduling Order, as per Local Rule 6.1(b). Indeed, by August 3, Heartland had not even disclosed the identity of its expert witness to Forest River. Forest River agreed to the extension requested by Heartland, but according to a literal reading of the Scheduling Order, Part B under "Explanation," that agreement does not amount to an extension of time, *per se*. Accordingly, the service of an Expert Report by Heartland was not timely filed and, therefore, Heartland has failed to comply with Rule 26(a)(2)(B). As a result, Heartland would not be entitled to have that expert testimony used in this lawsuit.[4]

However, Forest River gives notice of this deficiency by Heartland as a matter of respect to the Court's Scheduling Order, but does not insist on the benefit of that interpretation in the first instance. Forest River gave its consent to an extension and is willing to stick by that since an equitable extension is being sought to allow completion of the relevant discovery on the issue of expert testimony. Candor to the Court dictates, of course, that Forest River acknowledge its present motion for extension of time is moot if Heartland's expert testimony is barred because of the violation of the Scheduling Order.

*Extension of Time is Warranted*

The U.S. Supreme Court has made it clear that the *Daubert* principles, whereby the Court must act as an expert evidence "gatekeeper," apply to all expert testimony, not just those relating to scientific evidence. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Accordingly, under

---

[4] Taken together, the "stipulation" aspect of Fed. R. Civ. P. 26(a)(2)(B) and (C) do not make it clear that the parties can by themselves alter a Court Scheduling Order in this regard.

F.R.E. 702, an expert may not testify unless the testimony:

1. is based upon sufficient facts or data, and

2. is the product of reliable principles and methods, and

3. has applied the principles and methods reliably to the facts of the case.

Clearly, Mr. Taylor's testimony cannot be based upon sufficient facts or his methods applied to the facts of the case when critical facts of the case are not yet even known, as explained above.

For example, if the Search Report shows that certain prior art was actually brought to the attention of the attorneys and was not provided to the Patent Examiner, such as Exhibit O,[5] then Mr. Taylor's conclusion that the attorneys did not know of such prior art is patently flawed. Moreover, his methodology was not to look for such a search report (or for that matter any other of the missing documents) in Heartland's files and to only take the information given to him thus far by the attorneys with a $7,000,000 motive.[6] If the missing evidence compels a different conclusion about the knowledge and intent of the patent prosecution attorneys, then that methodology of blind acceptance and lack of independent investigation is clearly not "reliable."

As another example, if the time diaries and Heartland's records show that Mr. Cooper and Mr. Gallagher did not actually receive the unsigned letters upon which Taylor relies or that those

---

[5] This Exhibit shows a prior art patent for a trailer which is nearly identical to one of the versions shown as part of Heartland's "invention" in the patent in suit. According to U.S. Patent Office records, this patent is related to three of the prior art patents which Heartland did disclose to the Patent Examiner. Accordingly, it is not unreasonable to assume it would have been known to or brought to the attention of Heartland's attorneys.

[6] The reference here is to the Court's Order of November 19, 2009, DE#73. The actual loan amount was not $7,000,000, but the Court's number suffices as a sufficient order of magnitude. If that patent was procured by fraud, for example, the multimillion dollar value of the patent as collateral for the bank loan vaporizes.

11

attorneys did not discuss with Mr. Tuttle what the scope and nature of the prior art was that he should disclose to the U.S. Patent Office or what the other requirements of Rule 56 were that Mr. Tuttle was attesting to in the Declaration he signed and was filed with the patent application or what constitutes inventorship of a patent, etc., then the minimal circumstantial facts which Mr. Taylor relied upon were clearly not sufficient. Similarly, if the time records show that those attorneys conferred with Mr. Rhymer concerning his knowledge of prior Forest River fifth wheel trailer frames, such as Trial Exhibit 41[7] (Exhibit P hereto), then we would also have direct evidence sufficient to thoroughly discredit both Mr. Taylor's methodology and factual underpinnings.

As a further example, if the law firm policies and procedural memos show that Mr. Cooper and/or Mr. Gallagher were required by their firms to maintain all search reports in the patent files and/or to document the subject matter discussed in all meetings with clients and/or provide certain explanatory literature about prior art, Rule 56, and/or inventorship to clients, and but we continue to find no such records in the patent files, then we have both sufficient facts to infer an intent to deceive, as well as a demonstration of unreliable expert methodology (lacking sufficient investigatory efforts).

Still further, if Mr. Taylor's only prior expert report in this area of law shows a different methodology was used to draw the opposite conclusions, especially when it is against the same law firm and within a couple years of occurrence, then we also have evidence that his current methodology is not reliable.

If Heartland had complied with the terms of the Scheduling Order, Forest River would have

---

[7] Trial Exhibit 41 is a drawing of a Forest River product which was prototyped in 2001. This frame is nearly identical to one of the frames shown in Heartland's subsequent patent. Mr. Rhymer was one of Forest River's general managers prior to coming to Heartland in 2004.

had four and one half months in which to sort all this out and get the information needed. Instead, Heartland now seeks to compress Forest River's efforts down to four weeks. Forest River does not ask for that missing three and a half months. Assuming that Heartland and its attorneys do comply with the existing production requests, it is expected that the attorney depositions can be completed between January 8 (when Barnes & Thornburg has agreed to production) and January 22, 2010. That would then give Forest River 10 days to have the transcripts made and the objections fully presented to the Court, by February 1, 2010.

Conclusions:

If Heartland's expert report is considered timely, then good cause has been shown for an extension of time in which Forest River can file its objections to that expert. The present motion should be granted, and Forest River's time extended to February 1, 2010.

Dated: December 21, 2009

Respectfully submitted,

s/Ryan M. Fountain

_____
Ryan M. Fountain (8544-71)
    *RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana 46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
ATTORNEY FOR DEFENDANT

**Certificate of Service**

I certify that on December 21, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties

13

through at least the following counsel of record:

    David P. Irmscher    david.irmscher@bakerd.com
    Abigail M. Butler    abidgail.bulter@bakerd.com

                                                                   s/Ryan M. Fountain
                                                                   Ryan M. Fountain
                                                                   ATTORNEY FOR DEFENDANT

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Excerpt of Forest River Interrogatory Answer No. 3 |
| Exhibit B | Excerpt of Jay Taylor deposition transcript re prior expert testimony |
| Exhibit C | Excerpt of Greg Cooper deposition transcript re time diaries and subpoenas |
| Exhibit D | Subpoena to Barnes & Thornburg |
| Exhibit E | Excerpt of Greg Cooper deposition transcript re search report |
| Exhibit F | Excerpt of Greg Cooper deposition transcript re no recollection of key events |
| Exhibit G | Excerpt of Scott Tuttle deposition transcript re B&T counseling |
| Exhibit H | Excerpt of Jay Taylor deposition transcript re Tuttle contradiction |
| Exhibit I | Excerpt of Gerry Gallagher deposition transcript re use of form letters |
| Exhibit J | Excerpt of Jay Taylor deposition transcript re use of Heartland records |
| Exhibit K | Excerpt of Forest River Production Requests to Heartland from 2008 |
| Exhibit L | Forest River Third Production Requests to Heartland |
| Exhibit M | Email from re Mr. Taylor's prior expert testimony |
| Exhibit N | Email from B&T's counsel re document production |
| Exhibit O | Excerpt from 1943 U.S. Patent |
| Exhibit P | Trial Exhibit 41 |