# United States District Court
NORTHERN DISTRICT OF INDIANA

**SUBPOENA IN A CIVIL CASE**
CASE PENDING IN U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA

HEARTLAND RECREATIONAL VEHICLES, LLC

      v.

FOREST RIVER, INC.

Case No. **3:08-CV-490**

**To:** BARNES & THORNBURG
100 NORTH MICHIGAN STREET, SUITE 600
SOUTH BEND, INDIANA 46601

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED UNDER FED. R. CIV. P. 30(b)(6) to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
|  |  |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): DOCUMENTS AND THINGS LISTED ON THE ATTACHED SHEET

| PLACE: LAW OFFICES OF RYAN M. FOUNTAIN<br>420 LINCOLN WAY WEST<br>MISHAWAKA, INDIANA 46544 | DATE AND TIME: 9:00 A.M.,<br>WEDNESDAY, DECEMBER 23, 2009 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>RYAN M. FOUNTAIN, ATTORNEY FOR DEFENDANT | DATE<br><br>NOVEMBER 20, 2009 |
|---|---|

**ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER**

**RYAN M. FOUNTAIN, 420 LINCOLN WAY WEST, MISHAWAKA, INDIANA 46544, TEL. 574-258-9296**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D, on Following Pages)

|  |  |  |
|---|---|---|
| PROOF OF SERVICE | | |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Fed. R. Civ .P., Parts (c) & (d):

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense: Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A persons commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(I) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing Court must quash or modify a subpoena that:

(I) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be command to attend trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or otherwise protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(I) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(I) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(D) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from the sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(I) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

DOCUMENTS AND THINGS TO BE PRODUCED

As used herein, "Heartland" refers to the plaintiff in the above-captioned litigation.

The original documents and things of each of the following are to be produced, copying to be arranged by the Forest River after authenticity and relevance inspection and selection of portions of these items for copying:

1. The time diaries of each attorney, agent, or employee of your firm who was involved in any:
    a. aspect of or communication about the application for U.S. Patent 7,278,650, or
    b. analysis of or communication about the invention which is the subject of that patent, or
    c. any investigation, analysis, or discussion of or communication about prior art, inventorship, patentability, potential infringement of that patent or invention,

but only to the extent that those time diaries show any work done on behalf of Heartland or any of the named inventors of that patent or any party having any ownership interest in that patent or Heartland and only to the extent that those time diaries show work done prior to October 10, 2007. Based upon present information, at least the time diaries of Greg Cooper and Scott Troeger are involved.

2. All other documents and records of any sort which describe in whole or part any:
    a. aspect of or communication about the application for U.S. Patent 7,278,650, or
    b. analysis of or communication about the invention which is the subject of that patent, or
    c. any investigation, analysis, or discussion of or communication about prior art, inventorship, patentability, potential infringement of that patent or invention,

including, but not limited to, the initial prior art search report obtained for Heartland as to this invention and including any correspondence and billing statements from professional searchers and billing statements to Heartland. To the extent that copies of any of these documents have been previously provided, it is not expected that they will be copied again, but full presentation is requested for context.

3. All time diaries of Gerard T. Gallagher which relate in any way to any work done for Heartland or Forest River.

4. All documents and records of any sort which describe or refer in whole or part to any communication by Gerard T. Gallagher with any attorney representing Heartland in the above-referenced litigation or in prosecution of any patent application related to the '650 patent, including, but not limited to, any memorandum to or from Mr. Gallagher by member(s) of the firm regarding any potential conflict of interest which could arise as a result of Mr. Gallagher's communications with Heartland's attorneys concerning the issues in this lawsuit.

5. Copies of all standard or recommended correspondence given to patent applicants by members of the firm which discusses or explains in whole or part 37 CFR 1.56, the patent applicant's duty of disclosure to the USPTO, inventorship, prior art searches, and/or the definition and scope of prior art, but only to the extent that correspondence was used prior to October 10, 2007.

6. Copies of documents sufficient to show the firm's policies, if any, with respect to accurate time diary reporting, destruction of patent file documents prior to litigation, informing patent applicants of 37 CFR 1.56, the patent applicant's duty of disclosure to the USPTO, inventorship, the definition and scope of prior art, and/or the advisability and/or nature of available prior art searches, but only to the extent that such policies were observed prior to October 10, 2007.