# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FOREST RIVER, INC., ) <br> Defendant. | ) CASE NO.:3:08-cv-490 <br> ) <br> ) JURY DEMAND |

**FOREST RIVER'S REPLY TO HEARTLAND'S RESPONSE TO FOREST RIVER'S OBJECTIONS TO MAGISTRATE'S ORDER OF NOVEMBER 19, 2009 (DOCKET ENTRY 73)**

Summary of the Reply:

1. Heartland's Response demonstrates that the issues here start with a fundamental dispute about what is "relevant." Contrary to Heartland's assertions, this is not a case where Forest River is seeking merely financial information about Heartland. Instead, the basis for certain specific financial decisions made by Heartland was the scope and validity of the patent in light of the prior art, and it is that basis which Forest River seeks because it is expressly challenging that validity of the patent and Heartland's knowledge of the prior art at the same point in time when the financial decisions were made. Further, Forest River seeks not the Heartland bank loan records per se, but rather information showing that the patent validity played an dominant role in the decision to make those bank loans and was a motivating factor in the fraud which Forest River has asserted as a claim against Heartland in this lawsuit. The Magistrate Order's erroneous determination of relevancy, as

1

a matter of law, was the underlying flaw in its entire protective order/motion to quash analysis.

2. Heartland's Response demonstrates that, as a matter of law, the Magistrate Order was in error about the ownership of the patent in suit and demonstrates definitively and firmly that a mistake was made in that regard by the Order.

Detailed Analysis of Heartland's Response:

Heartland starts out characterizing Forest River's efforts here of being merely an attempt to obtain "irrelevant confidential information from its competitor's banks and accountants" (Response at page 1). Heartland asserts that since it already gave "information regarding the value of the patent" to Forest River, nothing more is needed by Forest River (Response at page 3). However, the value of the patent is not the issue so much as the facts upon which that value was based. Specifically, what did Heartland, its attorneys, and accountants know about the scope and content of the prior art which allowed them to come to the conclusion that the patent was worth that much? That information about the basis was requested specifically by the supoenas, and that is the same information which is needed to know if Heartland violated 37 CFR §1.56 and/or committed fraud in connection with obtaining the patent.

The Magistrate Order does not show any recognition of the relationships between these issues as a matter of law. In fact, that Order is critical of Forest River's attempts to demonstrate those relationships by articulating some of the questions which arise from existing evidence of record that could be resolved by the subpoenaed evidence. Heartland's Response echos that criticism of so-called "hypothetical and rhetorical questions" (Response at page 3). However, the questions themselves, as articulated, demonstrate the relationships.

As a matter of law, under Fed. R. Civ. P. 26(b)(1), if the information being sought has "any tendency to make the existence of any fact . . . more or less probable," then it is relevant. The questions Forest River articulated actually demonstrate some of the "tendencies" which that rule refers to by showing the relationship between the information being sought and the issues in the case. That was not recognized by the Magistrate Order or by Heartland's Response.

Instead, Heartland's Response applauds the Magistrate's use of the standard of reviewing Motions to Quash and emphasizes that "Forest River does not contend these legal standards . . . were erroneous" (Response at page 2). It is true that Forest River does not contend that the legal standards so recited are the correct legal standards to be applied when examining Motions to Quash. However, what Forest River does contend is that those are not the ONLY legal standards to be applied. Specifically, as noted by the Magistrate at page 4 of the Order, "relevancy of the requested information" is a factor to be determined. The standards for determining "relevancy" are set forth in Fed. R. Civ. P. 26(b)(2)(C). The Magistrate Order does not anywhere indicate that rule (or any other relevancy standard at all) is being applied to determine if the information being sought was relevant. To not apply that rule is itself an error of law by the Magistrate Order. To not apply any articulated relevancy standard at all is also an error of law.

Since the Motion to Quash standards require a relevancy determination, a relevancy determination which is invalid as a matter of law likewise causes the entire Motion to Quash analysis to fail as a matter of law.

Heartland asserts that in reviewing the present motion, this Court can reverse the Magistrate Order only for an abuse of discretion, giving the Magistrate's findings substantial deference. That is not correct. Instead, Fed. R. Civ. P. 72(a) states that there are two separate grounds upon which

3

the Order may be reversed, if the order is "clearly erroneous" OR if the order is "contrary to law." The Order is "clearly erroneous" if the reviewing court is left with a definite and firm conviction that a mistake has been made. The Order is "contrary to law" when it fails to apply or misstates relevant statutes, case law, or rules of procedure. *Tomkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D. N.Y. 2000); Moore's Federal Practice, 3d Ed., Chapter 14, §72.11[1][b]. In the present situation, we have both types of errors in the Order. As explained above, the correct legal standard for relevancy was not applied.[1] Further, Heartland's Response also shows definitively and firmly that a fundamental, critical "mistake has been made" as to the assignment documents.

Forest River brought to the Magistrate's attention a 2008 Patent Collateral Agreement (see Exhibit A to the proposed Sur-Reply of DE#72). That Patent Collateral Agreement refers to a Security Agreement which contains an "assignment, mortgage, pledge and security interest in the patents" (see the last paragraph of page 1 of that Exhibit A and Schedule A thereto). As Heartland points out in its Response, "an 'assignment' ... is an absolute transfer of the entire right, title and interest," but a mere "security interest is not such a transfer" (Response at FN1). An assignment and a security interest are two separate items; no one here disagrees with that.

However, where Heartland is in error is in asserting that "Forest River attempts to make an issue out of a simple security agreement" (Response at page 4). The Patent Collateral Agreement refers to four separate items in the Security Agreement, one of which is an "assignment" and another

---

[1] Other errors of law and the application of law were described in the instant motion, DE#74, but the present filing addresses matters those highlighted by Heartland's Response. As to Heartland's comments about "motive" evidence in the Response at pages 3- 4, Forest River adds to its prior analysis of motive issues in DE#74, pages 6-7, that the relevance of motive evidence was also not examined under the relevancy standards of Fed. R. Civ. P. 26(b)(2)(C). Therefore, the Order's determination to exclude motive evidence was also erroneous as a matter of law for that reason.

of which is an "security interest." It is not the "security interest" Forest River is interested in. Instead, Forest River seeks the "assignment." As explained previously, it is the assignment that may determine if this Court even had jurisdiction over the patent claims in the first place. Thus, the Security Agreement is hardly a "simple" grant of security interest. What Forest River tried to explain to the Magistrate by its so-called hypothetical and rhetorical questions was that complex security agreements, ones where the monetary stakes are so high that the creditor is actually given possession of some collateral (in this case the patent), are not surprising and uncommon (see DE#70 at pages 17-18).

In the face of direct evidence that another, still secret "assignment" existed in 2008, three years after the prior assignment, it was definitely and firmly an error for the Order to make a finding that "Forest River learned in a deposition . . . who owns the '650 patent" (DE#75 at page 6). In fact, Forest River only "learned" that at third party witness stated that. Forest River then "learned" that documents exist which appear to refute that statement because they refer to another, later assignment to a bank. For the Order to hold that such directly contradictory evidence is not relevant is clearly an error of law. For the Order to exclude that later assignment from evidence is clearly an erroneous application of the law to the facts of this case.

Conclusions:

Heartland's Response does not support a holding that this Court should overrule Forest River's Objections. Those Objections have merit and the Order of DE#73 should be reversed.

Dated: December 28, 2009                                    Respectfully submitted,

s/Ryan M. Fountain

_____
Ryan M. Fountain (8544-71)
*RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana 46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
ATTORNEY FOR DEFENDANT

**Certificate of Service**

I certify that on December 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

David P. Irmscher   david.irmscher@bakerd.com
Abigail M. Butler   abidgail.bulter@bakerd.com

s/Ryan M. Fountain
Ryan M. Fountain
ATTORNEY FOR DEFENDANT