# EXPERT REPORT OF JAY G. TAYLOR



# I. INTRODUCTION

1. I have been retained by and will provide expert testimony on behalf of plaintiff Heartland Recreational Vehicles, LLC ("Heartland") regarding the prosecution of U.S. Patent No. 7,278,650 ("the '650 patent"), and the issue of inequitable conduct allegedly committed by Heartland during that prosecution. Because discovery is ongoing, I reserve the right to render additional opinions and to supplement or amend my opinions based upon the production of further documents, deposition testimony, submissions of expert reports by experts for defendant Forest River, Inc. ("Forest River"), trial testimony or other events that may occur during the course of this action.

2. I am a retired patent attorney registered to practice before the United States Patent Office with over 40 years of experience in all aspects of patent prosecution and litigation. I have handled litigation and prosecution matters in such diverse mechanical, chemical and electrical fields as, for example, computer software, heart pacemakers, urological stents, ceramic products and processes, data recording and transmission equipment, electronic musical instruments, high voltage transmission equipment, food processing equipment and processes, vending equipment, electronic games, railroad equipment, welding equipment and processes, and particle board manufacturing processes.

3. I am being compensated for my work in connection with this matter at my standard billing rate of $450 per hour. In the last four years, I have given testimony as an expert in the case of Stant Manufacturing Inc. v. Gerdes GmbH, United States District Court for the Southern District of Indiana. My resume setting forth my qualifications, my prior involvement as an expert witness and listing my publications is attached as Exhibit A.

## II. DOCUMENTS AND MATERIALS RELIED UPON

4. In preparation of my opinions, I reviewed and considered the '650 patent, the '650 file history, each prior art reference cited in and exhibits attached to that file history. I also reviewed and considered the deposition testimony of Brian Brady, John Rhymer, Timothy Hoffman, Scott Tuttle, Douglas Lantz, Gregory Cooper, Gerard Gallagher and Jeff Babcock taken in this case. I have also considered the following documents and exhibits: Deposition Exhibits 1-34, 40-41, 43, 80, 81, 100-115 and 123-128, Cooper Dep. Exs. 1, 2 (B&T 001-636), and 3, and Gallagher Dep. Ex.1 (Heartland/FR 458-1049) the Amended Counter Claim and Exhibits thereto, Letter dated July11, 2005 from Liegl to Gallagher, and drawing entitled fifth Wheel Section, FE138.

## III. PATENT PROCESS

5. The process of patenting inventions is contemplated by the U.S. Constitution. Over the years many regulations and much legal precedent have developed to balance the interests of the patent applicant and the public. The patent system involves the disclosure of inventions to the public to encourage progress of the useful arts. The reward for the inventor's patent disclosure is the grant of a limited right to exclude others from manufacturing, using, selling or offering to sell the invention for a limited period of time. More specifically, the Patent Act, 35 U.S.C. §§ 1 et seq. and particularly 35 U.S.C. § 271, permit an inventor, his or her assignee or exclusive licensee, to exclude others from making, using, selling or offering to sell the patented invention for a period of 20 years from the earliest original filing date of the patent application. In exchange for this "limited right," the inventor must disclose to the public how to make and use the invention, including the best way or "mode" of practicing the invention as contemplated by the inventor at the time of filing the application. In addition, the inventor must describe the