# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | | |
|---|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) ) | |
| Plaintiff, | ) ) | CASE NO.:3:08-cv-490 AS- CAN |
| v. | ) ) | |
| FOREST RIVER, INC., | ) | JURY DEMAND |
| Defendant. | | |

**FOREST RIVER'S NOTICE OF DEPOSITION OF HEARTLAND**

Forest River gives notice that it will take the deposition of Heartland under Fed. R. Civ. P. 30(b)(6) commencing at 9:00 a.m. on Monday, May 18, 2009 at the offices of the undersigned counsel at 288 West High Street, Elkhart, IN. Heartland will be examined on the following topics and should present its witness(es) most knowledgeable of:

1. The factual bases for each of Heartland's allegations in the pleadings of this case and contentions with respect to the issues in this litigation, including as to all defenses raised against the claims and counterclaims in the pleadings of this case, excepting only those claims and counterclaims (if any) which have actually been dismissed with prejudice as of the deposition date; and

2. The legal bases for each of Heartland's defenses to the claims and counterclaims in the pleadings of this case, excepting only those claims and counterclaims (if any) which have actually been dismissed with prejudice as of the deposition date.

1

Also, the following specific topics should, by obvious implication, be considered to be within the scope of the foregoing two topics, but in any event will also be topics for this examination:

3. The nature and origin, conception, and reduction to practice of the invention(s) of the patent in suit, as well as of the invention(s) of all patent applications which are a continuation or divisional application from the patent in suit.

4. Heartland's direct and indirect revenues and profits from sales and/or licensing of products embodying the invention(s) of the patent in suit, including the unit and dollar volume of such sales and the content of any licensing agreements.

5. The nature and extent of Heartland's use of the invention(s) of the patent in suit;

6. The scope and content of the prior art with respect to the patent in suit, Heartland's knowledge of that prior art, and the similarities and differences between the prior art and the invention(s) of the patent in suit;

7. The preparation, content, and prosecution of the application for the patent in suit and of all patent applications based thereon as a priority, continuation, or divisional application therefrom, in the United States and all other jurisdictions, including, but not limited, to the full and complete content of all communications with any patent examiner of those applications;

8. Heartland's business records concerning: the invention(s) of the patent in suit, the patent in suit, any allegations of infringement of the patent in suit, prior products made by Heartland, products which are competitive with products embodying the inventions of the patent in suit, and the nature of the market for the invention(s) of the patent in suit;

9. The identity of each claim of the patent in suit which Heartland has ever contended to be infringed by Forest River, as well as the scope and content of such arguably infringed claims and the

meaning of all limitations in those claims, and including the extent to which any of Forest River's products include the limitations of those claims;

10. The nature of the market for products embodying the invention(s) of the patent in suit, including as well the factors listed in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, as being relevant to the "reasonable royalty" analysis;

11. The level of ordinary skill in the art of the invention(s) of the patent in suit and the obviousness or lack thereof under 35 U.S.C. §103 of the claims of the patent in suit and of any claims of any continuation or divisional patent application related thereto which Heartland contends would be infringed by Forest River's current products;

12. Heartland's business plans with respect to competition with Forest River;

13. All comparative advertisements created by or on behalf of Heartland regarding Forest River's products, including the factual basis for all statements made therein about Forest River's products;

14. All actions by Heartland to trade upon Forest River's consumer goodwill, reputation, trademarks, or trade dress and to otherwise compete unfairly with Forest River or to target Forest River for competitive actions;

15. Heartland's relationship with Catterton Partners and any transfer of ownership interest of the patent in suit to other business entities;

16. All actions taken by Heartland which serve to avoid financial responsibility by Heartland for the claims made against Heartland by Forest River in this litigation;

17. How Heartland obtained the list of Forest River dealers and the hotels those dealers would be staying at on or about October 22 and 23, 2008, as referred to the in Amended Answer at

¶75, and what that list was used for by Heartland;

18. The documents and things requested by Forest River from Heartland in **"FOREST RIVER'S FIRST REQUESTS FOR PRODUCTION TO HEARTLAND,"** served on the December 14, 2008, and Heartland's response thereto; and

19. The nature and extent of all investigations conducted by or on behalf of Heartland pursuant to Fed. R. Civ. P. 11 concerning Heartland's contentions with respect to the allegations in the pleadings in the present lawsuit, including identification of all relevant facts discovered and/or relied upon as a result of any such investigations.

Testimony shall be recorded by stenographic and video media. Heartland's counsel is invited to attend and cross-examine.

Dated: May 4, 2009                                              Respectfully submitted,

_____
Ryan M. Fountain (#8544-71)
*RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana  46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
Attorney for Defendant Forest River, Inc.

Certificate of Service:

I certify that a copy of the foregoing document was served upon the Plaintiff in this case by depositing that copy with the United States Postal Service for delivery via First Class mail, postage pre-paid, on May 4, 2009, addressed for delivery to the following counsel for that party:

> David P. Irmscher
> Baker & Daniels
> 111 East Wayne, Suite 800

Fort Wayne, IN 46802

A courtesy copy was sent via email as well on that date.

_____
Ryan M. Fountain