BRIAN –

*OK to go* ✓

I talked with Greg Cooper from Barnes & Thornburg today and here is some of what he had to say:
*The question is going to be whether or not we can get the patent. Because if we get the patent, yes, we should be able to defend it. The only way that someone could come along and successfully contest it would be if they were able to produce prior art AND the clear and convincing evidence of said 'prior art'.*

When I asked him to go into the details of "prior art" and the burden of proof, he shared:
*Prio art cannot be just a set of drawings that have been backdated. It would have to include clear and convincing evidence that they had previously designed and produced such a design; that the prior art had been publicly disclosed and even certified by a disinterested 3rd party. It is a nearly impossible burden to prove.*
He likened it to having to produce proof of the actual unit that was produced, whether it was now in a junkyard or not – and all of the proof of public disclosure and certification.

Other notes from Greg:
*In the past ten years, a lot of the RV companies have chosen to protect their intellectual property through the patent process because of the competitive nature of the business. I have written a number of RV patents, including frame patents. If you don't protect it, everybody will rip you off. The question comes down to – do we feel we have an idea or concept that is worth protecting through enforceable measures? Or are we willing to surrender it to public domain? If you have a patent, you have recourse.*
*Often, in RV patent cases, if you have a patent and someone is infringing on it, they come to a settlement that involves licensing. However, you have to have the patent first to license it.*

*If a company chooses to infringe on your patent with full knowledge of the patent, they face quite a bit of exposure as the penalty for infringing with full knowledge is three time (3x) damages.*

Heartland/FR 0001112