# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, <br>     Plaintiff, <br><br> v. <br><br> FOREST RIVER, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) CASE NO.:3:08-cv-490 TLS <br> ) <br> ) <br> ) JURY DEMAND <br> ) |

## MOTION FOR STAY PENDING DECISION ON FULLY BRIEFED MOTIONS AND SCHEDULING CONFERENCE TO RESOLVE DISCOVERY DISPUTES

Forest River requests this Court's assistance in efficient management of this lawsuit, and specifically for a stay of summary judgement proceedings and a scheduling conference under Fed. R. Civ. P. 16 (a)(1, 3, and 4) to resolve the remaining discovery and evidentiary issues. There are several fully briefed pending motions that are before this Court. The outcome of these motions directly impacts other pending motions and issues in this litigation. Moreover, there are several important discovery disputes that directly impact the outcome of this case and pending motions. Forest River has actively litigated this case since its inception in October, 2008, but to go forward from this point without the Court's assistance would be a wasteful exercise for all concerned.

Forest River has sought Heartland's consent to this motion. Specifically, yesterday at 2:45 p.m. the undersigned attorney placed a telephone call to David Irmsher, Heartland's attorney, to discuss this matter in detail. Mr. Irmscher was not available at that time, but did call back this morning at 9:41, along with Peter Meyer, another Heartland attorney. The issues were discussed in

1

part at that time and supplemental emails were exchanged, Exhibit A, but no agreement was reached. Accordingly, relief is sought from this Court. A proposed form of order is submitted concurrently herewith to chambers.

Summary of the Motion:

1. Two motions are pending which may be dispositive of the patent issues in this case, DE#42 (filed May 11, 2009) and DE#54(filed August 10, 2009). Both of these motions have been fully briefed for several months. Depending upon the outcome of these motions, the recently filed summary judgement motion (DE#78) may be moot in large part.

2. Another motion, DE#74, is fully briefed and may require the interjection of an indispensable party to this lawsuit, Fifth Third Bank, whose rights may be adversely affected if the summary judgement motion is ruled upon. Also, that motion deals with whether or not Forest River will be provided with certain important information needed for responding to the summary judgement motion and the Objections to Expert Report.

3. Another motion, DE#82, is fully briefed and deals, in part, with whether or not the Heartland's Expert Report should be barred from use in this lawsuit. That Expert Report was heavily relied upon by Heartland in its summary judgement motion, and the outcome of DE#82 will determine how Forest River responds to the summary judgment motion.

4. There are several discovery issues that have been debated by the parties at length which can be dealt with by motions to compel, motions to exclude evidence, or as part of the single motion in limine according to local practice. These are set forth as Items 1 - 7 and Actions B and C on Exhibit A. These issues directly relate to evidence available for use in the summary judgement

motion and the completion of two late depositions taken by Heartland, the partial transcripts of which Heartland relied upon heavily in its summary judgement motion. To expedite resolution of those issues most efficiently, Forest River requests a scheduling conference and/or expedited discovery hearing.

The Pending Claim Dispositive Motions:

This lawsuit deals with two major areas of dispute, the infringement, validity, and enforceability of the '650 Patent and the unfair competition related to the "Hotel Action." Heartland's recently filed summary judgment motion (DE#78) seeks to dismiss both the unenforceability counterclaims against the '650 Patent and the Hotel Action claims. However, on May 11, 2009 Heartland filed a Motion to Dismiss (DE#42) "Forest River's counterclaims alleging invalidity, non-infringement, and unenforceability" of the "650 Patent (Motion at page 1). That motion was fully briefed as of August 10, 2009.

Also on August 10, 2009, Heartland filed another motion, DE#54, seeking voluntary dismissal of its claims against Forest River. In its Memorandum opposing that motion, DE#55, and at pages 9-10 of its Memorandum opposing the Motion to Dismiss, DE#48, Forest River proposed certain alternatives that were within the Court's authority to use which could substantively moot the unenforceability issue. This second motion was fully briefed as of September 9, 2009.

Approximately two thirds of the summary judgment motion (by volume of paper) are taken up by the unenforceability issue. Moreover, two other fully briefed and pending motions, DE#74 and DE#82, may be mooted depending upon the outcome of these first two motions. In addition, the discovery disputes set forth in Items 1-6 and Actions B and C of Exhibit A may also be mooted

depending upon the outcome of these first two motions.

As should be apparent from the docket of this lawsuit (86 entries in only 15 months) and the discovery events already described in the various motions (including 12 depositions at least begun during the six months available for discovery[1]), Forest River has actively litigated this lawsuit. Forest River certainly understands that during the normal course of litigation, events can sometimes lag behind motion rulings. Forest River also is well aware that the death of Judge Sharp undoubtedly imposed a significant workload burden on the Court. However, the presenting pending motions are now three generations in arrears, so to speak, and there is a three level "cascade effect" now in place: if DE#42 is granted, for example, DE#74 and DE#82 may become moot and DE#78 is substantially cut down and, at the same time, the need for resolution of DE#74 and DE#82 to respond to DE#78 is gone.

Accordingly, before Forest River undertakes the considerable expense to resolve the discovery issues and prepare its response to the majority of the summary judgement issues, and before yet another fully briefed motion is thrust upon the Court's docket for decision, Forest River requests that guidance be provided from the Court with respect to the outcome of DE#42 and DE#54.

The Indispensable Party to the Summary Judgement:

Another motion, DE#74, is fully briefed and ripe for decision by this Court. To a large degree, this deals with discovery sought from third parties relating to information about prior art which was known by Heartland or those acting on its behalf during a valuation of the pending patent

---

[1]Without getting into extensive detail on this point, Heartland would not participate in deposition discovery until the first two of its Rule 12b motions had been ruled upon and the Rule 16 Preliminary Pretrial Conference held.

application in 2007. Certainly, that information is directly relevant to the issues raised by Heartland in the summary judgement motion. Having or not having that information will significantly affect Forest River's response to the summary judgement motion.

However, as explained at pages 4 and 8-9 of that docket item, and at pages 4-5 of DE#84, and as shown in the Exhibit A of DE#72, there was in fact a subsequent "assignment" of the '650 patent to Fifth Third Bank, after the assignment of the '650 patent to Heartland. That may make Firth Third Bank the actual owner of the '650 Patent.[2]

As an owner of the patent or even if merely the holder of the patent as collateral, Fifth Third Bank appears to have a substantial interest in the outcome of this litigation. For example, if Forest River's assertion of fraud and/or inequitable conduct (the two concepts are not identical in elements of the cause of action or effect) by Heartland, then the value of the patent as collateral not only vaporizes and the loan would be in default, the bank may have a claim for fraudulent inducement to the loan. However, this interest of the bank may not be coincident with the interest of Heartland in resisting the fraud and/or inequitable conduct claims. In fact, given the relative insolvency of the RV companies at this time, the well known financial distress of banks, and the potential that the fraud and/or inequitable conduct can be laid and the feet of a party other than Heartland itself (see, for example, Exhibit B hereto, excerpts from Forest River's interrogatory answers), Firth Third Bank may prefer to join with Forest River to assure repayment of the value itself, on the order of

---

[2]Heartland has often scoffed at this, asserting that the only thing given to Fifth Third Bank was a simple security interest in the patent. However, as a matter of common sense and, in fact, as a recommended practice by Alan Feldbaum, at partner a Barnes & Thornburg (Heartland's law firm during part of the pendency of the patent), in an ICEF Seminar entitled "Collateral - Taking and Keeping It," the actual patent is commonly assigned to the lender to actually hold as collateral until the debt is repaid.

$7,000,000.

In any event, to avoid prejudicing a third party's rights and to avoid multiple litigation on the issue on fraud and/or inequitable conduct in connection with the '650 patent, Fifth Third Bank should be joined as an indispensable party if it was assigned the patent. *See,* Fed. R. Civ. P. 19(a)(1)(B). Until we have the Court's ruling on DE#74, however, we will not have the complete documentation of the assignment transaction to know for sure if Fifth Third Bank was assigned sufficient interest in the '650 Patent to make that joinder mandatory.

Accordingly, before Forest River undertakes the considerable expense to prepare its response to the summary judgement motion and thrust another fully briefed motion upon the Court's docket for decision, Forest River also requests that guidance be provided from the Court with respect to the outcome of DE#74.

The Status of the Expert Report: In or Out and When to be Objected:

Forest River's motion with respect to Objections to Heartland's Expert Report, DE#82, is fully briefed. That motion requests in the alternative that use of the Expert Report be barred in this lawsuit because of the non-rebuttal nature of the report (see, DE#86 at pages 2-4) or that Forest River be allowed at least until February 1 to complete discovery as to the issues raised in the Expert Report and file fully its substantive objections in that regard.[3]

The Expert Report was used extensively in Heartland's summary judgement motion.

---

[3]It is ironic that the very first argument Heartland raises in the opening paragraph of Exhibit A is that "you have known since the issuance of the scheduling order the date for dispositive motions." Obviously, if Heartland itself were bound to the dates of the Scheduling Order in the same way, the Expert Report would be barred as untimely in the first place.

Whether or not that report is available for use will obviously make a huge difference in how Forest River responds to the summary judgement motion. Moreover, how the Court rules on the pending motion of DE#74 will have an impact on the objections to the report since it may well disclose substantial evidence of prior art and the knowledge of that prior art that refutes both the facts relied upon by Mr. Taylor and the methodology of his analysis. Further, as explained in Items 3 and 4 and Actions Band C of Exhibit A, the result of the pending discovery disputes concerning documents to be disclosed and completion of the depositions of Mr. Gallagher and Mr. Cooper will have an important impact on the substantive objections Forest River makes as to the Expert Report. A scheduling conference to expedite conclusion of those disputes is recommended for all-around efficiency in this case. Pending resolution of the issues around this Expert Report, the summary judgement proceedings should be stayed so as to avoid wasting the efforts of the parties and the Court in dealing with it at this time.

The Outstanding Discovery Disputes Need to be Resolved:

The outstanding discovery disputes, listed on Exhibit A, relate to both the patent issues and the unfair competition issues of the Hotel Action, and, thereby, affect every single issue of the summary judgement motion. Forest River sought Heartland's consent to an expedited discovery hearing. Heartland refused to agree to that, not because of a desire for promoting litigation efficiency, but because it believes Forest River's substantive arguments are incorrect. Exhibit A at the response to Action E. However, without going into detail on all points in dispute, a few examples will demonstrate that Forest River's substantive arguments have merit.

Regarding Items 4 and 5:

As mentioned in previously filed briefs, some prior art patents were found in Mr. Cooper's file for the '650 patent. How they got there, no one seems to know, but as admitted by Heartland, Mr. Cooper testified that they were provided by Heartland, "obtained through an informal search by an attorney, or acquired by hiring a professional search company" DE#85 at FN5. Why are these patents significant, since as Heartland stresses, they were disclosed to the USPTO anyway? The answer goes to the heart of the inequitable conduct issues. First, the Cited References to the '650 Patent are amazingly abbreviated to a mere 20 year span. See Page 1 of Exhibit A to DE#1 (a copy of the '650 Patent). That suggests that only an infringement search was done, not a patentability search. That is contrary to even Barnes & Thornburg's usual practice in RV patents. Exhibit C. Moreover that is contrary to Mr. Cooper's instructions from Heartland to make sure this patent was "defensible." Exhibit D.

Secondly, the search appears, at least from the papers Mr. Cooper did turn over to us, to have stopped just short of a land mine: U.S. Patent 2,322,841! Three of the fourteen patents that Heartland did report to the USPTO were the Ingram devices, indicating that was a significant source of prior art technology. The very first Cited Reference in the very first of those patents was U.S. Patent 2,322, 841 to Foster, from 1943. Exhibit E. This patent is what is referred to as a 102b reference (from 35 USC §102(b)). It completely anticipates each and every feature of the only independent claim in the '650 Patent. Normally, patentability searches will span the years of all prior art, especially in the RV industry. Exhibit C. Why did the Heartland patent search, at least the portions disclosed to the USPTO, stop short? Maybe it did not, especially since the accountant's investigation surely should not have for valuation purposes, as explained in the briefing underlying DE#74.

8

However, the most effective way to get to the bottom of this is to find out who actually did the search and provided those patents. As a matter of common sense, prior art does not just appear in an attorney's files. Someone put it there. If someone did the search, someone probably billed Heartland for that work.[4] Accordingly, Forest River subpoenaed the time diaries of the attorneys involved and, has since Document Request No. 9 of December 14, 2008, demanded the search reports and bills received by Heartland for patentability investigations. Some of the time entries have been given, but none of the Heartland bills have been given. As shown in Exhibit A at the response to Item 5, Heartland's only excuse for not giving the relevant bills is that the attorneys gave their time diaries. Fine, but those same attorneys testified that they did not conduct the search, so their time diaries would not be used for those bills. We still need the bills to see who actually did the search.[5]

Regarding Item 7:

Thus far the focus of this motion has been the patent issues of the summary judgement motion. However, as noted in Item 7 of Exhibit A, there remain important discovery disputes about the effect of the Hotel Action. Briefly, Heartland argued in the summary judgement motion that it should not be liable to Forest River because no damage can be shown. However, that argument is blatantly self serving because the lack of damage evidence is largely due to Heartland's refusal to

---

[4]Forest River requests the Court to take judicial notice of the fact that attorneys rarely work for free in patent cases.

[5]The issue of Jim Brotherson's "fingerprints" in this case, noted at Item 4 in Exhibit A will be addressed separately to this Court. The idea that his knowledge of prior art can be shielded from disclosure to the USPTO simply because he is not a registered patent attorney and had "no communications with the Patent Office" is simply amazing. 37 CFR §1.56 instead imposes a duty upon "each individual associated with the filing and prosecution of a patent application," and Mr. Brotherson certainly falls within that catagory.

9

provide the discovery materials listed in Item 7.  Heartland's response in Exhibit A is little more than saying because you can show no misrepresentation, we are giving no evidence.  First off, Heartland lost that argument in its first two Rule 12(b) motions, and those rulings are now "law of the case."  Second, as Heartland has been informed repeatedly in Forest River's interrogatory answers and elsewhere, there were many misrepresentations made by Heartland in connection with the Hotel Action.  Without going into extensive detail at this time, one such example is that the packets Heartland caused to be given to the dealers by using Forest River's dealer list contained false statements about Forest River's products.  Exhibit F.

Accordingly, these discovery issues have a substantial impact on how Forest River would respond to the summary judgement motion and should be resolved before that response so that supplementation of the response need not be made as the motions to compel are later decided.  Since Heartland refuses to participate in an expedited hearing, Forest River requests a scheduling conference to set forth a timetable for resolution and that the summary judgement proceedings be stayed in the meantime.

**Conclusion:**

The present motion has merit despite Heartland's objections and should be granted.


Dated: January 21, 2010                                        Respectfully submitted,

                                                               s/Ryan M. Fountain

                                                               _____
                                                               Ryan M. Fountain (8544-71)
                                                                    *RyanFountain@aol.com*
                                                               420 Lincoln Way West

Mishawaka, Indiana 46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
ATTORNEY FOR DEFENDANT

**Certificate of Service**

I certify that on January 21, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

David P. Irmscher    david.irmscher@bakerd.com
Abigail M. Butler    abidgail.bulter@bakerd.com

s/Ryan M. Fountain
Ryan M. Fountain
ATTORNEY FOR DEFENDANT

## INDEX OF EXHIBITS

Exhibit A    Jan. 21, 2010 email from Heartland's attorney, David Irmscher

Exhibit B    Excerpt of Forest River's Interrogatory Answers

Exhibit C    Excerpts of example of other B&T RV related patents in this time frame

Exhibit D    March 14, 2005 email from Heartland to Greg Cooper

Exhibit E    Excerpt of US Patent 2,322,841

Exhibit F    Declaration of Jeffrey Babcock