-9-

**RESPONSE:** Heartland objects to this request because it is overly broad and seeks the discovery of documents that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Heartland also objects to this request to the extent it seeks documents that contain confidential or proprietary information, or that contain trade secrets, or that are subject to the attorney client privilege or the attorney work product doctrine. Additionally, Heartland objects to this request because it is premature, as stated in its General Objection No. 1. Subject to and without waiving its objections, Heartland states that once a discovery plan is entered in this case, it will produce responsive, non-privileged documents so long as they are relevant to any issue remaining in the case, and so long as an appropriate protective order has been entered by the Court.

**REQUEST NO. 9:** To the extent not otherwise requested herein, all documents and things which describe, refer to, discuss, or relate to any investigation by or on behalf of Heartland into the patentability of the invention(s) of the patent in this lawsuit or the validity of the patent in this lawsuit, including the identity of any prior art which is "material" to the claims of the patents in this lawsuit, as that term is meant in 37 C.F.R. § 1.56.

**RESPONSE:** Heartland objects to this request to the extent it seeks documents that contain confidential or proprietary information, or that contain trade secrets, or that are subject to the attorney client privilege or the attorney work product doctrine. Additionally, Heartland objects to this request because it is premature, as stated in its General Objection No. 1. Subject to and without waiving its objections, Heartland states that once a discovery plan is entered in this case, it will produce responsive, non-privileged documents so long as they are relevant to

BDDB01 5532417v1

any issue remaining in the case, and so long as an appropriate protective order has been entered by the Court.

**REQUEST NO. 10:** If, during prosecution of the patent application for the patent in this lawsuit or of any other patent application identified in response to Request No. 1, Heartland contended that any of the claims were not "obvious" within the meaning of 35 U.S.C. § 103, then produce the documents and things sufficient to show both Heartland's factual basis for determining the "level of ordinary skill in the art" (as that phrase is meant in 35 U.S.C. § 103) at the time of that contention and any additional factual basis that has become known to Heartland since then.

**RESPONSE:** Heartland objects to this request because it is overly broad and seeks the discovery of documents that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Heartland also objects to this request to the extent it seeks documents that contain confidential or proprietary information, or that contain trade secrets, or that are subject to the attorney client privilege or the attorney work product doctrine. Additionally, Heartland objects to this request because it is premature, as stated in its General Objection No. 1. Subject to and without waiving its objections, Heartland states that once a discovery plan is entered in this case, it will produce responsive, non-privileged documents so long as they are relevant to any issue remaining in the case, and so long as an appropriate protective order has been entered by the Court.

**REQUEST NO. 11:** All electronic media (including computers, backup discs, hard drives and the like) and other media used to send, receive, and/or store email correspondence between the inventor of the patent in suit and any other party which discusses, refers to, describes, or relates

-10-