billing statements therefore, where that correspondence occurred prior to the issue date of the patent in suit or refers to communications prior to the issue date of the patent in suit.

**RESPONSE:** Heartland objects to this request as untimely. The deadline for discovery has passed. Heartland further objects to this request as overly broad, vague, ambiguous, and unduly burdensome. Heartland objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible, relevant evidence. Heartland also objects to this request to the extent it seeks information or documents that are unreasonably duplicative or cumulative of documents already provided to Forest River. Heartland further objects to the extent that this request seeks documents that are subject to the attorney-client privilege and outside the scope of any waiver of that privilege by Heartland. Heartland further objects to this request to the extent that it seeks documents subject to the attorney work product doctrine or any other applicable privilege.

**REQUEST NO. 33:** All documents and things provided to and received from any person who Heartland has requested be an expert witness in the present litigation.

**RESPONSE:** Heartland objects to this request as untimely. The deadline for discovery has passed. Heartland further objects to this request as overly broad and unduly burdensome. Heartland objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible, relevant evidence. Heartland also objects to this request to the extent it seeks information or documents that are unreasonably duplicative or cumulative of documents already provided to Forest River, including all documents and information relied upon by Heartland's expert witness, Jay Taylor, in creating his expert report in this matter. Heartland

BDDB01 5965915v1