**Ryan Fountain**

**From:** Irmscher, David P. [David.Irmscher@bakerd.com]
**Sent:** Thursday, January 21, 2010 4:57 PM
**To:** ryanfountain@aol.com
**Cc:** Meyer, Peter A.; Butler, Abigail M.
**Subject:** RE: Heartland v. Forest River

Ryan,

   Thank you for your list. After review and due consideration, we still do not believe that any of these reasons justifies an extension or a stay in these proceedings. You have known since the issuance of the scheduling order the date for dispositive motions. It is regrettable that we are wasting time debating these issues on the very day that your response to our Motion for Summary Judgment is due. For the reasons set forth below, none of the reasons provided in your email provide justification for an extension or a stay.

*1. The information about the patent investigation/analysis conducted incident to the valuation of the patent application during the pendency of the '650 patent application and which was subpoenaed from the bank and accounting firms. Resolution of this is pending disposition of our motion before the Court, DE#74.*

   On November 19, 2009, the Magistrate Judge ruled that this information is not sufficiently relevant to warrant its discovery. This issue has been decided and does not merit a delay in these proceedings.

*2. The actual patent ownership information, as raised by that motion. If Fifth Third bank was actually assigned the patent as collateral for the loan, it is an indispensible party to this lawsuit and no dispositive rulings should be made that are not binding upon it. For example, if the patent was secured by fraud, the bank may support the inequitable conduct charge of Forest River since it would be entitled to recompense from the parties committing the fraud. Given the volitile nature of the RV industry at this time and the financial difficulty some banks are in, that recompense may be very important to the bank. Accordingly, if the bank is entitled to be a party to the summary judgment motion, we should definately bring them in to this lawsuit now.*

   You already have documents showing that Heartland is the assigned owner of record. Again, your desire to fish through further confidential financial bank records has been denied by the Magistrate Judge and cannot justify an extension or stay.

*3. Completion of the depositions of Greg Cooper and Gerry Gallagher, my cross examination of whom was explicitly suspended because of their failure to comply with the document production subpoenas at that time. As we discussed, John LaDue has offered to complete these depositions on Feb. 24 and 25, assuming the document production issues are resolved by then. You have stated that you are not available on those dates in any event, and asked me to see when in March (other than March 3) that John can have the two attorneys available. I will do so today.*

   The entire patent prosecution files for the patent in suit maintained by both Barnes & Thornburg and Baker & Daniels were provided to you prior to these depositions, which were completed pursuant to subpoenas issued by Heartland, not Forest River. Each of these depositions lasted a day. You had a full opportunity to obtain the information you needed during your cross-examination of these witnesses. Your desire to "complete" these depositions does not warrant an extension or a stay.

*4. The unredacted Baker & Daniels time records of all attorneys involved in the patent application as well as the relevant Baker & Daniels practice and procedure memos. Barnes & Thornburg has agreed to this for their records, but B&D has not. Mr. Gallagher has alleged that he acted in accordance with his firm's standard practices; I want*

the documentation of what those standard practices are supposed to be.  Also, I note that the B&D time records you did give are not only redacted as to Mr. Gallagher and Mr. Mauch, but incomplete in the ommission of any time records at all for Mr. Brotherson (who was, according to Mr. Gallagher's time records and the correspondence with Lippert, also involved in the patent application).

We have provided you with the time records of Mr. Gallagher and Mr. Mauch, the Baker & Daniels attorneys who prosecuted the patent in suit.  Barnes & Thornburg has provided you with the time records of the attorneys from that firm who prosecuted the patent in suit.  I consulted today with the leader of Baker & Daniels' patent law group, and he informed me that he is unaware of any policy and procedure manuals outlining standard patent prosecution practices at this firm.  Finally, Mr. Brotherson is a business law attorney who had no communications with the Patent Office during the prosecution of the patent in suit.  These reasons do not justify an extension or a stay.

5. Heartland's billing records for the patent applications, etc.  These were totally omited from the documents produced to us.  If, as the witnesses have testified, some "other attorney" or professional searcher conducted the patent search and created the missing search report, those bills are likely to identify that person.

The patents submitted as prior art were found in the files of Barnes & Thornburg.  You deposed Greg Cooper, the attorney at Barnes & Thornburg responsible for prosecuting the patent in suit, about where those prior art patents came from.  Baker & Daniels handled the prosecution after Barnes & Thornburg and submitted those prior art patents obtained from Barnes & Thornburg to the PTO.  Finally, you have received the time records from Baker & Daniels and Barnes & Thornburg for the attorneys prosecuting the patent in suit.

B. These items need to be resolved prior to completion of the depositions of Mr. Cooper and Mr. Gallagher.  These items and those depositions are needed to for Forest River to complete its Objections to Jay Taylor's Expert Report.  That Report and the incomplete depositions were heavily relied upon in the summary judgement motion.  We have filed a request to delay submission of the Objections until these items and depositions are resolved, at least until Feb. 1, 2010.  That motion is still pending before the Court.

C. Further as to Jay Taylor, John LaDue has recently provided me with the information about Mr. Taylor's prior report wherein he found Barnes & Thornburg to have commited inequitable conduct in connection with a patent application.  An examination of that report will allow us to see if Mr. Taylor's methodology was consistant in these two instances.  This is especially important to examine Mr. Taylor's methodology for consistancy because according to his testimony that methodology has not been subject to "expert peer review" via publication or any other means.  It appears that we will need to seek relief from a Protective Order to get this prior report.  Had you provided Mr. Taylor's testimony on a timely basis last May when we requested it, we would not be facing the present delay.  However, since we are, then we must deal with it as best we can.  Again, Mr. Taylor's prior report is important to Forest River's Objections and to the summary judgement motion.

With respect to Jay Taylor, you have had a chance to (1) review Mr. Taylor's report, (2) review all of the materials Mr. Taylor relied upon to prepare his report, (3) depose Mr. Taylor, (4) depose the prosecuting attorneys and all named inventors, (5) review the prosecution files of Barnes & Thornburg and Baker & Daniels, and (6) review Heartland's documents related to the prosecution that were previously withheld as privileged.  You need no further information to adequately object to Taylor's report or to respond to Heartland's Motion for Summary Judgment.  These reasons do not justify an extension or a stay in these proceedings.

D  In additoin, the following discovery items due from Heartland remain in dispute after much discussion between us in attempts to resolve it:

6. Documents and testimony about prosecution of the continuation patents.  You claim it is not relevant, I claim they are a likely source of prior inconsistant statements under the Federal Rules of Evidence about the scope and content of the prior art known to Heartland and its attorneys during the pendancy of the '650 patent as well as evidence of the materiality and relevance of the prior art which Forest River asserts was withheld by Heartland during the pendancy of the '650 patent.  Those materiality and relevance issues are pertinent to the fraud as well as inequitable conduct issues argued in the summary judgement motion.  Since under F.R.E. 613(b) if these items

2/1/2010

*do contain prior inconsistant statements, I need to give Mr. Cooper, Mr. Gallagher, and/or Heartland an opportunity to explain them prior to using that evidence in responding to the summary judgement motion. Accordingly, unless the Court agrees to a credibility hearing with Mr. Cooper and Mr. Gallagher testifying in person, I would need to do this as part of completing their depositions.*

As discussed in Heartland's Motion for Summary Judgment, conduct occurring in connection with the prosecution of a continuation patent after the issuance of the parent patent is irrelevant to a claim of inequitable conduct with respect to the parent patent. *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1370, n. 10 (Fed. Cir. 2008). Your desire for this information does not warrant an extension or a stay.

*7. The actual dealer lists, sales records, Brady emails, and financial records relating to the events surrounding the Hotel Action. I have your personal statements and the special "summaries" prepared by Heartland for this lawsuit, but I do not have the actual and regularly kept business records. The summary documents are in direct conflict with the testimony of Mr. Brady and Catterton and to some degree in conflict with themselves. Moreover, the email printouts you gave me do not have even the Brady emails that I was able to get from dealers, much less the complete transaction record. You have assured me you gave me all Heartland had, but you also previously assured me that immediately after this lawsuit began Heartland made sure that it did not destroy relevant email records by creating computer back up files or some such thing. Fine, I want to search those back records for the missing emails. Your summary judgement motion alleged that no damage occurred as a result of the Hotel Action and faulted Forest River's lack of evidence to the contrary, but these withheld documents are needed to find out if that is true and the withholding by Heartland is self serving.*

We have given you reasonable discovery regarding sales related to the Hotel Incident. Furthermore, it is apparent from Heartland's discovery efforts that you have no admissible evidence that a misrepresentation was made in connection with the Hotel Incident. No further discovery is warranted, and there is no justification for an extension or a stay.

*E. I believe that all of the as yet unbriefed discovery disputes can be handled efficiently by an expedited hearing before the Judge, such as she has suggested doing in another lawsuit I have before her. Please consider whether you are willing to participate in such a hearing, after you have been in contact with the clerk, as you mentioned today.*

For the reasons stated above, no expedited discovery hearing is necessary or justified.

*F. In addition to this information needed to respond to the summary judgement motion, there are two pending motions which, if granted as Heartland has requested or if granted with certain modifications proposed by Forest River, would completely moot the summary judgment motion. DE#42 and #54. Rather than waste the court's and our client's resources in this lawsuit further, I recommend that we ask the court to stay all further action pending resolution of those motions.*

Our Motion for Summary Judgment explains our understanding of the procedural status of this case. The Covenant Not to Sue and Motion for Voluntary Dismissal have effectively removed the issues of invalidity and infringement from the case. Because you have asserted your intention to claim that this is an "exceptional" case in order to obtain attorney's fees, we have included the inequitable conduct claim in our Motion for Summary Judgment.

There is no reason to prolong this litigation any further. This case is ripe for summary judgment, and we do not agree to an extension or stay.

**From:** ryanfountain@aol.com [mailto:ryanfountain@aol.com]
**Sent:** Thursday, January 21, 2010 12:36 PM
**To:** Irmscher, David P.
**Subject:** Heartland v. Forest River

2/1/2010