# UNITED STATES DISTRICT COURT
## Northern District of Indiana
## South Bend Division

| | | |
|---|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.:3:08-cv-490 TLS |
| v. | ) | |
| | ) | |
| FOREST RIVER, INC., | ) | JURY DEMAND |
| Defendant. | | |

## AMENDMENT TO FOREST RIVER'S NOMINAL OBJECTION TO EXPERT AND MOTION FOR AMENDMENT OF SCHEDULING ORDER

Forest River herein amends its motion for Amendment of Scheduling Order (DE#82) as a result of intervening events since the filing of that motion. Briefly, while significant progress has been made in obtaining the information needed to complete Forest River's objections to Heartland's Expert, there are presently two pending motions which need to be resolved in order for that process to be completed. Accordingly, the extension of time originally requested needs to be modified. A revised proposed form of Order has been sent to chambers via email concurrently herewith.

As to the Prior Expert Report by Mr. Taylor:

As reported in the Reply (DE#86) at pages 4- 9, significant progress has been made in getting the missing information for the late-occurring deposition and Expert Report of Mr. Taylor which Heartland intends to use in this lawsuit. Since the filing of that reply on January 15, 2010, Forest River is pleased to report that all documentation needed from the law firm of Barnes & Thornburg

1

appears to have been given to Forest River except for the Expert Report of Jay Taylor from his only prior experience as an expert witness on the issue of inequitable conduct. That Expert Report is needed so that Forest River can compare the principles and methods used by Mr. Taylor in the two lawsuits to determine if they are reliable.

Briefly, the *Stant v. Gerdes* case (before the U.S. District Court for the Southern District of Indiana, Case No. 1:02-cv-1653) is the only prior case that Mr. Taylor has testified in as an expert witness on the issue of inequitable conduct under 37 CFR §1.56. See, Fed. R. Civ. P. 26(a)(2)(B)(v). In that case, he submitted an Expert Report setting forth his reasons (including principles and methods used) for the opinions he reached. Fed, R. Civ. P. 26(a)(2)(B)(i).

In comparison with the present lawsuit, both lawsuits involve patent infringement claims against accused infringers, Gerdes in the first case and Forest River in the second. In both cases, the law firm of Barnes & Thornburg prepared and filed with the USPTO the application for the patent in suit. In both cases, the accused infringers asserted that the patent was procured by "inequitable conduct" in violation of 37 CFR §1.56 and that the firm of Barnes & Thornburg participated in that conduct. In both cases, Mr. Jay Taylor was an expert witness and prepared and served his Expert Report under Fed. R. Civ. P. 26(a)(2)(B) wherein he set forth his conclusions and reasons for arriving at those conclusions.

However, in the first case Mr. Taylor was hired by the accused infringer and found that there was inequitable conduct. In the second case, Mr. Taylor was hired by the patent owner and found that there was no inequitable conduct [Exhibit A]. These are the only two instances where Mr. Taylor has rendered an expert opinion on inequitable conduct. The methodology used by Mr. Taylor in his Expert Reports has not been published for peer review [Exhibit B].

2

In the first lawsuit, the Expert Report was declared to be Highly Confidential and is considered to be subject to this Court's Protective Order of July 30, 2003 (Docket Entry 34 in the '1653 case) [Exhibit C]. In the second lawsuit, the Expert Report was not declared confidential and has been made a matter of public record as part of a motion (See Docket Entry 81-7, Tab T in the '490 case). The attorney representing Barnes & Thornburg in the second case, Mr. John LaDue, indicated that Barnes & Thornburg would provide a copy of the Expert Report from the first lawsuit to Forest River if doing so was not prohibited by this Court's Protective Order.

As to the relevancy of the information sought by Forest River and the public interest in Mr. Taylor's report, the U.S. Supreme Court has made it clear that the *Daubert* principles, whereby the Court must act as an expert evidence "gatekeeper," apply to all expert testimony, not just those relating to scientific evidence. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Accordingly, under F.R.E. 702, an expert may not testify unless the testimony:

1. is based upon sufficient facts or data, and

2. is the product of reliable principles and methods, and

3. has applied the principles and methods reliably to the facts of the case.

Indeed, to assist parties and the courts in making that determination, Fed. R. Civ. P. 26(a)(2)(B)(parts iv and v) require that the Expert Report disclose a list of prior publications of the expert as well as a list of prior cases the expert as testified in. As with all witnesses, the opinion of the expert can be tested under F.R.E. 613 (dealing with prior inconsistent statements).

In the present case, Forest river is focusing in part on the reliability of the "principles and methods" used by Mr. Taylor in determining if inequitable conduct occurred . However, Mr. Taylor has only ever made two such Expert Reports since he has only been an expert witness on the issue

of inequitable conduct twice. Forest River cannot judge the reliability of the principles and methods used by Mr. Taylor in the second lawsuit by peer review since they have not been published. Forest River may be able to assess the reliability of those principles and methods by comparison to the principles and methods used by Mr. Taylor under similar circumstances and against the same law firm in this first lawsuit. If the principles and methods used in the two lawsuits differ significantly, that inconsistency is admissible as evidence against allowing Mr. Taylor to testify as an expert witness on the issue of inequitable conduct in the second lawsuit.

Accordingly, Forest River filed a "Motion of Third Party, Forest River, Inc., for Relief from Protective Oder" in the prior case. That motion is presently pending before the U.S. District Court for the Southern District of Indiana in the *Stant v. Gerdes* case as DE#619. For the Court's convenience, a copy of that motion is attached hereto as Exhibit D, with the exhibits referred to therein having the same content and numbering as Exhibits A - C mentioned above.

Therefore, Forest River requests that the deadline for filing of its objections to Mr. Taylor's testimony as an expert and the use of his Expert Report in the present lawsuit be postponed until after that pending motion is decided and the prior Expert Report is given to Forest River for comparison.

As to the Missing Search Report and Firm Policy Documents:

As reported in the Reply (DE#86) at pages 6 - 9, despite the cooperation of Barnes & Thornburg and Forest River in working to resolve the issues of time records. billing statements, and law firm policy and practices manuals without the need for Court intervention, we are at a standstill with respect to documents from Heartland and Baker & Daniels. Accordingly, a motion to compel

has been filed, DE#88, to obtain the missing documents from those two recalcitrant parties.

As set forth in more detail in that motion to compel, the billing statements and time sought by Forest River records relate to tracking down of a mysterious "search" that produced patents which Mr. Cooper "found" in his files of the application for the patent in suit.  Supposedly, no one knows how it got there, how it was created, and who saw anything having to do with it.  This non-credible posture taken by Heartland may be pivotal in the fraud and inequitable conduct issues before the Court and also reflects upon the qualification of Mr. Taylor to testify as an expert in this lawsuit, as explained in the underlying motion, DE#82.

Briefly, if, for example, the search report shows that Heartland and/or its attorneys had more relevant information about the prior art than was disclosed to the USPTO (particularly as to U.S. Patent 2,322,841), then Mr. Taylor's underlying assumptions in his Expert Report are terribly flawed.  His methodology of conducting no independent investigation of the facts would also be flawed.  And certainly, he would have lacked sufficient facts upon which a reasonable expert could draw the conclusions that he did.  Accordingly, under F.R.E. 702, Mr. Taylor would be barred from testifying in this case.

Similarly, if the missing policy and procedure documents show that Mr. Cooper and Mr. Gallagher did not follow their firm's standard practices, contrary to their testimony that they did, then additional methodology and fact sufficiency flaws of a similar nature are found in Mr. Taylor's Expert Report, and he should also be barred from testifying as an expert under F.R.E. 702.

Moreover, Mr. Cooper and Mr. Gallagher testified repeatedly that they had no recollection of key events.  Accordingly, if the missing documents serve to refresh their recollections at the completion of their depositions, then Mr. Taylor's methodology of relying upon incomplete

depositions will be shown as flawed in that regard as well, and, in addition, the additional facts will show that what he relied upon earlier in forming an opinion was clearly insufficient.

Mr. LaDue, the attorney representing both Mr. Cooper and Mr. Gallagher in this matter has indicated that the earliest those attorneys can be available to complete their depositions is February 24 and 25.  However, Mr. Irmscher, counsel for Heartland, has since indicated that he is unable to attend the deposition on that date and has requested that sometime in March would better suit his schedule (although he asserts that the depositions should not take place at all, regardless of being expressly incomplete).  Further, Mr. LaDue has requested (and Forest River concurs) that the document production issues should be resolved before the depositions are completed .  Heartland does not agree with that, but merely because it does not agree that Forest River is entitled to any further document production.

Accordingly, Forest River requests that the subject motion to compel (DE#88) be resolved and then the depositions of Mr. Gallagher and Mr. Cooper be completed before Forest River is required to file its objections as to Mr. Taylor's testimony and use of his Expert Report.  Otherwise, piecemeal filings would result as more evidence becomes available in that regard.


Dated: February 1, 2010                           Respectfully submitted,

                                                  s/Ryan M. Fountain
                                                  _____
                                                  Ryan M. Fountain (8544-71)
                                                       *RyanFountain@aol.com*
                                                  420 Lincoln Way West
                                                  Mishawaka, Indiana  46544
                                                  Telephone: (574) 258-9296
                                                  Telecopy: (574) 256-5137
                                                  ATTORNEY FOR DEFENDANT

**Certificate of Service**

I certify that on February 1, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

David P. Irmscher        david.irmscher@bakerd.com
Abigail M. Butler        abidgail.bulter@bakerd.com

                              s/Ryan M. Fountain
                              Ryan M. Fountain
                              ATTORNEY FOR DEFENDANT

7