# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STANT MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiff and Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:0-cv-1653 RLY-WTL |
| | ) | |
| GERDES GmbH, | ) | |
| | ) | |
| Defendant and Counterplaintiff | ) | |

## MOTION OF THIRD PARTY, FOREST RIVER, INC., FOR RELIEF FROM PROTECTIVE ORDER

Forest River, Inc., requests relief from this Court's Protective Order of July 30, 2003, to enable it to have access to the Expert Report of Mr. Jay Taylor for use in another lawsuit having related issues. That lawsuit is captioned: *Heartland Recreational Vehicles, LLC., v. Forest River, Inc.*, pending before the United States District Court for the Northern District of Indiana, Case No. 3:08-cv-490.

Summary of the Motion:

In this first lawsuit, Mr. Jay Taylor was a first-time expert witness, hired by the accused infringer, who concluded that the law firm of Barnes & Thornburg engaged in "inequitable conduct" in its prosecution of a patent application before the United States Patent and Trademark Office ("USPTO"). He submitted an Expert Report to that effect, a copy of which is in the possession of Barnes & Thornburg. In the second lawsuit, the law firm of Barnes & Thornburg is again accused

1

of engaging in "inequitable conduct" in its prosecution of a patent application before the USPTO. This time, however, in his second engagement as an expert witness on this issue and this time hired by the patent owner, Mr. Taylor concluded that there was no inequitable conduct. Forest River, the accused infringer in the second lawsuit, would like to compare Mr. Taylor's two Expert Reports to determine if the "principles and methods" used by Mr. Taylor as an expert were consistent in both lawsuits despite the his arriving at the opposite conclusions. However, the Expert Report in the first lawsuit was declared to be "Highly Confidential" under this Court's Protective Order. Barnes & Thornburg has indicated its willingness to provide Forest River with a copy of that Expert Report, but for its protected status under that Order. Forest River seeks relief from that Order sufficient to allow examination of the principles and methods used by Mr. Taylor.

The undersigned counsel has conferred with counsel for Gerdes and counsel for counsel for Stant in an attempt to obtain their consent to this motion, as indicated in the attached Statement. Unfortunately, no agreement was reached at this time. A proposed form of Order is attached hereto.

Background to the Motion:

Both lawsuits involve patent infringement claims against accused infringers, Gerdes in the first case and Forest River in the second. In both cases, the law firm of Barnes & Thornburg prepared and filed with the USPTO the application for the patent in suit. In both cases, the accused infringers asserted that the patent was procured by "inequitable conduct" in violation of 37 CFR §1.56 and that the firm of Barnes & Thornburg participated in that conduct. In both cases, Mr. Jay Taylor was an expert witness and prepared and served his Expert Report under Fed. R. Civ. P. 26(a)(2)(B) wherein he set forth his conclusions and reasons for arriving at those conclusions.

However, in the first case Mr. Taylor was hired by the accused infringer and found that there was inequitable conduct. In the second case, Mr. Taylor was hired by the patent owner and found that there was no inequitable conduct [Exhibit A]. These are the only two instances where Mr. Taylor has rendered an expert opinion on inequitable conduct. The methodology used by Mr. Taylor in his Expert Reports has not been published for peer review [Exhibit B].

In the first lawsuit, the Expert Report was declared to be Highly Confidential and subject to this Court's Protective Order of July 30, 2003 (Docket Entry 34 in the '1653 case) [Exhibit C]. In the second lawsuit, the Expert Report was not declared confidential and has been made a matter of public record as part of a motion (See Docket Entry 81-7, Tab T in the '490 case). The attorney representing Barnes & Thornburg in the second case, Mr. John LaDue, indicated that Barnes & Thornburg would provide a copy of the Expert Report from the first lawsuit to Forest River if doing so was not prohibited by this Court's Protective Order.

Applicable Rules of Law:

As to discovery sought by Forest River, Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Unless otherwise limited by court order . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

It has long been the rule that when a party objects to discovery of confidential information, the court must weigh the interests of the parties and of the public policy to arrive at an appropriate discovery compromise. *Memorial Hospital for McHenry County v. Shadur*, 664 F. 2d 1058, 1061-72 (7th Cir. 1981)(per curiam). Generally, broad discovery is available under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1); *Blancha v. Raymark Industries*, 972 F. 2d 507, 514 (3d Cir.

1992)("Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant"). Privileges excluding relevant evidence are to be construed narrowly because the they constrict the fact-finding process. *Ryan v. Commissioner of Internal Revenue,* 568 F. 2d 531, 542-3 (7th Cir. 1977), *cert. denied,* 439 U.S. 820 (1978).

As to the effect of a protective order, when granting a proposed protective order, the court should independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); *Citizens First National Bank of Princeton v. Cincinnati Insurance Co,* 178 F. 3d 943, 944 (7th Cir. 1999). In doing so, the court should not give the parties *carte blanche* to seal or protect wherever they desire. *Citizens*, 178 F. 3d at 944; *See also Pierson v. Indianapolis Power & Light Co.,* 205 F.R.D. 646, 647 (S.D. Ind. 202)("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process...'")(quoting *Citizens*, 178 F. 3d at 945). In other words, the court cannot serve as a mere rubber stamp whenever the parties wish to seal public records, but instead must review requests to seal in light of the public interest in the judicial process.

As to the relevancy of the information sought by Forest River and the public interest in Mr. Taylor's report, the U.S. Supreme Court has made it clear that the *Daubert* principles, whereby the Court must act as an expert evidence "gatekeeper," apply to all expert testimony, not just those relating to scientific evidence. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Accordingly, under F.R.E. 702, an expert may not testify unless the testimony:

    1. is based upon sufficient facts or data, and

    2. is the product of reliable principles and methods, and

      3. has applied the principles and methods reliably to the facts of the case.

Indeed, to assist parties and the courts in making that determination, Fed. R. Civ. P. 26(a)(2)(B)(parts iv and v) require that the Expert Report disclose a list of prior publications of the expert as well as a list of prior cases the expert as testified in. As with all witnesses, the opinion of the expert can be tested under F.R.E. 613 (dealing with prior inconsistent statements).

Analysis of the Present Motion:

      The *Stant v. Gerdes* case is a "prior case" that Mr. Taylor has testified in. The focus of this motion are the "principles and methods" used by Mr. Taylor in determining if inequitable conduct occurs. Those principles and methods are expected to be disclosed in his Expert Report served in the first lawsuit, a copy of which is presently in the possession of Barnes & Thornburg.

      This Court's Protective Order of July 30, 2003 provides on page 15 that "any interested member of the public may seek leave of the Court to challenge the designation of particular documents filed under seal as Confidential." Forest River, a member of the public, is doing do in this motion as to the particular documents of the Expert Report of Jay Taylor. Those documents are relevant to the issues in the second lawsuit because under Fed. R. Civ. P. 26(a)(2)(B)(i) the Expert Report should contain what the "principles and methods" were that Mr. Taylor used in arriving at his conclusions and opinions in the first lawsuit.

      Mr. Taylor has only ever made two such Expert Reports since he has only been an expert witness on the issue of inequitable conduct twice. Forest River cannot judge the reliability of the principles and methods used by Mr. Taylor in the second lawsuit by peer review since they have not been published. Forest River may be able to assess the reliability of those principles and methods

by comparison to the principles and methods used by Mr. Taylor under similar circumstances and against the same law firm in this first lawsuit. If the principles and methods used in the two lawsuits differ significantly, that inconsistency is admissible as evidence against allowing Mr. Taylor to testify as an expert witness on the issue of inequitable conduct in the second lawsuit.

Forest River does not know which of Stant or Gerdes made the Highly Confidential designation of the Expert Report in the first lawsuit. However, under the terms of the Protective Order, at page 5, "the HIGHLY CONFIDENTIAL category shall be reserved for the following Protected Material: (i) trade secrets; (ii) non-public financial information; (iii) non-current research and development information; and (iv) non-current business and marketing planning." Since the first Expert Report dealt with inequitable conduct under 37 CFR §1.56 in connection with proceedings before the USPTO during prosecution of a patent application, it seems unlikely that any of the information contained therein would fall into one or more of those categories. This assumption is supported by the fact that nothing in the second Expert Report by Mr. Taylor was declared to be confidential. Thus, the Expert Report may have been improperly designated in the first place.

However, in the event that any such information which falls within those categories is present in Mr. Taylor's report, Forest River has no objection to those portions being redacted since they relate to conduct of the parties to the lawsuit and not to conduct of the attorneys accused of inequitable conduct and since they would not disclose Mr. Taylor's principles and methods of determining if inequitable conduct arose. In this way, the court would be balancing any privacy interests of the parties with the public interest in testing the validity of Mr. Taylor's opinions.

Accordingly, the present motion should be granted and Forest River given access to the Expert Report of Mr. Taylor in this lawsuit. To the extent any information contained in that Expert

Report qualities as Highly Confidential, the interested party should be required to redact that information.

Dated: February 1, 2010

Respectfully submitted,

s/Ryan M. Fountain

———————————————
Ryan M. Fountain (#8544-71)
      *RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana  46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
Attorney for Forest River, Inc.

**Certificate of Service**

I certify that on February 1, 2010, I electronically filed the foregoing document and its attachments with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

Donald E. Knebel         donald.knebel@btlaw.com
David J. Pitman          dpitman@fulpat.com

s/Ryan M. Fountain
Ryan M. Fountain (#8544-71)
      *RyanFountain@aol.com*
420 Lincoln Way West
Mishawaka, Indiana  46544
Telephone: (574) 258-9296
Telecopy: (574) 256-5137
Attorney for Forest River, Inc.