UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, <br>     Plaintiff, <br> <br> v. <br> <br> FOREST RIVER, INC., <br>     Defendant. | ) ) ) ) ) ) ) ) )    CASE NO.: 3:08-cv-490 TLS-CAN |

**RESPONSE TO FOREST RIVER'S MOTION FOR STAY
PENDING DECISION ON FULLY BRIEFED MOTIONS AND
<u>SCHEDULING CONFERENCE TO RESOLVE DISCOVERY DISPUTES</u>**

In its Motion for Stay Pending Decision on Fully Briefed Motions and Scheduling Conference to Resolve Discovery Disputes (the "Motion"), Forest River, Inc. ("Forest River") fails to provide a single legitimate reason for its refusal to timely respond to the Motion for Summary Judgment filed by Heartland Recreational Vehicles, LLC ("Heartland"). Forest River's Motion declares that until the Court and Heartland complete certain acts to Forest River's satisfaction, Forest River will not "undertake[] the considerable expense to prepare its response to the summary judgement (sic) motion."[1] (Motion p. 6; *see also* Motion pp. 4, 7.)

None of the reasons offered by Forest River warrants a stay in these proceedings. **First**, Forest River cannot legitimately claim to need a ruling on Heartland's Motions to Dismiss (Docket Entry Nos. 42, 54) before responding to Heartland's Motion for Summary Judgment. Forest River has acknowledged that it is seeking attorney's fees in connection with its allegation of inequitable conduct. Until Forest River expressly abandons its pursuit of these fees, the

---

[1] To the extent Forest River is claiming that it needs more discovery in order to respond to Heartland's Motion for Summary Judgment, it has failed to follow the procedures outlined in Rule 56(f). For instance, Forest River has failed to include an affidavit showing under oath that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P 56(f).

Court's ruling on these motions will have no effect on the need to adjudicate the merits of Forest River's inequitable conduct claim.  **Second**, Forest River's continued desire to conduct a fishing expedition into Heartland's confidential commercial information does not justify Forest River's refusal to respond to Heartland's Motion for Summary Judgment.  Magistrate Judge Nuechterlein has already quashed Forest River's attempts to obtain this information, finding that it has no meaningful relevance to Forest River's claims.  **Third**, Forest River's arguments for the exclusion of Jay Taylor's expert testimony are insufficient as a matter of law.  Regardless, Forest River's desire to avoid the inconvenience of addressing expert testimony that could ultimately be excluded at trial does not justify its refusal to timely respond to Heartland's Motion for Summary Judgment.  **Finally,** Forest River needs no additional discovery to respond to Heartland's Motion for Summary Judgment, and even if it did, it did not file a single motion to compel that discovery until after the deadline for responding to Heartland's Motion passed.

The Court should deny Forest River's frivolous request for a stay in these proceedings. Furthermore, in light of Forest River's unwillingness to diligently defend its counterclaims by timely responding to Heartland's Motion for Summary Judgment, the Court should rule on that Motion based upon the record provided in Heartland's Statement of Undisputed Material Facts.

**I.     Unless Forest River Agrees to Abandon its Pursuit of Attorney's Fees, the Court's Ruling on Heartland's Motions to Dismiss Will Not Remove the Issue of Inequitable Conduct from the Case**

Heartland has filed two motions to dismiss with respect to the patent issues in this case. The first motion, Docket Entry # 42, seeks dismissal of Forest River's claims for declaratory judgment on the issues of invalidity, non-infringement, and unenforceability.  That motion is premised upon Heartland's Covenant Not to Sue, which divests the Court of subject matter jurisdiction.  *See, e.g., Super Sack Mfg. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir 1995).

2

The second motion, Docket Entry #54, seeks voluntary dismissal of Heartland's patent infringement claims against Forest River under Rule 41(a)(2). Fed. R. Civ. P. 41(a)(2).

In support of its Motion for a stay, Forest River contends that the issue of inequitable conduct will be mooted if the Court adopts "certain alternatives. . .within the Court's authority" in ruling upon Heartland's Motions to Dismiss. (Motion, p. 3.)  However, unless Forest River abandons its pursuit of attorney's fees related to its inequitable conduct claim, the Court's ruling on Heartland's motions to dismiss will not eliminate the need to adjudicate that claim.  Forest River knows this.  In its response to Heartland's Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction in Light of Covenant Not to Sue, Forest River stated that "[t]here is no question, however, that claims Forest River has made for damages under 35 U.S.C. § 285 on account of the fraudulent and inequitable conduct (Amended Complain, ¶ 61) are not mere declaratory judgment claims and, thus, **must remain in the case even if Heartland drops its claims against Forest River.**"  (Opp. to Mot. to Dis. for Lack of Subj. Matter. Jur., Docket Entry No. 48, p. 5) (emphasis added) (citing *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F.Supp.2d 645, Part C at 655-6 (M.D. Pa. 2008); *Knauf Fiber Glass*, *GmbH, v. Certainteed Corp.*, 2004 WL 771257, *1-*2 (S.D. Ind. 2004)).

Thus, the Court's rulings on Heartland's motions to dismiss will only affect Forest River's need to respond to the Motion for Summary Judgment if Forest River agrees to abandon its claim for attorney's fees under 35 U.S.C. § 285.  Perhaps Forest River intends to do just that.  But until it does, Heartland's motions to dismiss provide no justification for Forest River's refusal to respond to the Motion for Summary Judgment.  Hence, the Court should decline Forest River's request for a stay and evaluate the merits of Heartland's Motion for Summary Judgment based on the record provided in its Statement of Undisputed Material Facts.

3

## II. Heartland Owns the Patent in Suit, and Forest River's Desire to Involve Heartland's Lender in this Case Does Not Justify its Refusal to Respond to the Motion for Summary Judgment

Forest River next alleges that it needs a ruling on its appeal of Magistrate Judge Nuechterlein's order quashing three subpoenas Forest River issued to third parties. (*See* Order, Dckt. Entry No. 73.)  With those subpoenas, Forest River sought the disclosure of comprehensive confidential commercial information from Heartland's financial partners.  After evaluating the parties' thorough briefing, Judge Nuechterlein found that Heartland's interest in protecting the confidentiality of its commercial information outweighed Forest River's purported need for the information.  (*Id.* at p. 7)  In fact, Judge Nuechterlein went even further, finding that the information sought by Forest River **had no relevance whatsoever** to the issues of this case.  (*Id.*)

Throughout Forest River's briefing on Heartland's Motion to Quash, Forest River used conjecture, rhetorical questions, and hypotheticals to create the appearance that the information it sought might be relevant.  (*See id.*, p. 6, noting same.)  It continues this practice in the present Motion, hypothesizing that a security interest granted by Heartland to one of its lenders could have made the lender, not Heartland, the true owner of the patent.  Forest River then expresses a desire to join that lender as an indispensable party.  Of course, evidence provided to Forest River confirms unequivocally that Heartland owns the patent.  That evidence includes the deposition testimony of Marc Magliacano, the 30(b)(6) representative for Heartland's parent company, (Magliacano Dep. p. 104, ll. 23-25; p. 105, ll. 1-4, attached as Exh. A), and copies of the named inventors' assignment of their rights in the patent to Heartland (attached as Exh. B).

Despite the existence of this confirmatory evidence and Judge Nuechterlein's order, Forest River now raises this issue again.  It claims that its inability to conduct an irrelevant

4

fishing expedition justifies its refusal to timely respond to Heartland's Motion for Summary Judgment. It does not. As Heartland has repeatedly informed Forest River and this Court, it is the true owner of the patent in suit. Furthermore, joining another party in this case would have no effect on the substantive issues of the inequitable conduct claim, namely the question of whether Heartland or its attorneys knew of a material prior art reference and then deliberately withheld it in order to deceive the Patent Office. Hence, Forest River has the substantive evidence it needs to respond to Heartland's Motion, and it should have done so. Forest River's continued desire to conduct illegitimate discovery into Heartland's confidential commercial information does not justify its failure to respond to the Motion for Summary Judgment, and it does not warrant a stay in these proceedings.

### III. Forest River's Uncertainty as to Whether the Court Will Allow Jay Taylor's Testimony Does Not Justify a Stay in the Proceedings

Forest River next contends that the Court needs to rule on the admissibility of Jay Taylor's Expert Report before Forest River can respond to Heartland's Motion for Summary Judgment. The crux of Forest River's argument is that it can save considerable time and effort if it does not have to address the substance of Taylor's report. However, Forest River's desire to avoid the inconvenience of accounting for expert testimony that might ultimately be excluded at trial does not justify its refusal to timely respond to the Motion for Summary Judgment, and it does not warrant a stay in the proceedings. Rulings regarding the admissibility of expert testimony typically do not occur prior to summary judgment briefing, and Forest River offers no compelling reason why such an extraordinary preliminary ruling is needed in this case.

Furthermore, Forest River's argument for excluding Taylor's expert report lacks merit as a matter of law. In short, Forest River argues that because Forest River decided not to offer expert testimony, the Court should bar Heartland from offering expert testimony.

5

The scheduling order in this case states that "the serving of reports from retained experts under Rule 26(a)(2) are due from the parties who bares the persuasion by **August 3, 2009**; and rebuttal or response by **September 21, 2009**."  (Dckt. Entry No. 41, p. 2.)  Forest River bears the burden of persuasion on its claim of inequitable conduct.  Thus, Forest River's expert report on that issue, if any, was due on August 3, 2009.  Heartland's expert report, which would have responded to the allegations and opinions contained in Forest River's report, was therefore due on September 21, 2009.[2]

But Forest River chose not to offer an expert report.  Thus, rather than responding to or rebutting Forest River's expert opinions on whether Heartland committed inequitable conduct, Jay Taylor's report instead provided an affirmative opinion on why Heartland had not committed inequitable conduct.  Forest River claims that the "non-rebuttal" nature of Taylor's report warrants its exclusion from the summary judgment record.  It asks the Court to hold that Forest River prevented Heartland from offering expert testimony on the issue of inequitable conduct by not giving Heartland any expert testimony to rebut.  But such a holding would clearly frustrate the purpose behind the Court's policy of staggering the due dates for expert reports.  That policy exists to protect the party not bearing the burden of proof from having to guess what allegations and opinions will be raised by the party who does bear that burden.  It does not exist to allow the party bearing the burden of proof to decide for **both parties** whether expert testimony will be used in the case.

Forest River's assertion that it does not want to "waste" time and effort addressing expert testimony that might be excluded at trial does not justify its refusal to timely respond to Heartland's Motion for Summary Judgment.  Furthermore, Forest River's theory as to why the

---

[2] So that Heartland's expert report could incorporate the key deposition testimony of Gerard Gallagher and Gregory Cooper, the parties ultimately agreed to extend the deadline for Heartland's report to November.

6

Court should exclude Taylor's testimony, if adopted by the Court, would allow parties who bear the burden of proof to prevent opposing parties from offering expert testimony by simply providing them with no expert testimony to rebut.[3]  Hence, neither (1) Forest River's desire to avoid the inconvenience of addressing Taylor's report, nor (2) the "non-rebuttal" nature of that report, warrants a stay in these proceedings.

## IV. Forest River Needs No Additional Discovery and Did Not Move to Compel Additional Discovery Until After the Deadline to Respond to Heartland's Motion

Finally, Forest River alleges that it needs additional discovery before it can respond to Heartland's Motion for Summary Judgment.  In its briefing, Forest River addresses two examples of discovery it claims to need: (1) Heartland billing records demonstrating who performed a professional prior art search; and (2) additional information about sales purportedly resulting from Heartland's alleged conduct in connection with the "Hotel Incident."

With its allegation that it needs Heartland's billing records, Forest River once again relies on a sweeping assumption: that Heartland commissioned a professional search company to perform a search for prior art related to Heartland's invention.  Forest River baselessly insists that a professional search occurred even though Gregory Cooper, the attorney whose files contained the patents supposedly obtained from the alleged search, testified that such a professional search was "unlikely" to have happened. (Cooper Dep., p. 40, ll. 8-22, attached as Exh. C.)

Next, Forest River claims that it needs more evidence of Heartland sales allegedly resulting from the Hotel Incident.  But Heartland has already provided Forest River with comprehensive evidence of the Heartland sales that could have theoretically been affected by the Hotel Incident.  The information provided to Forest River allows it to conclusively identify all

---

[3] Such a tactic would prove especially useful in cases—like this one—where the evidence of inequitable conduct is scant or non-existent, thus making it difficult for the accusing party to find a qualified expert witness willing to testify that inequitable conduct occurred.

7

dealers who may have purchased Heartland products as a result of the Hotel Incident.  Moreover, Forest River's claim that it cannot determine what dealers might have been affected by the Hotel Incident is particularly dubious in light of the fact that all of the dealers are Forest River's own customers.

Finally, to the extent Forest River believes it needs further evidence to respond to Heartland's Motion for Summary Judgment, it should have filed a motion to compel the production of that evidence prior to the deadline for its response.  A bare allegation that Heartland has failed to respond to Forest River's discovery requests in the fashion that Forest River would prefer does not justify its failure to respond to the summary judgment motion.

In short, Forest River's unfounded suspicion that Heartland may have additional information does not justify its failure to timely respond to Heartland's Motion for Summary Judgment, and it does not warrant a stay in these proceedings going forward.  The Court should evaluate the Motion for Summary Judgment based upon the record provided in Heartland's Statement of Undisputed Material Facts.

## V. Forest River's Motion Foreshadows an Attempt to Improperly Alter the Factual Basis for its Hotel Incident Claims

As a final note, Heartland wishes to alert the Court to Forest River's apparent plan to improperly shift the factual basis of its Hotel Incident claims.  Discovery in this matter has confirmed that Forest River can produce no admissible evidence that Heartland's employees made misrepresentations to hotel employees.  After the filing of Heartland's Motion for Summary Judgment, Heartland deposed the only two hotel employees listed as potential witnesses in Forest River's initial and supplemental disclosures, Cindy King and Kelly Gearhart.  Ms. King and Ms. Gearhart are employed with the Country Inn & Suites.  Only Ms. Gearhart, who was working at the front desk when the Heartland employee delivered Heartland's

8

promotional materials, has personal knowledge of the Hotel Incident.  In her deposition, Ms. Gearhart confirmed that when the Heartland employee delivered the promotional materials, he did nothing to indicate that he was from Forest River.  (*See* Gearhart Dep., Exh. D., pp. 61-62.)

In support of its current Motion, Forest River states that Heartland's reason for not providing additional information on sales related to the Hotel Incident "is little more than saying because you can show no misrepresentation, we are giving no evidence." (Motion, p. 10.)  In truth, Heartland's comment on Forest River's inability to show a misrepresentation was not meant to justify its refusal to provide additional sales information (which, as discussed in Section IV above, does not exist), but to express Heartland's astonishment at Forest River's continued pursuit of claims for which it has no good-faith evidentiary basis.  Were Forest River truly concerned with avoiding "wasteful exercise[s]," (*see* Motion, p. 1), it would concede the futility of its Hotel Incident claims and voluntarily dismiss them.

Instead, Forest River's Motion indicates that it will take any position in order to sustain the life of these claims, even one that it vehemently disavowed earlier in this litigation.  In the Motion, Forest River alleges that it does, in fact, have evidence of a misrepresentation. "[O]ne such example [of a misrepresentation] is that the packets Heartland caused to be given to the dealers by using Forest River's dealer list contained false statements about Forest River's products." (Motion, p. 10.)  But in attempting to avoid dismissal of its Lanham Act claim earlier in this litigation, Forest River informed the Court that the content of Heartland's promotional materials were not the basis of its Lanham Act or unfair competition claims.

When Heartland initially moved to dismiss Forest River's Lanham Act claim, it did so on the basis that "**[s]ignificantly, Forest River does not allege that any [of] the information in the material that was delivered to the recipients contained any false or misleading**

9

**statements regarding Heartland's products or Forest River's products."** (Heartland's Mot. to Dis. Lanham Act Claim, Docket Entry No. 13, p. 4) (emphasis in original).  In response to this argument, Forest River declared that the "the falsity does not have to be in an advertisement about Forest River or Heartland's RVs per se.  Indeed, there is a separate section of the statute, § 1125(a)(1)(B) which deals with such false advertisements."  (Mem. in Opp. to Heartland's Mot. to Dis. Lanham Act claim, Dckt. Entry No. 15, p. 11.)  In contrast, as Forest River made abundantly clear, it was asserting a "passing off" claim under § 1125(a)(1)(A).  (*Id.* at p. 12.)  When listing the alleged misrepresentations serving as the basis for this claim, Forest River referred only to alleged statements made to hotel employees. (*Id.* at pp. 7-9.)  At no point did Forest River contend with its failure to allege that the promotional materials themselves contained false materials.  Had Forest River claimed that its Lanham Act claim was based on false statements made in Heartland's advertisements, its failure to allege those false statements in the Amended Complaint would have almost certainly resulted in the claim's dismissal.[4]

     However, now that it is clear that Forest River cannot win on its "passing off" claim, Forest River indicates that it wants to resurrect the false advertising claim that it renounced in attempting to avoid Heartland's Motion to Dismiss.  This Court should not condone Forest River's use of shifting, "hide-the-ball" tactics to avoid the unfavorable disposition of its claims.  If Forest River bases its response to Heartland's Motion for Summary Judgment on statements made in Heartland's promotional materials, the Court should promptly strike such arguments from consideration and dismiss Forest River's claims related to the Hotel Incident.

---

[4] Furthermore, Forest River cannot earnestly contend that it just recently learned of an alleged misrepresentation in the promotional materials.  Forest River possessed copies of the promotional materials long before it amended its complaint or responded to Heartland's motion seeking dismissal of the Lanham Act claim.

10

## CONCLUSION

None of the reasons listed in Forest River's Motion justify its failure to respond to Heartland's Motion for Summary Judgment. First, unless Forest River abandons its claim for attorney's fees under 35 U.S.C. § 285, the Court's rulings on Heartland's motions to dismiss will not remove the inequitable conduct claim from the case. Second, Judge Nuechterlein has already denied Forest River's attempt to access confidential commercial information detailing Heartland's business with its lenders. Third, Forest River cannot refuse to timely respond to a Motion for Summary Judgment on the basis that expert testimony supporting Heartland's case might be excluded at trial. Finally, Forest River already has the discovery it needs to respond to Heartland's Motion for Summary Judgment, and if it wanted more discovery, it should have moved to compel that discovery prior to the deadline for its response. In sum, the Court should deny Forest River's frivolous request for a stay in these proceedings and evaluate Heartland's Motion for Summary Judgment on the record provided by Heartland's Statement of Undisputed Material Facts.

BAKER & DANIELS LLP

By: */s/ David P. Irmscher*
David P. Irmscher (#15026-02)
Abigail M. Butler (#22295-02)
111 East Wayne, Suite 800
Fort Wayne, Indiana  46802
Tel: 260.424.8000
Fax: 260.460.1700
david.irmscher@bakerd.com
abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

11

## CERTIFICATE OF SERVICE

The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing was served upon the following, this 4th day of February, 2010, by operation of the Court's electronic filing system:

> Ryan M. Fountain
> 420 Lincoln Way West
> Mishawaka, Indiana  46544-1902

*/s/ David P. Irmscher*
David P. Irmscher

BDDB01 6007117v1