IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC            ) <br> ) <br> Plaintiff,            ) <br> ) <br> vs.            ) <br> ) <br> FOREST RIVER, INC.            ) <br> ) <br> Defendant.            ) | Case No. 3:08-CV-490 AS CAN |

**MEMORANDUM IN SUPPORT OF HEARTLAND'S MOTION TO DISMISS CERTAIN FOREST RIVER COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION IN LIGHT OF REVISED COVENANT NOT TO SUE**

This is a patent infringement action in which plaintiff Heartland Recreational Vehicles, LLC ("Heartland") is the patent owner, and defendant Forest River, Inc. ("Forest River") is the accused infringer. Heartland filed a Complaint for patent infringement in the Northern District of Indiana, South Bend Division, on October 24, 2008. Heartland alleged that Forest River infringed Heartland's United States Patent No. 7,278,650 (the "'650 patent").

However, during the time this litigation has been pending, Heartland decided that it no longer wishes to pursue its infringement claims against Forest River. On May 5, 2009, Heartland attempted to moot the controversy with respect to the infringement, validity, and enforceability of any claim of the '650 patent by covenanting not to sue Forest River for infringement of the '650 patent (the "First Covenant"). A properly executed covenant not to sue for infringement not only moots the controversy with respect to infringement, but also eliminates subject matter jurisdiction with respect to remaining declaratory claims for patent invalidity and unenforceability. *MedImmune, Inc.*, *v. Genentech, Inc.*, 535 F.Supp.2d 1000, 1005 (C.D. Cal.

2008); *see also, generally, Revolution Eyewear, Inc. v. Aspex Eyewear Inc.*, 556 F.3d 1294 (Fed. Cir. 2009).

After Heartland executed the First Covenant, it filed its Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction in Light of Covenant Not to Sue (the "First Motion"). (DE 42.) Furthermore, it sought voluntary dismissal of its own patent infringement claims under Fed. R. Civ. P. 41(a)(2). (DE 54.) In its February 4, 2010 Opinion & Order (the "Opinion"), the Court denied the First Motion, finding that the First Covenant was deficient for several reasons. (*See generally* Opinion, DE 91.) The Court also dismissed Heartland's patent infringement claims without prejudice. (*Id.*)

Seeking to remedy the problems of the First Covenant and clarify that no present actual case or controversy exists between Heartland and Forest River, Heartland executed a revised covenant not to sue on February 16, 2010 (the "Revised Covenant"). A copy of the Revised Covenant is attached as Exhibit A. For the reasons outlined below, the Revised Covenant addresses each of the deficiencies cited by the Court's Opinion. Therefore, Forest River's counterclaims regarding validity, infringement, and enforceability should now be dismissed for lack of subject matter jurisdiction.

### I.    The Revised Covenant Corrects the Deficiencies Cited by the Court

In its Opinion denying Heartland's First Motion, the Court cited several deficiencies in the First Covenant. Briefly, Heartland will explain how the Revised Covenant eliminates each of these deficiencies.

#### A.    The Revised Covenant covers "activities"

In its Opinion, the Court noted that "[t]he Plainitff, however, fails to appreciate that the terms of the Covenant it drafted and executed vary from the terms of the covenant in *Dodge-*

-2-

*Regupol*, which promised that Dodge-Regupol would not 'sue RB [Rubber] in the future for infringement of any claim of the '723 patent with respect to any of RB [Rubber's] currently existing products *or activities*.'" (Opinion, p. 11-12.) (quoting *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp.2d 645, 649 (M.D. Pa. 2008)) (emphasis in Opinion).

The Revised Covenant provides that Heartland "unconditionally[1] covenants not to sue Forest River, Inc. now or in the future for infringement of any claim of U.S. Patent No. 7,278,650 with respect to…(3) *any past or present activities of Forest River, Inc.*"  (Exh. A) (emphasis added).  Hence, the scope of the Revised Covenant is broader than that of the First Covenant and protects Forest River from liability for any past or present conduct whatsoever.

> **B.     The Revised Covenant expressly covers Forest River's Silverback product**

The Court's Opinion also noted Forest River's argument that Heartland's CEO, Brian Brady, was not certain whether the First Covenant "was meant to cover the Defendant's Silverback frame." (Opinion, p. 6.)

The Revised Covenant executed by Brady makes it clear that the Covenant Not to Sue covers the Silverback product, stating that Heartland "unconditionally covenants not to sue Forest River, Inc. now or in the future for infringement of any claim of U.S. Patent No. 7,278,650 with respect to (1) any of Forest River, Inc.'s currently existing products, whether those products are already manufactured or manufactured in the future, and including, but in no way limited to, *the Silverback product*."  (Exh. A) (emphasis added.)

---

[1] The Court also emphasized the absence of the word "unconditionally" from the First Covenant, citing the language of the covenant used in *Revolution Eyewear*, 556 F.3d at 1296. (Opinion, p.12.)  Heartland has included the word "unconditionally" in its Revised Covenant.

### C. The Revised Covenant protects Forest River's suppliers from liability

The Court also noted that "[m]ore than two years ago, the Plaintiff by counsel sent letters to two of the Defendant's suppliers, stating that it highly valued the '650 patent, that it intended to fully assert its rights in the patent, and that it was seeking broader protection of its intellectual property." (Opinion p. 14)  It further indicated that a potential lawsuit between Heartland and Forest River's suppliers could create adverse legal interests between Heartland and Forest River because of Forest River's alleged indemnification agreements with the suppliers. (*See* Opinion, p. 6, n. 3; p. 14.)

The scope of the Revised Covenant covers not only Forest River, but also all of its suppliers.  Specifically, the Revised Covenant states that:

> Furthermore, Heartland Recreational Vehicles, LLC unconditionally covenants not to sue any current or past supplier of parts to Forest River, Inc. now or in the future for infringement of any claim of U.S. Patent No. 7,278,650 with respect to (1) any products created and/or supplied to Forest River, Inc. for use in any of Forest River, Inc.'s currently existing products, whether those products are already manufactured or manufactured in the future; (2) any products created and/or supplied to Forest River, Inc. for use in any of Forest River, Inc.'s  products manufactured prior to the date of this covenant; and (3) any past or present activities undertaken in connection with the suppliers' business relationships with Forest River, Inc.

This exceedingly broad language nullifies any present adverse legal interest between Heartland and Forest River in connection with any allegedly infringing products or activities of Forest River's suppliers.

### II. The Totality of the Circumstances Demonstrates That No Present Case or Controversy Exists with Respect to the '650 Patent

In *Revolution Eyewear*, the Federal Circuit determined that subject matter jurisdiction persisted where a plaintiff's covenant "did not extend to future sales of the same product as was

-4-

previous sold." *Revolution Eyewear*, 556 F.3d at 1298.  In contrast, it cited with approval several district court cases finding a lack of subject matter jurisdiction, noting that "[in] all of these cases, the covenants covered the current products whether they were produced and sold before or after the covenant." *Id.* at 1300 (collecting and analyzing multiple cases).  The Revised Covenant unequivocally covers all current and past Forest River products, whether they are produced or sold now or in the future.  *Cf. id.* at 1299 (finding subject matter jurisdiction exists because plaintiff refused to relinquish right to sue if defendant brought its current products back onto the market).  Forest River is free to manufacture and sell any past or present products that were in existence at the time of the Revised Covenant's execution.  Furthermore, commensurate with the Court's concerns about the First Covenant's vagueness, the Revised Covenant now also covers all past and present activities of Forest River.  Finally, the Revised Covenant extends protection to all of Forest River's suppliers.  In short, the Revised Covenant completely nullified any controversy that existed between Forest River, Forest River's suppliers, and Heartland at the time of its execution.[2]

As the Court noted in its Opinion, "'A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff.'"  (Opinion, p. 10) (quoting *Benitec Australia, LTD. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)).  "'Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction.'" (*Id.*) (quoting *Benitec*, 495 F.3d at 1344).  After Heartland executed the

---

[2] To the extent that Forest River argues that the covenant must cover future products, "[[t]hat] argument has been repeatedly rejected by federal courts." *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F.Supp.2d 645, 651 (M.D. Pa. 2008); *see also MedImmune, Inc., v. Genentech, Inc.*, 535 F.Supp.2d 1000, 1005 (C.D. Cal. 2008) ("Such a covenant need not cover potentially infringing activities in the future as long as it covers the past and present activities that constitute the 'actual controversy' between the parties.")

Revised Covenant, it lost its right to bring any action against Forest River or its suppliers with respect to infringement of the '650 patent.  Therefore, it can no longer be said that the facts alleged, "'under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  (*Id.* at 9) (quoting *Benetic*, 495 F.3d at 1343).

## CONCLUSION

In light of Heartland's Revised Covenant, the Court lacks subject matter jurisdiction over Forest River's counterclaims regarding the infringement, validity, and unenforceability of the '650 patent.[3]  *Super Sack Mfg. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294 (Fed. Cir. 2009); *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F.Supp.2d 645 (M.D.Pa. 2008).  Accordingly, this Court should dismiss those counterclaims.  *Id.*

BAKER & DANIELS LLP

By:  */s/ David P. Irmscher*
 David P. Irmscher (#15026-02)
 Abigail M. Butler (#22295-02)
 111 East Wayne, Suite 800
 Fort Wayne, Indiana  46802
 Tel: 260.424.8000
 Fax: 260.460.1700
 david.irmscher@bakerd.com
 abigail.butler@bakerd.com

ATTORNEYS FOR PLAINTIFF,
HEARTLAND RECREATIONAL
VEHICLES, LLC

---

[3] Forest River has apprised Heartland of its belief that this is an "exceptional case" under 35 U.S.C. § 285 and that it will file a motion seeking attorneys' fees with respect to inequitable conduct.  Such a motion would require a determination of the merits of alleged inequitable conduct.  Hence, Heartland has included the issue of inequitable conduct in its previously filed Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

      The undersigned counsel for plaintiff Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing MEMORANDUM IN SUPPORT OF HEARTLAND'S MOTION TO DISMISS CERTAIN FOREST RIVER COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION IN LIGHT OF REVISED COVENANT NOT TO SUE was served upon the following, this 19th day of February, 2010, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana  46544-1902

                    */s/ David P. Irmscher*
                    David P. Irmscher