# UNITED STATES DISTRICT COURT
Northern District of Indiana
South Bend Division

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, <br>     Plaintiff, <br><br> v. <br><br> FOREST RIVER, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) CASE NO.:<u>3:08-cv-490 TLS</u> <br> ) <br> ) <br> )     JURY DEMAND |

**FOREST RIVER'S RESPONSE TO HEARTLAND'S MOTION TO DISMISS (DE#94)**

<u>Summary of the Reply:</u>

    The present motion is, in effect, a motion for voluntary dismissal under Rule 41(a)(2) where Heartland has contrived to remove jurisdiction by once again promising not to sue under the parent '650 patent. Forest River accepts Heartland's representation that the new and revised Covenant Not to Sue corrects all the flaws the Court pointed out in its recent Order (DE#91). Accordingly, Forest River agrees that the counterclaims for invalidity, non-infringement, and unenforceability are moot, except for the Rule 54 and §285 claims and Rule 41 issues. However, Forest River requests that the terms of the dismissal be that Heartland's Revised Covenant is construed to cover the continuation patents or conditioned upon reimbursement of its litigation expenses. Forest River would otherwise suffer plain legal prejudice, and Forest River has conferred upon the public a substantial benefit by this litigation.

1

Detailed Analysis of the Present Motion:

This is Heartland's second attempt to have Forest River's patent counterclaims dismissed under Fed. R. Civ. P. 12 (and its fourth Rule 12 motion in this lawsuit, having not yet even answered the pleadings as to any of the counterclaims). The prior Order of this Court, DE#91, denied Heartland's first attempt because of the defects in the Covenant Not to Sue given up by Heartland last May. Heartland has represented to the Court that the Revised Covenant "corrects the deficiencies cited by the Court." Forest River accepts that representation and agrees that the Revised Covenant now makes the declaratory judgment counterclaims, *per se*, of patent invalidity, non-infringement, and unenforceability unnecessary and moot. The words chosen by Heartland in the Revised Covenant do have some ambiguity, but the representation of intent to the Court is binding upon Heartland, so Forest River need not debate the wordsmithing.

However, "[w]hile the covenant may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims [citation omitted], the covenant does not deprive the district court of jurisdiction to determine the disposition of the patent infringement claims raised in the Complaint under Rule 41 or the request of attorneys fees under 35 U.S.C. §285." *Highway Equip. Co., Inc. v. FECO, Ltd.,* 469 F. 3d 1027, 1033 n.1 (Fed. Cir. 2006).[1] Both of those types of residual issues remain for the Court in this case. Forest River specifically pled such a claim under §285 in the Amended Answer. DE#21 at ¶61. That claim was based upon "Heartland's fraudulent and inequitable conduct" which

---

[1] Furthermore, Forest River's three unfair competition-type counterclaims based upon the Hotel Action (described briefly in its co-pending second motion to compel, DE#96, at pages 2-3) remain in this case, having independent federal and supplemental jurisdiction.

also formed the bases for the unenforceability counterclaim.[2] Thus, substantively, that issue remains for so long as Forest River is denied its attorneys fees in defending against the '650 patent.[3] In addition, issues under Rule 41 remain in this case as to the specific disposition of the patent-related claims now made moot by Heartland's voluntary action.

Fed. R. Civ. P. 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order and on such terms that the court considers proper." Further, under Fed. R. Civ. P. 41(c), "[t]his rule applies to a dismissal of any counterclaim." The circumstances of Rule 41(a)(1) are not applicable to the present motion, thus Rule 41(a)(2) does apply here since, literally, the plaintiff, Heartland, has requested dismissal. Also, while a dismissal under Rule 12(b)(1) or (h)(3) is normally without a "claim preclusive effect" since it is not "on the merits," *see, e.g., Shockley v. Jones*, 823 F. 2d 1068, 1073 (7th Cir. 1987), Rule 41(b) expressly permits the dismissal order to "state[] otherwise" and operate as "an adjudication on the merits." That is especially appropriate here, where Heartland admits that the covenant not to sue was signed because the patent is "invalidated" and not violated by Forest River. Exhibit D at page 182: lines 9-12 and at page 179: lines 14-16. Further, the covenant itself purports to be an end to the

---

[2] Briefly, there are three primary sources of fraud and inequitable conduct being asserted in this case which make it "exceptional." First, the "cultivation of ignorance" by Heartland's counsel, which is addressed briefly in DE#99 and is highlighted by the mysterious "prior art search patents" which somehow just appeared in Mr. Cooper's files. Second, the misappropriation of the technology of Lippert Components by John Rhymer, which was specifically raised in the Amended Answer (DE#21 at ¶25) and is shown through a comparison of Exhibits A and B hereto. Third, the concealment of Damon Corporation prior art by Brian Brady, such as the fifth wheel trailer frames and Breckenridge trailer frames referred to in Exhibit C hereto.

[3] Forest River also asserts its rights under Fed. R. Civ. P. 54(d) for costs as the prevailing party in connection with the patent issues of this lawsuit, independent of the §285 claim.

litigation that precludes Heartland from bringing another claim against Forest River.

Heartland's motion did not address what other terms the court should "consider proper" to include with the dismissal. However, as the Court noted in the recent Order (DE#91), the terms and conditions of dismissal should be for the defendant's benefit. *McCall-Bey v. Franzen*, 777 F 2d 1178, 1184 (7th Cir. 1985)("the general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt"). Also, under Rule 41(a)(2) the expenses a defendant has incurred in defending the suit (including attorney's fees) may be awarded as a term or condition of dismissal, *Esposito v. Piatrowski*, 223 F. 3d 497, 501 (7th Cir. 2000), especially where the dismissal is without prejudice or where there is a risk of renewed litigation, *see Hinfin Realty Corp. v. The Pittston* Co, 212 F.R.D. 461, 461 (E.D. N.Y. 2002). Moreover, the fee award to be given a defendant as a result of a Rule 41 dismissal is not limited to merely those fees for work which would not be useful in other litigation. *LeBlang Motors, Ltd., v. Subaru of America, Inc.* 148 F. 3d 680, 685-6 (7th Cir, 1998). Rather, it was recognized that the purpose of the fee award "is to compensate the defendant for the unnecessary expense that the litigation has caused." In addition, the court has discretion to award attorneys fees to a successful defendant that is substantively prevailing via the dismissal where that litigation has resulted in a benefit to others. *Esposito*, at 500 n. 5. Clearly, a court would be abusing its discretion under Rule 41(a)(2) if it let a dismissal create a plain legal prejudice to a defendant. *Wojtas v. Captial Guardian Trust Co.,* 477 F. 3d 924, 927 (7th Cir. 2007).

As in any patent case, it has long been recognized that:

> "[t]he possession and assertion of patent rights are 'issues of great moment to the public,' [citation omitted] . . .A patent is by its very nature affected with a public interest. As recognized by the Constitution, it is a special privilege designed to serve the public

purpose of promoting the 'Progress of Science and useful Arts.' At the same time, a patent is an exception to the general rule against monopolies and to the right to access to a free and open market. **The far-reaching social and economic consequences of a patent, therefore, give the public a paramount interest in seeing that patent monopolies** spring from backgrounds free from fraud or other inequitable conduct and that such monopolies **are kept within their legitimate scope."**

Emphasis added. *Precision Instr. Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 815-16 (1945). In the present case, Forest River has prevailed on the issue of patent validity by Heartland's own admission, Exhibit D, thereby conferring upon the public a substantial benefit. The prior art Forest River found and forced Heartland to recognize is, by virtue of the pleadings in this lawsuit, now known to the public. The '650 patent, being invalidated and having no legitimate scope at all, is now no barrier to any other RV manufacturer, dealer, supplier or user. The market in that regard is once again "free and open," all on account of Forest River's efforts. While the covenant not to sue may name only Forest River and its business associates, the deposition admission of Heartland, published in the docket of this Court since DE#48 - Exhibit I, inures to the benefit of all.

At the same time, however, Forest River now faces a plain legal prejudice. The covenant not to sue, even as revised, is specifically limited to only the '650 patent and not to any of the continuation patents which issue from that. Heartland has taken certain of the evidence of prior art, fraud, and inequitable conduct back to the U.S. Patent Office ("USPTO") and prosecuted a second, closely related continuation patent,[4] U.S. Patent 7,575,251. As shown on Exhibit E (References Cited section on page 1 and page 2) hereto, even the litigation pleadings of this case have been presented to the USPTO. This was done by Heartland on an *ex parte* basis with no opportunity for

---

[4] As noted in the Order of DE#91 at n. 2, these patents are so close in subject matter that a terminal disclaimer was filed with respect to the '251 patent. A comparison of the claims of the two patents shows no significant differences in scope apart from the addition of an angled "brace" which also appears as element 90 in Figures 6 - 10 of the '650 patent.

5

Forest River to explain the significance, interpretation, or meaning of its evidence to the USPTO.[5] Thus, the '251 patent would on its face be entitled to the statutory "presumption of validity" under 35 U.S.C. §282, even though it has almost the same claim limitations and scope as the '650 patent! The adverse effect on Forest River is that if the patent validity, infringement, and unenforceability issues were prosecuted in the present lawsuit, since Forest River's evidence had not been considered by the USPTO, its burden of proof against that presumption "may be more or less easily carried because of the additional evidence." *Applied Materials, Inc., v. Advanced Semiconductor Materials America, Inc.*, 98 F. 3d 1563, 1569 (Fed. Cir. 1996). On the other hand, since its evidence has now been "blessed" by the Examiner hearing only Heartland's view of the evidence *ex parte*, Forest River now has a significantly higher burden. As has been previously shown to this Court by Heartland's demand letters to accused infringers (Exhibit K to DE#48, for example), it has threatened litigation with the "broader protection" of the continuation patents and has never backed off from that. To protect itself against those future patent claims in the present lawsuit, Forest River had planned to use the unenforceability counterclaim, stopping the future patents under the "All Claims Rule." See ¶54 of the Amended Answer, DE#21. Now, however, that counterclaim is gone, and Forest River is at risk.

At the same time, Heartland has given no reason for the present motion other than that it "no longer wishes to pursue its infringement claims against Forest River." Clearly, Heartland is merely trying to avoid the adverse effects of a judgment against it in this particular lawsuit; a judgement which is all but inevitable given its admission of patent invalidity. However, Heartland is not truly

---

[5] This was part of the "submarine" patent examination process also noted in the Order of DE#91 at n. 4.

trying to put litigation behind it; the extensive efforts at prosecuting the two continuation patents before the USPTO and the careful re-drafting of the Revised Covenant not to cover those continuation patents make it clear that more litigation is coming. Obviously, Heartland just wants that next lawsuit to be on a more favorable footing.

Further, this lawsuit is at an advanced stage with extensive discovery into patent invalidity and uneforceability having been conducted and nearing completion, as is evident from the various discovery motions of late. See, for example, DEs#57, 74, 88, and 92. None of that would have been needed if Heartland had not sued Forest River. Much of that would not have been needed if Heartland had drafted a proper covenant not to sue even last May, instead of the original, defective covenant. Valuable judicial resources as well as resources of Forest River have been wasted if the issues of patent invalidity and unenforceability are not resolved.

Relief Sought by Forest River through this Motion:

In the first instance, Forest River requests that the Court exercise its discretion to effectively dismiss the affected counterclaims as an adjudication on the merits would have done. In this case, that means a dismissal with actual "finality." Jurisdiction was removed voluntarily by Heartland, but it should not be able to escape the consequences of what it started and walk away free of cost and free to start over at a decided legal advantage and to Forest River's detriment. Specifically, Forest River requests that the Order of dismissal impose an added provision, namely that the Revised Covenant also applies to any continuation patents issued from the '650 Patent. Forest River (and this Court) then gets the benefit of what it worked and paid for, freedom from re-cast litigation, and Heartland still avoids the adverse impact of a formal "judgement."

Alternatively, Forest River requests that if it must endure the risk of a higher litigation burden against the '251 patent, the dismissal Order should require Heartland to reimburse Forest River for all of its expenses, including attorneys fees, incurred in connection with the patent issues in this lawsuit.  If Forest River gains no legal remedy by its efforts in this lawsuit, and Heartland gains a "stronger" continuation patent, at least Forest River should not have to bear the financial burden of this lawsuit.  Voluntary action by Heartland to walk away when it is about to lose should not be without responsibility for the burdens Heartland has imposed.

Finally, as a bare minimum alterative, Forest River requests that the dismissal Order impose upon Heartland the requirement that if it ever brings litigation against Forest River for infringement of any continuation patent issuing from the '650 patent, then at that time Heartland will be required to reimburse Forest River all of its expenses, including attorneys fees, incurred in connection with the patent issues in this lawsuit, plus interest accrued since the date of that Order.  At that minimal level, at least there is a deterrence to Heartland starting this up all over again at its convenience.

Dated: March 8, 2010                                     Respectfully submitted,

                                                         s/Ryan M. Fountain

                                                         _____
                                                         Ryan M. Fountain (8544-71)
                                                              *RyanFountain@aol.com*
                                                         420 Lincoln Way West
                                                         Mishawaka, Indiana  46544
                                                         Telephone: (574) 258-9296
                                                         Telecopy: (574) 256-5137

                                                         ATTORNEY FOR DEFENDANT

**Certificate of Service**

I certify that on March 8, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which sent notification of such filing to all of the parties through at least the following counsel of record:

David P. Irmscher    david.irmscher@bakerd.com
Abigail M. Butler    abidgail.bulter@bakerd.com

        s/Ryan M. Fountain
        _____
        Ryan M. Fountain
        ATTORNEY FOR DEFENDANT

## EXHIBITS

Exhibit A    Declaration of Jim Reid with Trial Exhibits 40 and 41

Exhibit B    Non-Confidential Excerpt of Trial Exhibit 125, Lippert Drawing of Heartland frame

Exhibit C    Excerpts from Declaration of Anthony Holland

Exhibit D    Excerpts from Brian Brady deposition transcript

Exhibit E    Excerpts from U.S. Patent 7.575.251