UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 3:08-CV-490 TLS ) ) |
| FOREST RIVER, INC., | ) ) |
| Defendant. | ) ) |

**ORDER**

On February 1, 2010, Defendant, Forest River, Inc. ("Forest River"), filed a motion to compel discovery. On February 18, 2010, Plaintiff, Heartland Recreational Vehicles, LLC ("Heartland"), filed a response in opposition. On February 28, 2010, Forest River filed a reply. On March 16, 2010, Heartland filed a sur-reply. For the following reasons, Forest River's motion is **DENIED**. [Doc. No. 88].

**I.      PROCEDURE**

On October 24, 2008, Heartland filed their original claim against Forest River alleging patent infringement. On November 17, 2008, Forest River filed its answer and asserted a counterclaim for infringement of federal trademark rights. On February 1, 2010, Forest River filed a motion to compel discovery. In that motion, Forest River sought to compel the production of Heartland's billings records relating to an alleged search report, additional times diaries from Bakers & Daniels, and any of Baker & Daniels written policies on patent prosecution, record retention, and time diaries. Forest River primarily seeks the production of these records to discover the source of prior art patents found in discovery documents produced by Heartland.

Heartland objects to producing these documents on several grounds. First, Heartland asserts that the discovery requests are not reasonably calculated to lead to the admission of relevant evidence. Further, Heartland claims that the requests are unduly burdensome. Heartland also argues that the discovery requests seek information that has little probative value to the case and that this minimal value is outweighed by the burden and expense of producing the information. Finally, and perhaps most importantly, Heartland asserts that Forest River's requests seek documents that simply do not exist. This Court may rule on these motions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.  ANALYSIS

Fed. R. Civ. P. 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

However, discovery under Rule 26 is not an invitation to the proverbial fishing expedition. This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."). The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less

>  burdensome, or less expensive; (ii) the party seeking discovery has had
>  ample opportunity by discovery in the action to obtain the information
>  sought; or (iii) the burden or expense of the proposed discovery
>  outweighs its likely benefit, taking into account the needs of the case, the
>  amount in controversy, the parties' resources, the importance of the
>  issues at stake in the litigation, and the importance of the proposed
>  discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2).

### A. Heartland's Billing Records and Baker & Daniels' Written Policies

Forest River seeks all of Heartland's correspondence and billing statements which relate to the patent at issue, specifically including any prior art searches or investigations. According to Forest River, the requested correspondence and billing statements will reveal the source and details of a prior art search in connection with the contested patent application. Further, Forest River asserts that once Heartland's records have specified the location or details of the search the report will likely determine whether Heartland, or any other parties, engaged in inequitable conduct in connection with obtaining the contested patent. Forest River asserts that the performance of inequitable conduct in obtaining the patent would render the contested patent unenforceable. As a result, Forest River claims that Heartland's billing records are relevant to locate the results of the prior art search and to establish that inequitable conduct occurred in the attainment of the contested patent. Forest River's request presumes that a prior art search was conducted by Heartland or by a third party at the request of Heartland. Forest River bases this presumption on the presence of fourteen patents found in the patent case file turned over during initial discovery.

In response, Heartland asserts that the requested documents, the prior art search and related records, simply do not exist. Heartland asserts that any prior search, if it existed, would

have been performed by their former attorneys, Barnes & Thornburg.  Further, Heartland notes that Barnes & Thornburg searched their records and found no evidence of any prior search.  Similarly, Heartland observes that their current attorneys, Baker & Daniels, conducted a records search and uncovered no evidence of a search report.  Heartland argues that all evidence indicates there was no prior search and Forest River's request amounts to a fishing expedition.  Finally, Heartland reports that it pro-actively commenced a comprehensive search of its own financial records and found no responsive documents to Forest River's request.

Heartland's principal argument is that the requested documents do not exist.  Heartland engaged in a comprehensive search of their financial records for the relevant years and did not recover any records related to the alleged prior art search.  Because Forest River has provided no evidence, other than pure conjecture, to the contrary, this Court takes Heartland's assertions to be true.  As such, it would be futile for this Court to order the production of documents that do not exist.  Forest River's motion to compel presumes the existence of a prior art search performed by Heartland or a third party.  However, absent any evidence to support this assertion, this Court will not permit Forest River to engage in a proverbial "fishing expedition" through all of Heartland's financial records.  Therefore, Forest River's motion to compel, to the extent it seeks financial documents from Heartland that do not exist, is **DENIED**.

In addition, Forest River seeks disclosure of Baker & Daniels' written policies regarding patent prosecution, timekeeping, and record retention.  Forest River argues that the policies are relevant because they would allow Forest River to test the credibility of Mr. Gallagher, an attorney at Bakers & Daniel, who was involved with prosecution of the patent at issue.

In response, Baker & Daniels observes that it has located its written timekeeping policies

and will produce a copy of this policy to Forest River.  However, Baker & Daniels alleges that the firm has no written policy regarding the prosecution of patents.  Accordingly, Baker & Daniels argues that it has complied with Forest River's request.

In as much as Baker & Daniels asserts it has no written policy regarding the prosecution of patents, this Court takes Baker & Daniels' assertions to be true.  Accordingly, it would again be futile for this Court to order the production of documents that do not exist.  In addition, regarding the written timekeeping policies, Baker & Daniels asserts that it has already agreed to voluntarily submit a copy of these documents to Forest River.  Because Baker & Daniels has agreed to voluntarily produce the existing documents and notes emphatically that the other requested documents do not exist, Forest River's motion to compel, as to those requests, is **DENIED**.

      B.      <u>Baker & Daniels' Time Diaries</u>

Finally, Forest River seeks unredacted time diaries from two other attorneys at Baker & Daniels.  Specifically, Forest River seeks unredacted time diaries from Mr. Gallagher and Mr. Brotherson.  Baker and Daniels already submitted redacted time diaries of these two attorneys, but Forest River now contends that the redacted portions are a "cover up" of the prior art search.  Specifically, Forest River alleges that the unredacted time diaries will establish that a prior art search was performed and will show who performed the search.  In essence, Forest River argues that Baker & Daniels is attempting to cover up the "smoking gun" by providing redacted entries.  Further, Forest River argues that the time diaries are not protected by the attorney-client privilege nor protected as work product.

In response, Baker & Daniels asserts that it has already complied with the original

discovery request and have provided all relevant time records of attorneys involved in the prosecution of the patent.  Additionally, Baker & Daniels notes that while some of the entries in the disclosed time records were redacted, only those portions of the records that are irrelevant or related to other matters were redacted.  Moreover, Baker & Daniels argues that the time records of Mr. Brotherson are irrelevant because Mr. Brotherson worked as an administrative supervisor and was not substantivally involved in the patent prosecution.  Finally, and most convincing to this Court, Baker & Daniels asserts that the fourteen prior patents were already contained in the patent case file when the file was given to them by Barnes and Thornburg.  Accordingly, Baker & Daniels argues that it is chronologically impossible for its time records to reveal any information about the origin of the fourteen patents.

      This Court relies upon Baker & Daniels' assertion that it has complied with Forest River's request and have disclosed all relevant time records.  Forest River has not submitted evidence to dispute Mr. Brotherson's administration position.  In addition, Forest River failed to dispute that the case file was transferred to Bakers and Daniels after the patents had been established and an alleged search, if there was one at all, would have taken place.  As such, this Court is not convinced that compelling further disclosure is likely to reveal relevant information.

      Further, this Court notes, and Forest River does not dispute, that two full and unredacted disclosures were previously made by Heartland and Barnes and Thornburg, those parties who were involved in the original patent applications at issue.  Forest River does not dispute that these full and uncontested disclosures, revealed nothing to support Forest River's ongoing quest for an ephemeral "smoking gun."  Instead, it has only led to further searches by Forest River and

more contorted justification for Forest River's access to the requested documents.

No more. Forest River's elaborate conspiracy theory regarding a "smoking gun," by itself, is insufficient to establish that Baker & Daniels has withheld relevant information by providing redacted copies of their billing records. Instead, this Court concludes that Baker & Daniels has complied appropriately in its disclosure of relevant time records, and this Court will not permit Forest River to engage in another "fishing trip" through the records. Accordingly, Forest River's motion to compel further production of Baker & Daniel's time records is also **DENIED**.

### III.  CONCLUSION

Therefore, because Forest River's discovery request seeks documents that do not exist or seeks documents that have already been disclosed, Forest River's motion to compel is **DENIED**.  [Doc. No. 88].

**SO ORDERED**

Dated this 22nd Day of March, 2010.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
