# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) |
|---|---|
| Plaintiff/Counter-Defendant, | ) |
| v. | ) CAUSE NO.: 3:08-CV-490-TS |
| FOREST RIVER, INC., | ) |
| Defendant/Counter-Claimant. | ) |

## OPINION AND ORDER

The only claims remaining in this case for independent adjudication are counterclaims asserted by the Defendant/Counter-Claimant (hereinafter "the Defendant") against the Plaintiff/Counter-Defendant (hereinafter "the Plaintiff"). These include allegations of invalidity, non-infringement, and unenforceability of United States Patent No. 7,278,650 (hereinafter "the '650 patent"), trademark infringement, criminal deception, and conduct warranting an award of attorney's fees under 35 U.S.C. § 285.

Now before the Court is the Plaintiff's most recent Motion to Dismiss Certain Forest River Counterclaims for Lack of Subject Matter Jurisdiction in Light of Revised Covenant Not to Sue [DE 94]. The Plaintiff again requests dismissal of the Defendant's counterclaims that seek declaratory relief that the Defendant has not infringed the '650 patent and that the patent is invalid and unenforceable (hereinafter "patent-related counterclaims").[1] Because the Court found that the Plaintiff's initial ambiguous and limited Covenant Not to Sue did not eliminate its subject-matter jurisdiction over the patent-related counterclaims (Feb. 4, 2010, Opinion & Order

---

[1] The Plaintiff does not move (this time) to dismiss the Defendant's other counterclaims or the Defendant's request for attorney's fees pursuant to 35 U.S.C. § 285.

14–15, DE 91), the Plaintiff executed a revised Covenant Not to Sue, which it submitted along with its Memorandum in Support of its Motion to Dismiss. The Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 12(h)(3), the Defendant's patent-related counterclaims should be dismissed because the revised Covenant Not to Sue eliminates the controversy and the Court's subject-matter jurisdiction over the patent-related counterclaims. In its Response to the Plaintiff's Motion to Dismiss, the Defendant concedes that the Plaintiff's revised Covenant Not to Sue corrects the flaws identified by the Court and that the patent-related counterclaims are now moot. (Def.'s Resp. 1, DE 100.)

Considering the Plaintiff's revised Covenant Not to Sue and the applicable standards, the Court will grant the Plaintiff's Motion to Dismiss because the Court now lacks subject-matter jurisdiction over the Defendant's patent-related counterclaims. The revised Covenant Not to Sue, which is dated February 16, 2010, and signed by the president of the Plaintiff, reads as follows:

> Heartland Recreational Vehicles, LLC, the owner and assignee of U.S. Patent No. 7,278,650, unconditionally covenants not to sue Forest River, Inc., now or in the future for infringement of any claim of U.S. Patent No. 7,278,650 with respect to (1) any of Forest River, Inc.'s currently existing products, whether those products are already manufactured or manufactured in the future, and including, but in no way limited to, the Silverback product; (2) any of Forest River, Inc.'s products manufactured prior to the date of this covenant; and (3) any past or present activities of Forest River, Inc. Furthermore, Heartland Recreational Vehicles, LLC unconditionally covenants not to sue any current or past supplier of parts to Forest River, Inc. now or in the future for infringement of any claim of U.S. Patent No. 7,278,650 with respect to (1) any products created and/or supplied to Forest River, Inc. for use in any of Forest River, Inc.'s currently existing products, whether those products are already manufactured or manufactured in the future; (2) any products created and/or supplied to Forest River, Inc. for use in any of Forest River, Inc.'s products manufactured prior to the date of this covenant; and (3) any past or present activities undertaken in connection with the suppliers' business relationships with Forest River, Inc.

(Pl.'s Memo. in Supp., Ex. A, DE 95-1.) Considering the specific terms of the revised covenant,

2

the Court finds that no substantial controversy of sufficient immediacy and reality between parties having adverse legal interests exists to warrant declaratory relief. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Accordingly, the properly executed revised Covenant Not to Sue moots the patent-related counterclaims alleging invalidity, non-infringement, and unenforceability of the Plaintiff's '650 patent and seeking declaratory relief, and it divests this Court of subject-matter jurisdiction to hear these claims.[2]

Although the Defendant agrees that the Plaintiff's revised Covenant Not to Sue has eliminated the case or controversy pled in the patent-related counterclaims and deprives this Court of subject-matter jurisdiction with respect to those counterclaims, the Defendant argues that the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2) and (c), should impose additional terms and conditions along with the dismissal of the patent-related counterclaims. Specifically, the Defendant requests that the Court add a provision to the revised Covenant Not to Sue so that the covenant would apply to any continuation patents issued from the '650 patent or that the Court require the Plaintiff to reimburse the Defendant for expenses.

The Court declines the Defendant's request. In asking the Court to exercise discretion under Rule 41, the Defendant revisits some of the same arguments that it made in its Response to the Plaintiff's Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2), which the Court granted in its February 4, 2010, Opinion and Order. The Court's reasoning in granting that Motion and dismissing without prejudice the Plaintiff's infringement claims on the '650 patent remains applicable, and the Court will not repeat it here. Additionally, the Plaintiff filed the pending Motion to Dismiss under Rule 12(h)(3), not Rule 41, and thus the Plaintiff has sought

---

[2] The Court incorporates by reference here the authorities cited in its February 4, 2010, Opinion and Order [DE 91] regarding the applicable jurisdictional and procedural standards and covenants not to sue.

dismissal of the Defendant's patent-related counterclaims based upon the Plaintiff's revised Covenant Not to Sue and a lack of subject-matter jurisdiction over the patent-related counterclaims. Rule 41(a)(2), which involves the voluntary dismissal of an action at a plaintiff's request, and Rule 41(c), which involves the voluntary dismissal of a counterclaim, crossclaim, or third-party claim at a claimant's request under Rule 41(a)(1)(A)(i), are inapplicable to the pending Motion. Furthermore, the Defendant has not presented authority showing entitlement to the relief it has requested in these circumstances. Finally, considering that the Defendant's counterclaims alleging trademark infringement and criminal deception and seeking attorney's fees under 35 U.S.C. § 285 remain pending and that final judgment has not been entered, the Defendant's claim of entitlement to costs under Federal Rule of Civil Procedure 54(d) is a matter for another day.

**CONCLUSION**

For the reasons stated in this Opinion and Order, the Court GRANTS the Plaintiff's Motion to Dismiss Certain Counterclaims for Lack of Subject Matter Jurisdiction in Light of the Revised Covenant Not to Sue [DE 94]. The Defendant's declaratory relief counterclaims alleging invalidity, non-infringement, and unenforceability of the '650 patent are DISMISSED for want of subject-matter jurisdiction.

SO ORDERED on April 29, 2010.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT