# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. 3:08-CV-00490 JD ) |
| FOREST RIVER, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Forest River's Motion for Review [DE 113, 114] of the Magistrate Judge's Order [DE 107] denying Forest River's Motion to Compel Document Production [DE 88]. The Motion for Review was filed by Defendant Forest River on April 12, 2010 [DE 113, 114]. Plaintiff Heartland Recreational Vehicles, LLC responded on April 30 [DE 116], and Forest River replied on May 10 [DE 117]. For the reasons discussed below, Defendant's Motion for Review is DENIED.

## Background

On October 24, 2008, Heartland filed a claim against Forest River alleging patent infringement. On November 17, Forest River filed its Answer and asserted a counterclaim for infringement of federal trademark rights. On February 1, Forest River filed a Motion to Compel Discovery [DE 88]. On February 18, Heartland filed a Response in opposition to that motion [DE 93]. On February 28, Forest River filed a Reply [DE 99]. On March 12, Heartland filed a Motion for Leave to File Surreply [DE 101], which the Magistrate Judge granted on March 16 [DE 103]. Heartland filed its Surreply on March 16 [DE 104].

In its Motion to Compel, Forest River sought to compel the production of three categories of documents. First, Forest River requested that Heartland produce all correspondence and billing statements relating to an art search Heartland allegedly performed in relation to the '650 patent at issue in this case [DE 107 at 3]. Second, Forest River sought Baker & Daniels' written policies regarding patent prosecution, timekeeping, and record retention [DE 107 at 4]. Third, Forest River asked for unredacted time diaries from two other Baker & Daniels attorneys [DE 107 at 5]. "Forest River primarily seeks the production of these records to discover the source of prior art patents found in discovery documents produced by Heartland" [DE 107 at 1]. Heartland objected to producing these documents on the grounds that the discovery requests are not reasonably calculated to lead to the admission of relevant evidence, that the burden and expense of responding to these requests outweighs the probative value of any information produced, and that the documents Forest River seeks simply do not exist [DE 107 at 2].

## **Discussion**

In the Motion for Review now before this Court, Forest River challenges one factual and one legal determination made by the Magistrate Judge. Forest River contends that Heartland's responses to Forest River's discovery requests were misleading and did not fully respond to Forest River's requests for documents. Specifically, Forest River argues that Heartland's responses were nonresponsive to requests for time records, and that Heartland's representations were carefully worded so as to permit Heartland to withhold responsive information about prior art searches conducted for purposes unrelated to the prosecution (but perhaps related to the invention, for example) of the '650 patent at issue in this case [DE 114 at 6, 8-10]. Forest River also contends that the Magistrate Judge erred in granting Heartland's Motion for Leave to File Surreply without waiting for the expiration of the prescribed period to permit Forest River to file a response to that

2

motion [DE 114 at 5-6, 8]. And Forest River argued that the Magistrate Judge improperly relied upon Heartland's Surreply in denying its Motion to Compel.

When reviewing a magistrate judge's order on a nondispositive matter, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Weeks v. Samsung Heavy Indust. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "The district court reviews the magistrate's factual determinations under the 'clear error' standard, and the legal determinations under the 'contrary to law' standard." *Lafayette Life Ins. Co. v. City of Menasha*, 2010 WL 1138973, at *1 (N.D. Ind. Mar. 17, 2010) (citations omitted). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). This standard does not permit a reviewing court to reverse a decision simply because it would have come to a different conclusion. *Anderson*, 470 U.S. at 573; *Pinkston*, 440 F.3d at 888. Instead, the district court must be "left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943; *see also United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package Sys., Inc.*, No. 3:05-MD-527, 2009 WL 5217341, at *3 (N.D. Ind. Dec. 28, 2009) (citing *In re Comverse Tech., Inc.*, No. 06-CV-1825, 2007 WL 680779, at *2 (E.D.N.Y. Mar. 2, 2007)). Because the district court does not review nondispositive judge decisions *de novo*, *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006), parties may not raise at the district court stage arguments or issues not presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Marshall v.*

*Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

As a nondispositive discovery issue, the Magistrate Judge's decision to deny Forest River's Motion to Compel is reviewed under the clear error standard. Fed. R. Civ. P. 72(a); *In re Fedex*, 2007 WL 1109115, at *1. *See also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."), *cert. denied*, 111 S. Ct. 132 (1990). The district court exercises broad discretion in determining whether to compel discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

## I. The Magistrate Judge's Denial of Forest River's Motion to Compel Does Not Constitute Clear Error

Forest River argues that Heartland's responses to its discovery requests employ "careful wordsmithing" [DE 114 at 6] to obfuscate the results of Heartland's internal investigation. Forest River states that Heartland's and Baker & Daniels's discovery responses are incomplete in that they do not state "that they have no records relating to any searches for prior art in connection with the invention of the '650 patent" [DE 114 at 6]. Instead, Forest River contends, "[t]he only representations they made are as to searches incident to the 'prosecution' of the patent application." *Id.* Forest River claims that "Heartland made no representation that it did not issue payment for such research services and has no record of such payment." *Id.* Finally, Forest River alleges that "the Magistrate relied so heavily upon Heartland's representation that documents relating to a prosecution search did not exist, that the word 'prosecution' was plainly ignored and the Magistrate assumed no search documents existed, whether prosecution related, infringement related, or otherwise" [DE 114 at 8].

The record now before this Court precludes any need to make assumptions. This is so

4

because "Heartland asserts that the requested documents, the prior art search and related records, simply do not exist" [DE 107 at 3].

To elaborate, Heartland represented:

> Heartland has waived attorney-client privilege with respect to the prosecution of the '650 patent, permitting Forest River to scour the communications between Heartland and its patent counsel. It has provided the full patent prosecution files of Barnes & Thornburg and Baker & Daniels for the '650 patent. Barnes & Thornburg and Baker & Daniels have provided Forest River with the bills containing the relevant time records of the attorneys involved in the prosecution of the '650 patent. Forest River has deposed the two principal attorneys responsible for the prosecution of the '650 patent, Gregory Cooper and Gerard Gallagher. Mr. Cooper is the attorney at Barnes & Thornburg who was responsible for the prosecution of the '650 patent before it was transferred to Baker & Daniels. The fourteen prior art references provided to the Patent Office were in Mr. Cooper's files. Mr. Cooper testified as to the potential sources of the fourteen patents and stated that it was unlikely that a professional prior art search was performed.

[DE 116 at 2].

With regard to Baker & Daniels, Heartland has represented to this Court that "Baker & Daniels did not perform a search for prior art relevant to the '650 patent, and Baker & Daniels did not solicit a prior art search for the '650 patent." [DE 116 at 1]. Heartland explained:

> Baker & Daniels has given Forest River its entire patent prosecution file for the '650 patent. It has also given Forest River all relevant time records for the attorneys substantively involved in the prosecution of the '650 patent. Furthermore, Baker & Daniels has searched its cost reports from its representation of Heartland for any evidence that it conducted or solicited a prior art search related to the '650 patent. That search yielded no evidence of a prior art search related to the '650 patent. Finally, it has searched the relevant time records for all attorneys involved in either the prosecution or enforcement of the '650 patent. That search also yielded no evidence of a prior art search related to the '650 patent.

[DE 116 at 7]. Heartland went so far as to confirm that "Baker & Daniels also searched its records for evidence of a prior art search, and it found no such evidence. None of the information yielded by this extensive discovery indicates that the alleged prior art search occurred" [DE 116 at 2]. In sum, Heartland represented to this Court that "Baker & Daniels did not conduct a search for prior

art related to the '650 patent" [DE 116 at 7].

With regard to financial records of an art search, Heartland represented that it "voluntarily searched its financial records for the relevant years in an attempt to locate a record of a professional prior art search related to the '650 patent, and it found no such record" [DE 116 at 2]. Additionally, Heartland stated that "Barnes & Thornburg's billing records for the prosecution of the '650 patent proved that Barnes & Thornburg had not billed Heartland for a prior art search" [DE 116 at 6].

Hypothetically, however, "Heartland could have independently asked a third party to perform a professional prior art search and then forwarded the results to Barnes & Thornburg." *Id.* But Heartland advised that it "searched its financial records for any evidence that it requested and paid for a prior art search related to the '650 patent, and it found no record of a prior art search related to the '650 patent" [DE 116 at 6]. Moreover, Heartland has offered that "'even if the Court were to order Heartland to produce all billing records related to a professional prior art search in connection with the '650 patent, Heartland would have nothing to produce.' The scope of this representation is clearly not limited to prior art searches related to the *prosecution* of the '650 patent" [DE 116 at 5 (emphasis added)].

While Heartland's response brief was prepared after the Magistrate Judge's order denying Forest River's motion, the information contained in response passages was disclosed to Forest River in the course of Heartland's responses to Forest River's discovery requests. Therefore, these representations do not constitute the sort of novel argument prohibited at the district court stage. *See Murr*, 200 F.3d at 902 n.1; *Marshall*, 75 F.3d at 1426-27; *Cupit*, 28 F.3d at 535; *Borden*, 836 F.2d at 6.

Despite Heartland's myriad representations, Forest River asserts that "[n]either Baker & Daniels nor Heartland has made an unequivocal representation to the Court that they have no

information at all about the search that led to the discovery of the 14 patents or about how those patents came to be found" [DE 117 at 2]. On the contrary, Heartland has represented that "a prior art search . . . simply does not exist." and that "Heartland and Baker & Daniels have no documentation related to such a search to produce" [DE 116 at 7].

To counter Heartland's representations, Forest River has provided mere speculation and conjecture that a prior art search must have occurred and that documentation related or relevant to such a search would likely be revealed through further discovery. For instance, with regard to the 14 patents found in Mr. Cooper's files, Forest River asks, "[W]as there a deliberate plan to keep the prosecuting attorney from knowing what the infringement attorneys knew?" [DE 114 at 3], and asserts, "Someone, most likely an attorney or professional searcher found those prior patents and somehow 'put' them into Mr. Cooper's files" [DE 114 at 2-3].

Additionally, Forest River theorizes, "Perhaps the real problem here is that Heartland has actually produced no admissible evidence to contradict the facts and evidence which Forest River has presented" [DE 117 at 4]. Beyond demanding that Heartland prove a negative–a logical impossibility–this claim turns the record on its head. Heartland has conducted the thorough investigation detailed previously, and has produced admissible evidence: per Heartland's representations, no evidence of a prior art search exists. Forest River, on the other hand, offers only speculation that *someone* must have done *something* unlawful *somehow*. This sort of conjecture without factual support is insufficient to justify a further intrusion into all of Heartland's financial records.

District courts routinely deny motions to compel the production of documents when the non-moving party represents that such documents do not exist. *See*, *e.g.*, *Antoine v. Ramos*, No. 07-CV-453, 2010 WL 2000024, at *1 (S.D. Ill. May 19, 2010) ("The Court cannot compel defendants to

produce documents that do not exist."); *Stewart v. Capital Newspapers, Inc.*, No. 09-CV-00554, 2010 WL 1508289, at *2 (W.D. Wis. Apr. 14, 2010) (denying a motion to compel correspondence based on the plaintiff's assertion that it does not exist); *Lambert v. Kutina*, No. 3:09-CV-00212, 2009 WL 3379019, at *1 (W.D. Wis. Oct. 19, 2009) ("I will take defendants' word that the disciplinary reports do not exist and that the shift reports do not mention plaintiff.").

This Court will follow suit. Based on the foregoing discussion, this Court is convinced that there is a sufficient basis upon which the Magistrate Judge concluded that "Heartland engaged in a comprehensive search of their financial records for the relevant years and did not recover any records related to the alleged prior art search" [DE 107 at 4]. As a result, this Court finds that Forest River has failed to show that the Magistrate Judge made a "clear error" in denying Forest River's Motion to Compel.

**II. The Magistrate Judge's Failure to Allow Forest River Time to Object to Heartland's Motion for Leave to File Surreply Was a Harmless Error**

The Court now turns to the issue of whether the Magistrate Judge erred in granting [DE 103] Heartland's Motion for Leave to File Surreply [DE 101] in opposition to Forest River's Motion to Compel [DE 88].

As a determination of legal procedure, the Magistrate Judge's decision is reviewed under the "contrary to law" standard, and shall be set aside if the Magistrate Judge "misapplied relevant statutes, case law, or rules of procedure." *Lafayette Life Ins. Co. v. City of Menasha*, 2010 WL 1138973, at *1 (N.D. Ind. Mar. 17, 2010) (citations omitted) (quoting *Jensen v. Solvay Chem., Inc.*, 520 F. Supp. 2d 1349, 1351 (D.Wyo. 2007); *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

**A. Heartland's Surreply Was an Appropriate Filing**

The Local Rules of the Northern District of Indiana make no provision for the filing of

8

surreply briefs. *See* N.D. Ind. R. 7.1(a). However, "that is not an absolute bar to their use." *Merrill Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009). The determination of whether to permit a party to file a supplemental brief, such as a surreply, rests with the district court. *See Weibrecht v. S. Ill. Transfer, Inc.*, 241 F.3d 875, 881 (7th Cir. 2001) ("We afford district courts considerable discretion in interpreting and applying their own local rules, and we will disturb an interpretation only if we are convinced that the district court has misconstrued the rule or has perverted the meaning of the words of the rule."). Nevertheless, a party in this district may not file a supplemental brief as a matter of right–a party must first obtain leave of the court and make a showing of some factor justifying such a filing. *Brunker v. Schwan's Home Serv., Inc.*, No. 2:04-CV-478, 2006 WL 3827046, at *2 (N.D. Ind. Dec. 27, 2006) (citing *Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638, 641 n.3 (N.D. Ind. Nov. 14, 1997)). *See also Hartley v. Wis. Bell Inc.*, 930 F.Supp. 349 (E.D. Wis. 1996), *aff'd*, 124 F.3d 887 (7th Cir.1997) (excluding supplemental materials because "[a]t no time did the defendant seek leave of this court to file the materials . . . [and it] has failed to identify a justification for the late submission . . . .").

In this case, the Magistrate Judge permitted Heartland to file a Surreply in Opposition to Forest River's Motion to Compel Documents. [DE 104]. Heartland sought and obtained leave of the court before making its filing. [DE 101, 103]. The Surreply did not contain any new legal arguments, but rather noted the results of a search that Heartland had previously disclosed was ongoing. Specifically, in Heartland and Baker & Daniels' Joint Response [DE 93] to Forest River's Motion to Compel, Heartland represented:

> Heartland is currently in the process of searching its financial records for the relevant time period to see if it can locate any bill related to a professional prior art search with respect to the '650 patent. Heartland has completed its search for the relevant time periods in 2005. That search did not yield a bill for a professional prior art search related to the prosecution of the '650 patent. Heartland's financial records from 2004 are not loaded into its accounting software. Hence, a search of those

9

> records will have to be done manually. Heartland is currently in the process of conducting a reasonable, manual search through its financial records for the year 2004. If that exploration yields a bill for a professional prior art search related to the prosecution of the '650 patent, Heartland will immediately produce that bill to Forest River. *Id.* at 6.

Heartland's Surreply merely provided the results of the completed manual search: "Since filing the Response, Heartland's Chief Financial Officer has searched its 2004 billing records and sorted through the file folders associated with each Heartland supplier. Heartland's Chief Financial Officer did not locate a bill for research services related to the prosecution of the '650 patent" [DE 104 at 2].

Considering the Court's discretion over whether and what supplemental briefing to allow, the factual nature of Heartland's disclosure, the reasons such disclosure could not have been made previously, the prior notice that such disclosure was forthcoming, and the lack of novel legal argument in Heartland's Surreply, this Court concludes that the Magistrate Judge's decision to allow a surreply was not contrary to law. *See Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir.1987) ("Where, as here, the local rules do not provide for surrebuttal briefs, we conclude that the . . . district court may in its discretion allow a surrebuttal brief where the non-movant's failure to fully respond to the motion in its original response was due to excusable neglect.").

**B. Heartland's Motion for Leave to File Surreply Was Granted Prematurely**

However, the Magistrate Judge did grant Heartland's Motion for Leave to File Surreply only four days after it was filed [DE 104]. Although "district courts have considerable discretion in interpreting and applying their own local rules[,] . . . 'the words of a rule are intended to communicate a meaning to those to whom they are addressed, rather than to carry some gloss, hidden in the minds of the judges who drafted it.'" *Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 223 (7th Cir. 1988) (quoting 12 C. Wright, A. Miller, Federal Practice and

Procedure § 3153, at 225 (1973)). While it is within a district court's discretion to depart from its own procedural rules, that discretion is not unfettered. Federal Rule of Civil Procedure 83(a)(2) states that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Courts have enforced this duty as well, holding that "a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000). Requiring courts to adhere to their local rules serves to "ensure that no party's substantial rights are unfairly jeopardized." *United States v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989).

Local Rule 7.1(a) permits an adverse party 14 days "after service of a motion, in which to serve and file a response." N.D. Ind. R. 7.1(a). Federal Rule of Civil Procedure 6(d) extends the period in which parties may file a response by three days when service of the original motion is made under Rule 5(b)(2)(C), (D), (E), or (F). Fed. R. Civ. P. 6(d). One of these provisions qualifying for a three day extension, Rule 5(b)(2)(E), permits service "by electronic means if the person consented in writing–in which event service is complete upon transmission[.]" Fed R. Civ. P. 5(b)(2)(E). *See also* N.D. Ind. R. 5.2 ("Transmission of the Notice of Electronic Filing through the court's transmission facilities constitutes service of the filed document upon each party in the case[.]").

Based on this time line, Forest River should have been permitted 17 days in which to file a response to Heartland's Motion for Leave to File Surreply. However, the Magistrate Judge granted Heartland's motion only four days after it was filed, and before Forest River filed any response, thus precluding Forest River's ability to file a response and denying Forest River the right as a litigant

11

to oppose a motion within the time period specified by the Court.

### C. The Magistrate Judge's Premature Granting of Heartland's Motion for Leave to File Surreply Was a Harmless Error

Although the Magistrate Judge's order granting Heartland's unripe Motion for Leave to File a Surreply contravened local procedure, the facts of this case indicate that no prejudice resulted to Forest River. Based on the foregoing analysis of the substance of Forest River's claims, Forest River can demonstrate no harm. Because the Magistrate Judge's error was harmless, this Court declines to reverse his decision. *See Naeem v. McKesson Drug Co.*, 444 F.3d 593, 611-12 (7th Cir. 2006) (upholding a district court damages award calculated using the wrong methodology because "the district court's error was harmless" since the resulting award did not "shock[] the conscience"); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 990 (7th Cir. 2001) (declining to reverse the district court's procedural rulings because "the district court's decisions involving the parties' motions to strike did not involve an abuse of discretion, or, alternatively, only involved harmless error.").

Forest River has represented that had it been given the chance, it would have filed a response "point[ing] out why the surreply would not be appropriate" [DE 117 at 3]. Forest River has stated that its response would have "exposed" Heartland's representations as "a carefully worded and easily misunderstood slight [sic] of hand." [DE 114 at 8]. Additionally, Forest River indicated that "[i]f Forest River had been permitted to respond to the Surreply, it would have opposed the Surreply by explaining that the representation was incomplete as to the files and documents which did exist." *Id.* at 6. Had it been given that opportunity and had it prevailed on its claims, Forest River argues, "the Magistrate Judge may not have relied upon the representations made in the surreply and may not have denied Forest River's motion to compel." [DE 117 at 3].

This Court shall address these claims in turn. First, as discussed previously, permitting

Heartland to file its Surreply was appropriate in this case. Second, Heartland's representations to date indicate that Heartland has produced all responsive documents and that the "smoking gun" [DE 107 at 6] Forest River seeks does not exist.

Third, the Surreply itself was not dispositive to the Magistrate Judge's decision to deny Forest River's Motion to Compel. In denying that motion, the Magistrate Judge weighed the totality of the evidence Heartland presented after conducting a thorough investigation against the unsubstantiated conspiracy theories proffered by Forest River, and declined to compel the production of nonexistent documents. The Surreply merely reiterated representations previously made to the Court and disclosed the results of a manual search Forest River had notice was underway. Even if this Court were to strike Heartland's Surreply, the remaining record would clearly detail Heartland's repeated representations that the documents sought do not exist–achieving the same result as that reached by the Magistrate Judge.

As a result, while the Magistrate Judge did contravene local procedure by prematurely granting Heartland's Motion for Leave to File Surreply, this error resulted in no prejudice to Forest River. No argument by Forest River would have justified excluding an innocuous update on the results of a manual search that Forest River knew was being conducted for its benefit. Moreover, the Magistrate Judge's decision to deny Forest River's Motion to Compel was justified based on Heartland's other representations, even if the Surreply had been excluded.

## **Conclusion**

In agreement with Forest River, given Heartland's representations, now "the issue can be closed for purposes of discovery, and the parties can move on to what the lack of documentation about the 14 patents means . . . ." [DE 117 at 4]. This Court declines to impose upon a future unselected jury whatever inferences, if any, it should draw from these representations at this time.

Any and all discovery, including any extensions of time as to the same, must be completed as ordered by the Magistrate Judge. This case will soon enter its third year, and discovery is still ongoing. It is time to move the case forward on the only remaining claims: the counterclaims for trademark infringement, criminal deception, and conduct warranting an award of attorney's fees.

This Court hereby finds that the Magistrate Judge's denial of Forest River's Motion to Compel was not a "clear error" or "contrary to law." This Court is convinced that Magistrate Judge Nuechterlein's Order of March 22, 2010 [DE 107] should be, and hereby is, **ADOPTED** in its entirety. Accordingly, Forest River's Motion for Review is **DENIED**.

SO ORDERED.

ENTERED:  August 5, 2010 

/s/ JON E. DEGUILIO
Judge
United States District Court