UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff/Counter-Defendant, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 3:08-CV-490-JD-CAN |
|  | ) |  |
| FOREST RIVER, INC., | ) |  |
|  | ) |  |
| Defendant/Counter-Claimant. | ) |  |

**OPINION AND ORDER**

The only claims remaining in this case for independent adjudication are counterclaims asserted by the Defendant/Counter-Claimant Forest River, Inc. (hereinafter "Forest River") against the Plaintiff/Counter-Defendant Heartland Recreational Vehicles, LLC (hereinafter "Heartland") [*see* DE 115 at 1]. Specifically, the pending counterclaims allege trademark infringement, criminal deception, and conduct warranting an award of attorney's fees under 35 U.S.C. § 285.[1] *Id*.

Now before the Court is Forest River's timely filed[2] Motion for Review of the Magistrate's Decision [DE 169].

**Relevant Background**

On December 8, 2010, Forest River filed a Motion for Sanctions [DE 144], a Motion to Compel Discovery [DE 145], and a Notice [DE 146] that Forest River was unable to timely file a response in opposition to Heartland's Motion for Summary Judgment [DE 130] because

---

[1]On April 29, 2010, the Court dismissed the Defendant's counterclaims alleging invalidity, non-infringement, and unenforceability of United States Patent No. 7,278,650 [DE 115].

[2]*See* Fed. R. Civ. P. 5(b)(2)(E) and 6(d); N.D. Ind. R. 5.2 and 7.1(a).

Heartland had yet to provide needed discovery.[3] On January 25, 2011, the Magistrate Judge granted in part Forest River's request for sanctions [DE 165], finding that after considering the Motion, the Response, and the Reply, it was proper to grant the Motion for Sanctions because it was timely filed (even though filed two months after the close of discovery, because the matter was first brought to the Court's attention as a Motion to Compel [DE 96], which was granted on March 31, 2010 [DE 112][4]), and because the Court was uncertain as to the adequacy of Heartland's compliance with the Court's March 31, 2010 order. The Magistrate Judge delayed any response to any dispositive motion as it related to damages until thirty days following the results of the data recovery expert search [DE 165].

Relative to the Motion to Compel Discovery [DE 145], Forest River sought to compel the deposition of a witness prepared to testify about Heartland's sale of products as a result of obtaining the list of Forest River dealers who were planning to attend the private Forest River trade show in October 2008 (repeatedly referred to as the "Master List" throughout the course of this litigation), including the revenues received from such sales, the actual costs of producing those products, and the marginal profits obtained by Heartland from such sales. Forest River

---

[3]Heartland's Motion for Summary Judgment [DE 130] still pends almost a year later with a response due by September 21, 2011 [DE 179].

[4]In concluding, the Magistrate Judge ordered that:
> Heartland must produce responsive documents for the time period requested by Forest River and must produce actual business records, rather than mere discovery summaries. In this regard, Heartland can not screen its responses to include only those sales that Heartland believes were proximately caused by its actions at Forest River's trade show, but must produce records of all new sales to new RV dealers and vendors. In addition, Heartland must search its files and computer drives for any communications, both internal to the company and external with new dealers, relating to the new sales occurring within the time period. Heartland is not required to disclose its General Ledger and may provide redacted copies of its document disclosures, but those redactions remain subject to future review by this Court and will be reviewed carefully according to the conclusions of this order.

[DE 112 at 7].

stated that although it had deposed Dennis Donat, CFO for Heartland, Mr. Donat professed to having no knowledge of any such gain and admitted that he had done nothing to discover the information. *Id*. Forest River noted that resolution of this issue affected its ability to substantively respond to Heartland's summary judgment motion [DE 145, 146].

Heartland filed a Response [DE 151], arguing that Forest River's request should be denied because: (1) it was untimely since it was filed after the discovery period closed on or about October 15, 2010; (2) Heartland had already provided Forest River with detailed information about every sale it made during the relevant time period (August 22 through December 2, 2008); and (3) Mr. Donat, while prepared to testify, will not admit that any sales were proximately caused by Heartland's alleged wrongful conduct [DE 151].

Forest River filed a Reply under seal [DE 162]. In its Reply, Forest River explained: (1) that its motion was timely based on its diligently pursuing the evidence, but that Heartland delayed in its document production even after the Court's March 31 order, that Heartland did not permit Mr. Donat's first deposition to be taken until September 24, 2010, and that Heartland refused to participate in a legitimate Rule 37 conference from September 28 until November 8, 2010 (after discovery closed and after the motions for summary judgment were filed); (2) that Forest River did not have all of the information it needed because Heartland had yet to disclose all records concerning Heartland's sales, including cancelled sales orders, purchase orders, and, prospect call logs; and (3) that Mr. Donat was not prepared to testify as to all sales resulting from Heartland's obtaining the Master List, including sales from the fax flyers, sales from the pre-show phone calls, sales from the meetings during Forest River's private show, and sales from follow-ups, etc., which were within the scope of the notice of deposition [DE 162].

On January 19, 2011, the Magistrate Judge denied Forest River's Motion to Compel Discovery, finding that: (1) the motion was "untimely" because "Forest River offers no excuse for late filing" of the motion [DE 164 at 3]; (2) on the merits, "Forest River fails to persuade the Court of the necessity of a second deposition" because "it is difficult for this Court to see how the information provided by Heartland does not serve that purpose [for Forest River to discover the extent of its damages]" [DE 164 at 3-4]; and (3) on the merits, "a second deposition will not yield any information that has not already been discovered to Forest River" [DE 164 at 4]. In rendering the decision, the Magistrate Judge indicated that it considered Forest River's Motion and Heartland's Response [DE 164 at 1]; however, no reference was made to Forest River's Reply.

Forest River filed a Motion for Review of the January 19 decision [DE 169], in light of the oversight. Heartland has responded [DE 171] and Forest River has replied [DE 172], making the Motion for Review ripe for ruling.

**Standard of Review**

When reviewing a magistrate judge's order on a nondispositive matter, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Weeks v. Samsung Heavy Indust. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "The district court reviews the magistrate's factual determinations under the 'clear error' standard, and the legal determinations under the 'contrary to law' standard." *Lafayette Life Ins. Co. v. City of Menasha*, No. 4:09-cv-64, 2010 WL 1138973, at *1 (N.D. Ind. Mar. 17, 2010), *reversed on other grounds*. "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing

4

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)); *see also United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Weeks*, 126 F.3d at 943. This standard does not permit a reviewing court to reverse a decision simply because it would have come to a different conclusion. *Anderson*, 470 U.S. at 573; *Pinkston*, 440 F.3d at 888. An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package Sys., Inc.*, No. 3:05-MD-527, 2009 WL 5217341, at *3 (N.D. Ind. Dec. 28, 2009) (citing *In re Comverse Tech., Inc.*, No. 06-CV-1825, 2007 WL 680779, at *2 (E.D.N.Y. Mar. 2, 2007)).

As the Magistrate Judge noted, under Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The person seeking the order must show that it is entitled to the discovery because the information sought is relevant and not privileged. Fed. R. Civ. P. 26(b)(1). The district court exercises broad discretion in determining whether to compel discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

**Discussion**

In the Motion for Review now before this Court, Forest River challenges whether it was error to rule on the Motion to Compel Discovery without considering Forest River's Reply brief which was timely filed.

Heartland defends the decision to deny the Motion to Compel Discovery on essentially

5

the same basis that it did when the request was first made [DE 171].  In other words, Heartland again asserts that it was proper to deny Forest River's request for a further deposition, because Forest River's request came after discovery closed, Heartland has already provided the necessary information, and the information sought was outside of the scope of the deposition notice. *Id*.  Yet, this Court cannot agree with Heartland.

As Forest River points out, the Magistrate Judge's finding that Forest River offered "no excuse" for its late filing, is different than Heartland's argument that Forest River's excuses are unconvincing, and suggests that the Reply brief may have been inadvertently overlooked.  Furthermore, Heartland's responding arguments were the basis for the Magistrate Judge's order, that Heartland had already provided the precise information needed.  Yet, in its Reply brief, Forest River countered Heartland's arguments, and the ruling did not indicate why the disclosure of the additional items specified in Forest River's Reply brief was unnecessary or would otherwise not yield new information relevant to Heartland's sale of products and revenues generated as a result of Heartland's obtaining Forest River's Master List, as provided for in the deposition notice.  In fact, Forest River represents that the requested information supplements its efforts to offset the Heartland document production deficiencies found by the Magistrate Judge on November 2, 2010 [DE 133], which is similar to the reasoning relied on to find [DE 165] that the Motion for Sanctions [DE 144] was timely filed.

As a result, while the Magistrate Judge's opinion was properly issued subsequent to the filing of Forest River's Reply brief, it is unclear whether the Reply was considered in the ruling.  That the Reply may have been overlooked is not surprising given the fact that the Reply was filed under seal and given the parties' ceaseless battles over discovery issues ultimately leading

6

the Magistrate Judge to meet with the parties regularly to keep this case, and the various other cases, moving forward. However, whether employing the clear error standard to the factual determinations made without consideration of the facts alleged in the Reply brief, or employing the contrary to law standard for misapplying a rule of procedure, the result is the same in that the undersigned cannot fully assess the correctness of the Magistrate Judge's ruling without an analysis of Forest River's Reply brief included. As a result, Forest River's Motion For Review is SUSTAINED IN PART [DE 169], insofar as the Court REMANDS this issue to the Magistrate Judge for elaboration on the reasons for his ruling on Forest River's Motion to Compel in light of the arguments and evidence presented in Forest River's Reply.

SO ORDERED.

ENTERED:  September 26, 2011  

/s/ JON E. DEGUILIO
Judge
United States District Court